UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOUTH SHORE SAVINGS BANK, SUCCESSOR-BY-MERGER TO SOUTH WEYMOUTH SAVINGS BANK, <br><br> Plaintiff, <br><br> v. <br><br> JOEL K. LOGAN, INDIVIDUALLY AND AS TRUSTEE OF CRESTVIEW MANAGEMENT TRUST; MARY ELLEN LOGAN, INDIVIDUALLY AND AS TRUSTEE OF CRESTVIEW MANAGEMENT TRUST; MASSACHUSETTS DEPARTMENT OF REVENUE, J. GLAB, LLC AS ASSIGNEE OF KING DAVID TRUST; CIRELLI FOODS, INC.; INTERNAL REVENUE SERVICE; JONATHAN BASHEIN AS ASSIGNEE OF NIXON PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.; THOMAS F. REILLY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS; THE COMMONWEALTH OF MASSACHUSETTS BY ITS DEPARTMENT OF PUBLIC HEALTH; HEALTHCARE CAPITAL RESOURCES, INC., AND HCFP FUNDING, INC., SUCCESSOR-IN-INTEREST TO HEALTH PARTNERS FUNDING, L.P., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 05-11754RGS |

**MEMORANDUM OF LAW IN SUPPORT OF J GLAB LLC'S
MOTION FOR SUMMARY JUDGMENT**

## I. Introduction

The instant action involves a Complaint for Interpleader brought by Plaintiff South Shore Savings Bank (the "Bank"), a foreclosing mortgagee, which holds surplus proceeds resulting from a foreclosure sale. As Defendant J Glab LLC is the junior lienholder next in priority and is owed an amount greater than the available surplus proceeds, it now seeks an award of summary judgment declaring that it is entitled to any and all surplus funds.[1]

## II. Factual Background[2]

1.    John Glab is an individual residing at 8 Abington Avenue, Holbrook, Massachusetts 02343, and the sole Manager of J Glab LLC. J Glab LLC has two members: John Glab and Arthur Simons. Affidavit of John Glab ("Glab Aff."), ¶ 1.

2.    Prior to the foreclosure sale conducted by Plaintiff, title to the property located at 86 Greenleaf Street, Quincy, Massachusetts (the "Property") was held by Joel K. Logan, Trustee of Crestview Management Trust, u/d/t recorded 2/28/1985 in the Norfolk County Registry of Deeds in Book 6610, Page 363, via deed recorded February 28, 1985, in Book 6610, Page 371. Glab Aff., ¶ 2 and Exhibit "A."

3.    J Glab LLC is the present holder of an execution (the "Execution") in the amount of $1,089,068.31 recorded against the Property on December 23, 2003 in the Norfolk County Registry of Deeds at Book 20356, Page 267. Glab Aff., ¶ 3 and Exhibit "B."

4.    The Execution issued in a matter entitled *Michael Hunter, as Trustee of King David Trust v. Florence E. Logan, et al.*, Norfolk Superior Court, Civil Action No. NOCV2003-00300 (the "King David Action"), against various defendants, including Joel Logan, Mary

---

[1] Since J Glab LLC has not yet been provided a formal accounting or all supporting documentation by the Bank, it seeks an order that it is entitled to all surplus proceeds, but reserves its rights to contest what that amount should be.
[2] The following facts are taken from the Affidavit of John Glab and exhibits attached thereto that was submitted herewith. The same factual statements also appear in Defendant J Glab LLC's Concise Statement of Undisputed Material Facts Required by Local Rule 56.1 also submitted herewith.

Logan, and Joel K. Logan in his capacity as Trustee of Crestview Management Trust. Glab Aff.,

¶ 3 and Exhibit "B."

5.      Neither Arthur Simons nor John Glab is related, directly or indirectly, to any of

the defendants in the King David Action. Glab Aff., ¶ 3.

6.      The priority established by the Execution relates back to the attachment made on

March 17, 2003. *See* Glab Aff., ¶ 3 and Exhibit "B."

7.      J Glab LLC is the present holder of the Execution by virtue of an Assignment of

Claim recorded in the Norfolk County Registry of Deeds at Book 21527, Page 121, and an

Assignment of Claim recorded in the Norfolk County Registry of Deeds at Book 21570, Page

281. *See* Glab Aff., ¶ 4 and Exhibit "C."

8.      Since J Glab LLC acquired the Execution, it has recovered the following sums

that would off-set any amounts due under the Execution:

   a.   The action entitled *Ora Mae Torres, et al. v. 78 Commercial Street LLC, et al.*,
        Norfolk Superior Court, Civil Action No. 2004-00951 was an interpleader action
        relating to surplus foreclosure proceeds from the foreclosure sale of 78
        Commercial Street, Braintree, MA. By virtue of a lien in the King David Action,
        J Glab LLC recovered the sum of $19,099.42 on February 22, 2005.

   b.   The action entitled *Braintree Healthcare Real Estate Limited Partnership v.
        Michael Hunter, Trustee of King David Trust, et al.*, Land Court, Civil Action No.
        298726 challenged an attachment (and subsequent levy of execution on that
        attachment) from the King David Action on property known as 95 Commercial
        Street, Braintree, MA. The property was previously owned by Elihu White LLC
        against whom the attachment and levy stood. J Glab LLC recovered the sum of
        $24,000 on November 24, 2004.

   c.   On December 16, 2004, J Glab LLC conducted a sheriff's sale of Joel Logan's
        interest in both 9 and 15 Thompson Road, Braintree, MA based upon another
        execution it held in the action entitled *Michael Hunter, as Trustee of King David
        Trust v. New England Healthcare Development Corporation, et al.,* Norfolk
        Superior Court (Massachusetts), Civil Action No. NOCV2001-00141 ("First King
        David Action"). J Glab LLC had the winning bid of $10,000.

Glab Aff., ¶ 5.

- 3 -

9.      At the present time, the outstanding amount of the Execution is in excess of
$1,089,068.31 as the credits against the Execution are less than the interest owed. Glab Aff., ¶ 5.

10.     Prior to the priority established by the Execution, there appeared two mortgages
in the chain of title to the Property and various documents relating thereto. Glab Aff., ¶ 6.

11.     The first was a Mortgage and Security Agreement dated November 3, 1992
securing payment of a note in the original principal amount of $605,000 granted by Joel K.
Logan, Trustee of Crestview Management Trust, to Weymouth Savings Bank (which has since
merged with South Shore Savings Bank (the "Bank")), recorded in Book 9592, Page 403, as
affected by a Modification Agreement and Amendment to Mortgage dated as of June 24, 1998,
recorded in Book 12606, Page 499 (collectively, the "First Mortgage"). Glab Aff., ¶ 7 and
Exhibit "D."

12.     In connection with the First Mortgage, there also existed an Assignment of Rents
and Other Rights dated November 3, 1992 granted by Joel K. Logan, Trustee of Crestview
Management Trust, to Weymouth Savings Bank (which has since merged with the Bank),
recorded in Book 9592, Page 418. Glab Aff., ¶ 7 and Exhibit "D."

13.     Also in connection with the First Mortgage, there existed a UCC-1 Financing
Statement between Joel K. Logan, Trustee of Crestview Management Trust, as Debtor and South
Shore Savings Bank, as Secured Party, recorded June 25, 1998 in Book 12606, Page 501. Glab
Aff., ¶ 9 and Exhibit "F."

14.     The second mortgage was a Mortgage dated September 23, 1988 securing
payment of a note granted by Joel K. Logan, Trustee of Crestview Management Trust, to US
Trust, recorded in Book 8109, Page 278 (the "Second Mortgage"), which was subordinated to

- 4 -

the First Mortgage by virtue of a Subordination Agreement dated November 3, 1992, recorded in Book 9592, Page 402. Glab Aff., ¶ 10 and Exhibit "G."

15. In connection with the Second Mortgage, there exists a Conditional Assignment of Leases and Rents dated September 23, 1988 granted by Joel K. Logan, Trustee of Crestview Management Trust to US Trust, recorded in Book 8109, Page 281, as affected by the Subordination Agreement dated November 3, 1992, recorded in Book 9592, Page 402, as affected by an Amendment to Conditional Assignment of Leases and Rents dated November 28, 1994, recorded in Book 10741, Page 546, and as further affected by an Amendment to Collateral or Conditional Assignment of Lease and Rents dated September 26, 1997, recorded in Book 12037, Page 210. Glab Aff., ¶ 11 and Exhibit "H."

16. On or about March 10, 2005, the Bank sought to enforce its rights under the First Mortgage and conducted a foreclosure sale of the Property (the "Foreclosure"). Complaint; Glab Aff., ¶ 12.

17. The Bank alleges that the Property was sold at the Foreclosure for the total amount of $995,000.00. Complaint; Glab Aff., ¶ 12.

18. On or about March 28, 2005, Citizens Bank of Massachusetts, as successor by merger to USTrust, holder of the Second Mortgage, discharged the Second Mortgage by recording a Discharge of Mortgage in Book 22218, Page 414. Glab Aff., ¶ 13 and Exhibit "I."

19. By virtue of the Foreclosure of the First Mortgage and discharge of the Second Mortgage, J Glab LLC is the junior lienholder next in line to receive any surplus proceeds from the Foreclosure. Glab Aff., ¶ 14.

20.    As J Glab LLC is currently owed in excess of $1,089,068.31, and the total proceeds from the Foreclosure prior to satisfaction of the First Mortgage were $995,000, J Glab LLC is entitled to receive all surplus proceeds arising from the Foreclosure. Glab Aff., ¶ 14.

21.    The Bank also named Cirelli Foods, Inc. as a defendant in this matter. Complaint; Glab Aff., ¶ 15.

22.    Cirelli Foods, Inc. appears to have had a real estate attachment against N.E. Health Ltd. Partnership, Mark S. Logan, and Joel K. Logan. Glab Aff., ¶ 15 and Exhibit "J."

23.    Although the real estate attachment does not appear to affect the Property, it was discharged by virtue of a Discharge of Real Estate Attachment recorded in the Norfolk County Registry of Deeds in Book 21982, Page 443. Glab Aff., ¶ 15 and Exhibit "J."

24.    At the present time, J Glab LLC is not aware of any other assets of Crestview Management Trust.

## III. Standard of Law

Summary judgment shall be granted where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cassesso v. Commissioner of Correction*, 390 Mass. 419, 422 (1983); *Community Nat'l Bank v. Dawes*, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating both the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. *Pederson v. Time, Inc.*, 404 Mass. 14, 16-17 (1989). If the moving party demonstrates that there is no triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. *Id.* The nonmoving party "cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary

judgment." *LaLonde v. Eissner*, 405 Mass. 207, 209 (1989), citing *Community Nat'l Bank*, 369 Mass. at 554.

## IV. Argument

In accordance with Massachusetts General Laws, chapter 183, section 27, surplus funds following a foreclosure sale are to be distributed to the mortgagor, or his heirs, successors or assigns. Junior lien holders are considered to be successors or assignees of the mortgagor for purposes of this statute. *See First Colonial Bank for Savings v. Bergeron*, 38 Mass. App. Ct. 136, 138 (1995). "Under Massachusetts law, the surplus proceeds of a foreclosure sale by a first mortgagee pass by equitable lien to junior lienors." *Id.*

As set forth above, J Glab LLC is the present holder of an Execution against the Property. The Execution was recorded on December 23, 2003 and was junior to two mortgages.[3] As the First Mortgage was foreclosed and the Second Mortgage was discharged, J Glab LLC is next in line to be satisfied out of any surplus foreclosure proceeds.

The Bank received $995,000 as a result of the Foreclosure out of which it was to satisfy the outstanding amount due under the First Mortgage. Regardless of the amount due under the First Mortgage, the surplus foreclosure proceeds will be less than the amount owed to J Glab LLC under the Execution, which is currently in excess of $1,089,068.31. As such, J Glab LLC is entitled to recover any and all surplus proceeds. Accordingly, J Glab LLC seeks an award of summary judgment in its favor declaring that it is entitled to all surplus foreclosure proceeds.

## V. Conclusion

Based upon the foregoing, the Court should enter summary judgment in favor of J Glab LLC, declare that it is entitled to any and all surplus proceeds from the foreclosure sale, and

---

[3] Although the priority date of the Execution relates back to March 17, 2003, when the initial attachment was made, such an argument is unnecessary as there were no intervening liens. *See* Glab Aff., ¶ 3 and Exhibit "B."

further declare that the other defendants and any other individuals and/or entities who have failed

to enter an appearance in this action who later claim an interest in the surplus proceeds be

permanently enjoined from instituting any action against J Glab LLC relating to the surplus

proceeds.

J GLAB LLC,
By its attorneys,

Jason A. Manekas, Esquire, BBO No. 632073
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300

Dated: August **3\**, 2005
#318025 v2/36503/66

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above
document was served upon (each party appearing
pro se and) the attorney of record for each other party
by mail (by hand) 8/31/05