UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SOUTH SHORE SAVINGS BANK, Successor | ) | |
| By Merger to South Weymouth Savings Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOEL K. LOGAN, Individually and as Trustee | ) | |
| of Crestview Management Trust; | ) | CIVIL ACTION |
| MARY ELLEN LOGAN, Individually and as | ) | NO. 05-117564-RGS |
| Trustee of Crestview Management Trust; | ) | |
| MASSACHUSETTS DEPARTMENT OF REVENUE; ) | | |
| J. GLABB, LLC as Assignee of King David Trust; | ) | |
| CIRELLI FOODS, INC.; | ) | |
| INTERNAL REVENUE SERVICE; | ) | |
| JONATHAN BASHEIN as Assignee of | ) | |
| Nixon Peabody, LLP; | ) | |
| ROBERT J. GRIFFIN, ESQ.; | ) | |
| THOMAS F. REILLY, Attorney General | ) | |
| Of The Commonwealth of Massachusetts; | ) | |
| THE COMMONWEALTH OF MASSACHUSETTS | ) | |
| BY ITS DEPARTMENT OF PUBLIC HEALTH; | ) | |
| HEALTHCARE CAPITAL RESOURCES, INC.; | ) | |
| and HCFP FUNDING, INC., Successor in Interest | ) | |
| To Health Partners Funding, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on this day the original certified or attested to

copies of the state court pleadings received from the Clerk/Magistrate of the Norfolk

Superior Court, were filed with the United States District Court.

MICHAEL J. SULLIVAN,
UNITED STATES ATTORNEY

BY: *Barbara Healy Smith*
Barbara Healy Smith
Assistant U. S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 9200
Boston, MA   02210
(617) 748-3282

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney of
record for each other party by mail on
September 1, 2005

*Barbara H Smith*
Assistant U.S. Attorney

ASXP-20050621
amercy

**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

08/25/2005
12:59 PM



# NOCV2005-00868
## South Shore Savings Bank v Logan individually et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 05/16/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 08/25/2005 | **Session** | D - Non Jury-CtRm 8 | | | |
| **Origin** | 1 | **Case Type** | D99 - Misc equitable remedy | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/14/2005 | **Answer** | 10/13/2005 | **Rule12/19/20** | 10/13/2005 |
| **Rule 15** | 10/13/2005 | **Discovery** | 03/12/2006 | **Rule 56** | 04/11/2006 |
| **Final PTC** | 05/11/2006 | **Disposition** | 07/10/2006 | **Jury Trial** | No |

---

### PARTIES

**Plaintiff**
  South Shore Savings Bank
Successor by Merger to South Weymouth Savings
Bank
Active 05/16/2005

**Private Counsel 054740**
Jonathan Braverman
Baker Braverman & Barbadoro
50 Braintree Hill Park Suite 108
Braintree, MA 02184-8724
Phone: 781-848-9610
Fax: 781-848-9790
Active 05/16/2005 Notify

**Defendant**
Joel K  Logan individually
1035 Main St
Norwell, MA 02061
Served: 05/19/2005
Answered: 06/09/2005
Answered 06/09/2005 Notify

**Defendant**
Joel K  Logan Trustee
1035 Main St
Norwell, MA 02061
Served: 05/19/2005
Answered: 06/09/2005
Answered 06/09/2005 Notify

**Defendant**
Mary Ellen  Logan individually
1035 Main St
Norwell, MA 02061
Served: 05/19/2005
Answered: 06/09/2005
Answered 06/09/2005 Notify

COMMONWEALTH OF MASSACHUSETTS

NORFOLK,SS.                          SUPERIOR COURT DEPARTMENT
                                    CIVIL ACTION NO.

                                                05  C0269

SOUTH SHORE SAVINGS BANK,                       )
SUCCESSOR-BY-MERGER TO                          )
SOUTH WEYMOUTH SAVINGS BANK,                    )
                                                )
            Plaintiff                           )
v.                                              )
                                                )
JOEL K. LOGAN, INDIVIDUALLY AND                 )
AS TRUSTEE OF CRESTVIEW MANAGEMENT              )
TRUST; MARY ELLEN LOGAN, INDIVIDUALLY           )
AND AS TRUSTEE OF CRESTVIEW MANAGEMENT          )
TRUST; MASSACHUSETTS DEPARTMENT OF              )
REVENUE; J. GLABB, LLC AS ASSIGNEE OF           )
KING DAVID TRUST; CIRELLI FOODS, INC.;          )
INTERNAL REVENUE SERVICE; JONATHAN BASHEIN      )
AS ASSIGNEE OF NIXON PEABODY, LLP;              )
ROBERT J. GRIFFIN, ESQ.; THOMAS F. REILLY,      )
ATTORNEY GENERAL OF THE COMMONWEALTH            )
OF MASSACHUSETTS; THE COMMONWEALTH OF           )
MASSACHUSETTS BY ITS DEPARTMENT OF PUBLIC       )
HEALTH; HEALTHCARE CAPITAL RESOURCES, INC.,     )
AND HCFP FUNDING, INC., SUCCESSOR-IN-INTEREST   )
TO HEALTH PARTNERS FUNDING, L.P.,               )
                                                )
            Defendants.                         )
                                                )

## MORTGAGEE'S COMPLAINT FOR INTERPLEADER

Parties

1.    Plaintiff, South Shore Savings Bank, successor-by-merger to South Weymouth

      Savings Bank, is a Massachusetts corporation with a usual place of business at

      1530 Main Street, South Weymouth, Massachusetts.

2.    Defendant, Joel K. Logan is an individual with a residential address of
      1035 Main Street, Norwell, Massachusetts.

3.    Defendant, Joel K. Logan is Trustee of the Crestview Management Trust under
      declaration of trust dated February 28, 1985 and recorded at the Norfolk County
      Registry of Deeds in Book 6610 at Page 363.

4.    Defendant, Mary Ellen Logan is an individual with a residential address of 1035
      Main Street, Norwell, Massachusetts.

5.    Defendant, Mary Ellen Logan is Trustee of Crestview Management Trust under
      declaration of trust dated February 28, 1985 and recorded at the Norfolk County
      Registry of Deeds in Book 6610 at Page 363.

6.    Defendant, Massachusetts Department of Revenue is an agency of the
      Commonwealth of Massachusetts with a usual place of business in Boston,
      Massachusetts.

7.    Defendant, J. Glabb, LLC is the Assignee of King David Trust with a usual place
      of business in Holbrook, Massachusetts.

8.    Defendant, Cirelli Foods is a Massachusetts corporation with a usual place of
      business in Middleboro, Massachusetts.

9.    Defendant, the Internal Revenue Service is a governmental agency with a usual
      place of business in Andover, Massachusetts.

10.   Defendant, Jonathan Bashein is the assignee of a mortgage held by Nixon
      Peabody, LLP with a usual place of business in Boston, Massachusetts.

11.   Defendant, Robert J. Griffin, Esq. is a receiver with a principal place of business
      in Boston, Massachusetts.

2

12. Defendant, Thomas F. Reilly is the Attorney General for the Commonwealth of Massachusetts with a principal place of business in Boston, Massachusetts.

13. Defendant, the Commonwealth of Massachusetts by its Department of Public Health is a government agency with a usual place of business in Boston, Massachusetts.

14. Defendant, HealthCare Capital Resources, Inc. is a Massachusetts Corporation with a usual place of business in Weston, Massachusetts.

15. Defendant, HCFP Funding, Inc., successor-in-interest to Health Partners Funding, L.P. is a Delaware corporation with a usual place of business in Michigan.

## Facts

16. Plaintiff was the holder of a mortgage encumbering the property located at 86 Greenleaf Street, Quincy, Massachusetts by virtue of and execution of same by Joel K. Logan, Individually and as Trustee of Crestview Management Trust and Mary Ellen Logan, Individually and as Trustee of Crestview Management Trust to South Shore Savings Bank, successor-by-merger to South Weymouth Savings Bank. Said mortgage is dated November 3, 1992 and recorded with the Norfolk County Registry of Deeds in Book 9592 at Page 403, as amended by modification agreement and amendment to mortgage recorded at said Registry in Book 12606 Page 499. (A true and accurate copy of said mortgage is attached hereto and incorporated herein as Exhibit "1".)

17. On or about March 10, 2005, Plaintiff foreclosed on said mortgage on the aforementioned real estate by exercising the Power of sale contained therein. The proceeds from the foreclosure sale totaled $995,000.00.

3

18. After crediting itself with all proper charges, expenses of foreclosure and payments of the balance due of the Mortgagors, Plaintiff now holds in its possession surplus in the amount of $548,254.00 and has no personal interest in said funds.

19. By reason of conflicting claims and interests of the Defendants named herein, Plaintiff is in doubt as to which of said Defendants are entitled to said foreclosure surplus proceeds and in what amounts.

Wherefore, Plaintiff, South Shore Savings Bank, successor-by-merger to South Weymouth Savings Bank respectfully requests that this Honorable Court enter relief as follows:

(1) that the Plaintiff be authorized and directed to pay into the Court the sum of $548,254.00 less its reasonable attorneys' fees, expenses and costs incurred in bringing this Interpleader Complaint;

(2) that the Defendants each be temporarily and permanently restrained and enjoined from instituting or prosecuting further action or proceeding against Plaintiff in any court regarding said foreclosure surplus;

(3) that the Defendants be ordered to interplead and litigate among themselves their rights or claims to said foreclosure surplus deposited into the Court;

(4) that a Judgment be entered discharging Plaintiff from all liability to anyone in the count of said foreclosure surplus proceeds as deposited into the Court;

(5)     that the Plaintiff be awarded its costs and reasonable attorneys' fees in

        bringing this Interpleader action and deduct same from the foreclosure

        proceeds; and

(6)     that this Court grant such further relief as it deems just and appropriate.

                              Respectfully submitted,
                              South Shore Savings Bank,
                              Successor-by-merger to South Weymouth
                              Savings Bank.
                              Plaintiff,
                              By its attorneys,

                              JONATHAN BRAVERMAN, ESQ.
                              BBO # 054740
                              LISA BOND, ESQ.
                              BBO # 654266
                              Baker, Braverman & Barbadoro, P.C.
                              50 Braintree Hill Park, Suite 108
                              Braintree, MA   02184
Date: 5/13/05                 (781) 848-9610

A TRUE COPY

8/25/05

5

# EXHIBIT "1"

9592

7   **132636**   3/   403

## MORTGAGE AND SECURITY AGREEMENT

KNOW ALL MEN that JOEL K. LOGAN, Trustee of Crestview Management Trust u/d/t dated February 28, 1985 and recorded with Norfolk Deeds Book 6610, Page 363 and JOEL K. LOGAN and MARY ELLEN LOGAN of Norwell, Plymouth County, Massachusetts hereby grants unto South Weymouth Savings Bank (the "Mortgagee"), a Massachusetts banking corporation having its principal place of business at 88 Pleasant Street, S. Weymouth, Norfolk County, Massachusetts, with Mortgage Covenants to secure payment of SIX HUNDRED AND FIVE THOUSAND ($605,000.00) DOLLARS, with interest and any other charges thereon, payable as provided in a certain note of even date, together with all amendments, extensions and renewals now or hereafter made thereto (the "note"), and also to secure the performance of all covenants and agreements herein contained, the land at 86 Greenleaf Street, Quincy, Norfolk County, Massachusetts and 1035 Main Street, Norwell, Plymouth County, Massachusetts together with any improvements now or hereafter situated thereon, all as described in Exhibit "A" annexed hereto prior to the execution hereof and incorporated herein by reference as if fully set out herein.

Also all of the articles, fixtures and equipment owned by the Mortgagor and now or hereafter situate on above-described premises or used therewith, or which now or hereafter are made a part of the realty, together with all rents, issues, profits, insurance contracts and proceeds and taking awards or rights with respect thereto existing or hereafter arising.

The above-described realty, articles, fixtures, equipment, rents, issues, profits, insurance contracts and proceeds and taking awards and rights, together with any and all improvements now on such realty, or from time to time thereon, and any additions thereto or replacements thereof, construction materials owned by the Mortgagor whether or not incorporated into the premises, permits, plans, and construction contract rights are herein collectively referred to as the "Property".

The Mortgagor covenants and agrees that, as of the execution hereof and upon the subsequent acquisition of any Property which is subject to the Uniform Commercial Code ("Personal Property"), the Mortgagor shall:

(a) provide the holder with a precise inventory of the same, as and when acquired;

(b) execute and deliver to the holder, in form appropriate for recording and filing first security agreement and financing statements on all Personal Property;

9592

414

EXECUTED as a sealed instrument this 3rd of November, 1992.

_____
Joel K. Logan, Trustee of
Crestview Management Trust

_____
Joel K. Logan

_Mary Ellen Logan_
_____
Mary Ellen Logan

COMMONWEALTH OF MASSACHUSETTS

Norfolk County, ss:                    November 3 1992

Then personally appeared Joel K. Logan, Trustee, as aforesaid and individually and Mary Ellen Logan and acknowledged the foregoing instrument to be his free act and deed before me,

_____
Notary Public

WILLIAM J. McNULTY, JR.
Notary Public
My Commission Expires May 2, 1997

14

9592

415

EXHIBIT "A"

Parcel One

A certain parcel of land with the buildings thereon situated
in Quincy, Norfolk County, Massachusetts bounded and
described as follows:

| | |
|---|---|
| SOUTHERLY | on Greenleaf Street, 130 feet; |
| EASTERLY | on land now or formerly of Southworth, 145 feet; |
| NORTHERLY | on land now or formerly of Henry T. Gallagher et ux, 60 feet; |
| WESTERLY | on land now or formerly of said Gallagher 5 feet; and again |
| NORTHERLY | on land now or formerly of said Gallagher 70 feet; and again |
| WESTERLY | on Putnam Street, 140 feet. |

Containing 18,500 square feet of land by any or all of said
measurements or contents more or less.

For title see Norfolk Deeds in Book 6610, Page 371.

Address of property: 86 Greenleaf Street, Quincy, MA.

Parcel Two

A certain parcel of land in Norwell, Plymouth County,
Massachusetts together with the improvements thereon known
and numbered as Lot 3 on a Plan entitled "Plan of Land, Main
Street, Norwell, Massachusetts, Prepared for Lanata Family
Trust" dated February 1, 1985, by Perkins Engineering, Inc.,
which plan is recorded with Plymouth County Registry of
Deeds in Plan Book 25, Page 656, which lot is located on the
northern side of Main Street in Norwell and which lot is
more particularly bounded and described as follows:

Beginning at a point on the northern side of Main Street
which point is the southwest corner of the premises herein
described:

Thence running by Lot 2 North 24 31' 05" West 51.14 feet;
Thence turning and running again by Lot 2 North 16 05' 17"
East 387.41 feet;
Thence turning and running again by Lot 2 North 54 14' 37"
East 106.97 feet;
Thence turning and running again by Lot 2 North 16 30' 00"
West 115.79 feet;
Thence turning and running again by Lot 2 North 35 33' 00"
East 287.91 feet;

BK12606PG499

**3**

**88956**

MODIFICATION AGREEMENT
AND
AMENDMENT TO MORTGAGE



THIS MODIFICATION AGREEMENT AND AMENDMENT TO MORTGAGE is entered into as of June 24, 1998, by and between **JOEL K. LOGAN, TRUSTEE CRESTVIEW MANAGEMENT TRUST**, under Declaration of Trust dated February 28, 1985 and recorded at the Norfolk Registry of Deeds in Book 6610, Page 363 (hereinafter referred to as "Crestview Management Trust"), and **SOUTH SHORE SAVINGS BANK**, successor by merger to South Weymouth Savings Bank (hereinafter called "Lender") a Massachusetts banking corporation having a usual place of business at 1530 Main Street, Weymouth, Massachusetts.

WHEREAS, Crestview Management Trust is the owner of the property known as 86 Greenleaf Street, Quincy, Massachusetts and as more fully described in the Deed recorded with the Norfolk Registry of Deeds at Book 6610, Page 371; and

WHEREAS, Lender is the holder of a mortgage of said premises dated November 3, 1992, as security for the payment of a note in the original principal amount of $605,000.00 and recorded with Norfolk Registry Deeds in Book 9592, Page 403; and

WHEREAS, the parties desire to modify the term of said Note and amend said Mortgage:

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby amend said Note and Mortgage as follows:

1. The term of the Mortgage shall be extended to be due and payable on or before June 24, 2008.

2. In addition to the mortgage and other security held by Lender, the note is secured by an Assignment of Leases dated June 24, 1998 and recorded at the Norfolk Registry of Deeds herewith.

3. Borrower hereby ratifies and confirms the provisions of said Mortgage and Assignment of Leases, and other documents executed and delivered incidental thereto, other than as modified herein and/or by the terms of a separate modification of note of even date herewith.

4. The parties hereto represent and agree that this modification does not change the description of the real estate as set forth in said mortgage.

Mail to:
South Shore Savings Bank
11 Front Street
Weymouth, MA 02188

BK 12606 PG 500

EXECUTED under seal this 24th day of June, 1998.

Joel K. Logan, Trustee

SOUTH SHORE SAVINGS BANK

By Peter T. Pastore, Jr.
Vice President and
Commercial Loan Officer

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                June 24, 1998

Then personally appeared the above-named Joel K. Logan,
Trustee as aforesaid and acknowledged the foregoing instrument to
be his free act and deed, before me,

Notary Public
My commission expires:


OFFICIAL SEAL
WILLIAM J. McNULTY, JR.
NOTARY PUBLIC - MASSACHUSETTS
My Comm. Expires April 30, 2004

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                June 24, 1998

Then personally appeared the above-named Peter T. Pastore,
Jr., Vice President and Commercial Loan Officer and acknowledged
the foregoing instrument to be the free act and deed of the South
Shore Savings Bank, before me,

Notary Public
My commission expires:

OFFICIAL SEAL
WILLIAM J. McNULTY, JR.
NOTARY PUBLIC - MASSACHUSETTS
My Comm. Expires April 30, 2004

79

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05  00068 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) SOUTH SHORE SAVINGS BANK, SUCCESSOR-BY-MERGER TO SOUTH WEYMOUTH SAVINGS BANK | DEFENDANT(S) JOEL K. LOGAN, ET AL. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jonathan Braverman, Baker, Braverman & Barbadoro, P.C., 50 Braintree Hill Park, Braintree, MA 02184       054740 Board of Bar Overseers number: | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)    TRACK | IS THIS A JURY CASE? |
|---|---|---|
| D99 | Interpleader               ( F ) | ( ) Yes    ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determin money damages. For this form, disregard double or treble damage claims; indicate single damages onl

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.   Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . .
2.   Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . .
3.   Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . .
4.   Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . .
5.   Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . .

Subtotal $ . . . . . . . . .

B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$. . . . . . . . .
F.  Other documented items of damages (describe)

$ . . . . . . . . .

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ . . . . . . . . .
TOTAL $ . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/25/05

TOTAL $. . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected disp resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5/13/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

3. C

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2005-00868-D

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY

5/25/05

South Shore Savings Bank..., *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

**v.**

Joel K. Logan, et al..........., *Defendant(s)*

## SUMMONS

To the above-named Defendant:   Jonathan Bashein

You are hereby summoned and required to serve upon ...Jonathan Braverman........,
plaintiff's attorney, whose address is ..50 Braintree Hill Park, # 108,.Braintree, MA 02184 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action. **BARBARA J. ROUSE, Esquire**

WITNESS, ~~SUZANNE V. DELVECCHIO, Esquire,~~ at ...Dedham.........the .....16th...........

day of ......May................., in the year of our Lord two thousand and .......2005......................

*[signature]* Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK,SS.                          SUPERIOR COURT DEPARTMENT
                                     CIVIL ACTION NO.

| | |
|---|---|
| SOUTH SHORE SAVINGS BANK,<br>SUCCESSOR-BY-MERGER TO<br>SOUTH WEYMOUTH SAVINGS BANK,<br>        Plaintiff<br><br>v.<br><br>JOEL K. LOGAN, INDIVIDUALLY AND<br>AS TRUSTEE OF CRESTVIEW MANAGEMENT<br>TRUST; MARY ELLEN LOGAN, INDIVIDUALLY<br>AND AS TRUSTEE OF CRESTVIEW MANAGEMENT<br>TRUST; MASSACHUSETTS DEPARTMENT OF<br>REVENUE; J. GLABB, LLC AS ASSIGNEE OF<br>KING DAVID TRUST; CIRELLI FOODS, INC.;<br>INTERNAL REVENUE SERVICE; JONATHAN BASHEIN<br>AS ASSIGNEE OF NIXON PEABODY, LLP;<br>ROBERT J. GRIFFIN, ESQ.; THOMAS F. REILLY,<br>ATTORNEY GENERAL OF THE COMMONWEALTH<br>OF MASSACHUSETTS; THE COMMONWEALTH OF<br>MASSACHUSETTS BY ITS DEPARTMENT OF PUBLIC<br>HEALTH; HEALTHCARE CAPITAL RESOURCES, INC.,<br>AND HCFP FUNDING, INC., SUCCESSOR-IN-INTEREST<br>TO HEALTH PARTNERS FUNDING, L.P.,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ACCEPTANCE OF SERVICE
## ON BEHALF OF THE DEFENDANT, JONATHAN BASHEIN

I, _____Sa__t S k/ ̃26_____, Esquire, Attorney for the Defendant, hereby accept

service of process of the Summons, Complaint, Civil Action Cover Sheet and Tracking Order on

behalf of Jonathan Bashein, Defendant in the above-captioned matter.

SIGNED THIS ____ ̃ ̃____ DAY OF MAY 2005.

A TRUE COPY<br>Attest: _____<br>Deputy-Assistant Clerk<br>8/25/05

SANJIT KORDE, ESQ., BBO #
JULIE A. RANIERI, ESQ., BBO #
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824-4100

## COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                          SUPERIOR COURT
                                                      DOCKET NO. NOCV2005-00868

South Shore Savings Bank, Successor-by-Merger )
to South Weymouth Savings Bank                )
                                              )
    Plaintiff                                     )
                                              )                  6/3/05
v.                                            )
                                              )                RECEIVED & FILED
Joel K. Logan, Individually and as Trustee of )               **CLERK OF THE COURTS**
Crestview Management Trust; Mary Ellen Logan  )                NORFOLK COUNTY
Individually and as Trustee of Crestview      )
Management Trust; Massachusetts Department of )
Revenue; J. Glabb, LLC as Assignee of King    )
David Trust; Cirelli Foods, Inc.; Internal Revenue )
Service; Jonathan Bashein as Assignee of Nixon )
Peabody, LLP; Robert J. Grinn, Esq.; Thomas F. )
Reilly, Attorney General of the Commonwealth of )
Massachusetts by its Department of Public Health; )
Healthcare Capital Resourses, Inc., and HCFP  )
Successor-in-Interest to Health Partners Funding, )
L.P.,                                         )
                                              )
    Defendants                                    )
_____ )

## ANSWER OF DEFENDANT JONATHAN BASHEIN, AS ASSIGNEE OF NIXON PEABODY, LLP

Defendant Jonathan Bashein as Assignee of Nixon Peabody, LLP ("Bashein")

hereby responds to the Complaint as follows:

### Parties

1.     Bashein is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph of the complaint.

2.     Bashein is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph of the complaint.

3.    Bashein is without knowledge or information sufficient to form a belief as
      to the truth of the allegations contained in this paragraph of the complaint.

4.    Bashein is without knowledge or information sufficient to form a belief as
      to the truth of the allegations contained in this paragraph of the complaint.

5.    Bashein is without knowledge or information sufficient to form a belief as
      to the truth of the allegations contained in this paragraph of the complaint.

6.    Bashein is without knowledge or information sufficient to form a belief as
      to the truth of the allegations contained in this paragraph of the complaint.

7.    Bashein is without knowledge or information sufficient to form a belief as
      to the truth of the allegations contained in this paragraph of the complaint.

8.    Bashein is without knowledge or information sufficient to form a belief as
      to the truth of the allegations contained in this paragraph of the complaint.

9.    Bashein is without knowledge or information sufficient to form a belief as
      to the truth of the allegations contained in this paragraph of the complaint.

10.   Bashein admits that he is the current holder via assignment of a mortgage
      given by Joel K. Logan and Mary Ellen Logan, as Trustees of Crestview
      Management Trust to Nixon Peabody LLP dated April 9, 2004 and
      recorded with Norfolk County Registry of Deeds in Book 20848, Page
      427. Bashein further admits that he has a place of business at 100
      Summer Street, Boston, Massachusetts.

11.   Bashein is without knowledge or information sufficient to form a belief as
      to the truth of the allegations contained in this paragraph of the complaint.

12.  Bashein is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint.

13.  Bashein is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint.

14.  Bashein is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint.

15.  Bashein is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint.

Facts

16.  Bashein states that the mortgage and modification referenced in this paragraph speak for themselves. To the extent a further response is required, Bashein denies the allegations contained herein and calls upon Plaintiff to prove same.

17.  Bashein is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint.

18.  Bashein is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint.

19.  Bashein is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint.

**AFFIRMATIVE DEFENSES**

Bashein reserves the right to plead such affirmative defenses as become known or apparent during the course of discovery and the right to amend his answer accordingly.

**WHEREFORE,** Bashein requests that the Court:

(1) Enter an Order disbursing so much of the proceeds at issue to Bashein as Bashein is entitled to;

(2) Dismiss the Case with Prejudice as to Bashein after the proceeds at issue are disbursed;

(3) Award Bashein his attorney fees and costs associated with defending this action; and

(4) Order such other relief as is just.

Defendant
**Jonathan Bashein, Assignee of Nixon Peabody, LLP,**
By its Attorney:

Sanjit S. Korde (BBO #636295)
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA 01824
Dated: June 1, 2005                              978-256-1500

## CERTIFICATE OF SERVICE

I, Sanjit S. Korde, hereby certify that on June 1, 2005, a true copy of the above document was served upon all attorneys of record in this action via United States mail.

Sanjit S. Korde

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/25/05

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.

SUPERIOR COURT
DOCKET NO. NOCV2005-00868

South Shore Savings Bank, Successor-by-Merger )
to South Weymouth Savings Bank )
)
     Plaintiff )
)
v. )
)
Joel K. Logan, Individually and as Trustee of )
Crestview Management Trust; Mary Ellen Logan )
Individually and as Trustee of Crestview )
Management Trust; Massachusetts Department of )
Revenue; J. Glabb, LLC as Assignee of King )
David Trust; Cirelli Foods, Inc.; Internal Revenue )
Service; Jonathan Bashein as Assignee of Nixon )
Peabody, LLP; Robert J. Grinn, Esq.; Thomas F. )
Reilly, Attorney General of the Commonwealth of )
Massachusetts by its Department of Public Health; )
Healthcare Capital Resourses, Inc., and HCFP )
Successor-in-Interest to Health Partners Funding, )
L.P., )
)
     Defendants )

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

### NOTICE OF APPEARANCE
### AND REQUEST FOR SERVICE OF PAPERS

     Please take notice that the undersigned appears for **Jonathan Bashein, Assignee of Nixon Peabody, LLP** and requests that all notices and/or motions or pleadings of any kind given or required to be given in this case be given to and served upon Sanjit S. Korde, Korde & Associates, 321 Billerica Road, Suite 210 Chelmsford, Massachusetts, 01824.

          Defendant
          **Jonathan Bashein, Assignee of Nixon Peabody, LLP,**
          By its Attorney:

          Sanjit S. Korde (BBO #636295)
          Korde & Associates
          321 Billerica Road, Suite 210
          Chelmsford, MA 01824

Dated: June 1, 2005
          978-256-1500

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/25/05

**CERTIFICATE OF SERVICE**

I, Sanjit S. Korde, hereby certify that on June 1, 2005, a true copy of the above document was served upon all attorneys of record in this action via United States mail.

Sanjit S. Korde



ALAN LEBOVIDGE
COMMISSIONER

KEVIN W. BROWN
GENERAL COUNSEL

*The Commonwealth of Massachusetts*
*Department of Revenue*
*Legal Division —Litigation Bureau*
*P.O. Box 9565*
*100 Cambridge Street*
*Boston, Massachusetts 02114-9565*

June 6, 2005

Լ Ι Ή /о S

Walter F. Timilty, Clerk
Norfolk Superior Court
Civil Division
Courthouse
650 High Street
Dedham, MA 02026

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY

Re:   South Shore Savings Bank, Successor-by-Merger to South Weymouth Savings Banks,
      v. Joel K. Logan, et al, Norfolk Superior Court, Civil Action No. NOCV2005-00868-D

Dear Mr. Timilty:

Enclosed please find for filing in the above-referenced action, the Massachusetts
Commissioner of Revenue's Answer and Certificate of Service.

Sincerely,

Eileen Ryan McAuliffe
Counsel to the Commissioner
(617) 626-3217

Enclosures

**193012/ERM**

## THE COMMONWEALTH OF MASSACHUSETTS

**NORFOLK,** ss

**SUPERIOR COURT**
**CIVIL ACTION NO. NOCV2005-00868-D**

|  |  |
|---|---|
| **SOUTH SHORE SAVINGS BANK,** | ) |
| **SUCCESSOR-BY-MERGER TO** | ) |
| **SOUTH WEYMOUTH SAVINGS BANK,** | ) |
| **Plaintiff** | ) |
| **v.** | ) |
|  | ) |
| **JOEL K. LOGAN, INDIVIDUALLY AND AS** | ) |
| **TRUSTEE OF CRESTVIEW MANAGEMENT TRUST;** | ) |
| **MARY ELLEN LOGAN, INDIVIDUALLY AND AS** | ) |
| **TRUSTEE OF CRESTVIEW MANAGEMENT TRUST;** | ) |
| **MASSACHUSETTS DEPARTMENT OF REVENUE;** | ) |
| **J. GLABB, LLC AS ASSIGNEE OF KING DAVID TRUST;** | ) |
| **CIRELLI FOODS, INC.; INTERNAL REVENUE SERVICE;** | ) |
| **JONATHAN BASHEIN AS ASSIGNEE OF NIXON** | ) |
| **PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.;** | ) |
| **THOMAS F. REILLY, ATTORNEY GENERAL OF THE** | ) |
| **COMMONWEALTH OF MASSACHUSETTS; THE** | ) |
| **COMMONWEALTH OF MASSACHUSETTS BY ITS** | ) |
| **DEPARTMENT OF PUBLIC HEALTH; HEALTHCARE** | ) |
| **CAPITAL RESOURCES, INC., & HCFP FUNDING, INC.,** | ) |
| **SUCCESSOR-IN-INTEREST TO HEALTH PARTNERS** | ) |
| **FUNDING, L.P.,** | ) |
| **Defendants** | ) |
|  | ) |

## ANSWER

The Massachusetts Commissioner of Revenue ("Commissioner") answers the Complaint of the plaintiff as follows:

Paragraph 1: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 1 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 2: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 2 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 3: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 3 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 4: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 4 and calls upon the plaintiff to prove the same to the extent

relevant.

Paragraph 5: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 5 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 6: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 6 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 7: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 7 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 8: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 8 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 9: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 9 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 10: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 10 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 11: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 11 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 12: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 12 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 13: The Commissioner admits paragraph 13 and further states that service may be made on counsel for the Massachusetts Commissioner of Revenue at the Litigation Bureau, Massachusetts Department of Revenue, P.O. Box 9565, 100 Cambridge Street, 7th Floor, Boston, Massachusetts 02114-9565.

Paragraph 14: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 14 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 15: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 15 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 16: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 16 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 17: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 17 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 18: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 18 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 19: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 19 and calls upon the plaintiff to prove the same to the extent relevant. However, the Commissioner does assert an interest in this action by virtue of four (4) Notices of Massachusetts Tax Lien recorded against the defendant Joel K. Logan. One Notice of Massachusetts Tax Lien was recorded on November 18, 2004 against both the defendants, Joel K. Logan and Mary Ellen Logan in the Norfolk County Registry of Deeds for Massachusetts income tax liability for the 2002 income tax year. Three (3) Notices of Massachusetts Tax Lien were recorded in the Norfolk County Registry of Deeds against Joel K. Logan only, as the responsible person for Logan Healthcare Management Group, Inc , pursuant to G.L.c. 62C, §31A. These Notices were recorded on November 1, 2000 for Massachusetts withholding tax liabilities for the periods of the third and fourth quarters of 1999; on March 3, 2001 for Massachusetts withholding tax liabilities for the periods of the third and fourth quarters of 1999 and the four quarters of 2000 and on August 13, 2003 for the periods of the third quarter of 2000, the four quarters of 2001 and the first and third quarters of 2002. Copies of these Notices of Massachusetts Tax Lien are attached hereto along with copies of the March 29, 2000 Notice of Proposed Determination of Personal Liability and Deemed Assessment issued to Joel K. Logan and the July 28, 2000 Notice of Determination of Personal Liability and Deemed Assessment issued to Joel K. Logan as the responsible person for Logan Healthcare Management Group, Inc., pursuant to G.L.c. 62C, §31A. Also attached hereto is the November 22, 2002 Notice of Proposed Determination of Personal Liability and Deemed Assessment issued to Joel K. Logan and the January 16, 2003 Notice of Determination of Personal Liability and Deemed Assessment issued to Joel K. Logan as the responsible person for Logan Healthcare Management Group, Inc., pursuant to G.L.c. 52C, §31A.

WHEREFORE, the Commissioner prays that the Court:

1.  ensure the priority of interests of the parties to this action;

2.  ensure that the distribution be done in accordance with the priorities

    established by the Court;

3. ensure that no attorneys fees or costs be awarded to be the plaintiff

   which would adversely affect the interest of the Commonwealth and;

4. determine such other relief as it deems appropriate.

**ALAN LEBOVIDGE**
**COMMISSIONER OF REVENUE**
**By his attorney,**

**Eileen Ryan McAuliffe**
**BBO No. 435260**
**Counsel for the Commissioner**
**Department of Revenue**
**Litigation Bureau, 7th Floor**
**P.O. Box 9565**
**100 Cambridge Street**
**Boston, Massachusetts 02114-9565**
**(617) 626-3217**

Dated: June 6, 2005
193012/ERM

A TRUE COPY
Attest: _Virginia G. Foster_
Deputy Assistant Clerk
8/25/05

160083



COMMONWEALTH OF MASSACHUSETTS
**DEPARTMENT OF REVENUE**

**Lien Number:** 0441 4000 1874
**Taxpayer ID Number:** 014 463 838
**Spouse's ID Number:** 020 385 965

# *NOTICE OF MASSACHUSETTS TAX LIEN*  *COPY*

PLACE OF FILING

JOEL K. LOGAN          MARY ELLEN LOGAN
1035 MAIN SR
NORWELL, MA 02061

**Registry of Deeds:**  PLYMOUTH COUNTY, PLYMOUTH, MA
**Secretary of State:**  BOSTON, MA

Pursuant to the provisions of Section 50 of Chapter 62c of the General Laws, notice is hereby given that there have been assessed against the following-named taxpayer taxes (including interest and penalties) which remain unpaid, and that the amount of said taxes is a lien in favor of the Commonwealth of Massachusetts upon all property and rights to property belonging to said taxpayer.

| Tax Type | Period End Date | Assessment Date | Assessment Amounts | Statutory Additions | Balance Due |
|----------|-----------------|-----------------|--------------------|--------------------|-------------|
| INCOME | 12/31/02 | 02/20/04 | $11,441.00 | $1,741.43 | $8,633.43 |
| | | | | **TOTAL:** | **$8,633.43** |

```
Received & Recorded
  PLYMOUTH COUNTY
 REGISTRY OF DEEDS
18 NOV 2004  01:23PM
 JOHN R. BUCKLEY, JR.
    REGISTER
Bk 29492 Pg 272
```

MDOR ⟨⟩⟨⟩ ⟨⟩⟨⟩ Bureau
⟨⟩⟨⟩
Box ⟨⟩⟨⟩

**Tax Examiner:  Joseph Gaeta**

**Laurie McGrath**
**Acting Deputy Commissioner**
*Laurie M Grath*

PL.TENRG

**Commonwealth of Massachusetts Department of Revenue** BK 18338 PG024

# NOTICE OF MASSACHUSETTS TAX LIEN

*No.*
0530 0000 5966 1

*Pursuant to the provisions of Section 50 of Chapter 62C of the General Laws, notice is hereby given that there have been assessed against the following-named taxpayer taxes (including interest and penalties) which remain unpaid, and that the amount of said taxes is a lien in favor of the Commonwealth of Massachusetts upon all property and rights to property belonging to said taxpayer.*

LOGAN, JOEL K                                    014463838    043053518    689093
9 TOMPSON RD
BRAINTREE              MA      02184

| Tax Type | Period End Date | Date of Deemed Assessment | | Balance Due |
|---|---|---|---|---|
| WITH INC | 09-30-99 | 07-28-00 | | $29.04 |
| WITH INC | 12-31-99 | 07-28-00 | | $33,536.15 |
| WITH INC | 03-31-00 | 01-16-03 | | $39,781.85 |
| WITH INC | 06-30-00 | 01-16-03 | RECEIVED AND RECORDED | $29,314.76 |
| WITH INC | 09-30-00 | 01-16-03 | NORFOLK COUNTY REGISTRY OF DEEDS | $76.54 |
| WITH INC | 09-30-00 | 01-16-03 | DEDHAM, MA | $1,815.25 |
| WITH INC | 12-31-00 | 01-16-03 | CERTIFY | $5,235.92 |
| | | | William P O'Donnell | |
| | | | WILLIAM P. O'DONNELL, REGISTER | |

0530 0000 5966 1 - 1 PM 12:15

*TOTAL*   $109,789.51

*PLACE OF FILING*

*Registry of Deeds*   NORFOLK COUNTY, DEDHAM, MA

MDOR Collections Bureau
P. O. Box 7021
Boston MA 02204

Re:  LOGAN HEALTHCARE MANAGEMENT GRP INC

*Signature*

Req. by: CHRISTINA GUYER

*Title*      *BUREAU CHIEF*

174055

## Commonwealth of Massachusetts Department of Revenue
# NOTICE OF MASSACHUSETTS TAX LIEN

| | No. 0530 0000 6384 1 |

*'ursuant to the provisions of Section 50 of Chapter 62C of the General Laws, notice is hereby given that there have been assessed gainst the following-named taxpayer taxes (including interest and penalties) which remain unpaid, and that the amount of said taxes is lien in favor of the Commonwealth of Massachusetts upon all property and rights to property belonging to said taxpayer.*

LOGAN, JOEL K.                          014463838    042783701    1146728
1035 MAIN ST.
NORWELL            MA    02061-2307

| Tax Type | Period End Date | Date of Deemed Assessment | | Balance Due |
|----------|-----------------|---------------------------|--|-------------|
| WITH INC | 03-31-00 | 04-17-03 | | $19,465.02 |
| WITH INC | 03-31-01 | 04-17-03 | | $43,106.35 |
| WITH INC | 06-30-01 | 04-17-03 | | $28,949.03 |
| WITH INC | 09-30-01 | 04-17-03 | | $16,706.14 |
| WITH INC | 12-31-01 | 04-17-03 | | $15,416.43 |
| WITH INC | 03-31-02 | 04-17-03 | | $17,287.85 |
| WITH INC | 09-30-02 | 04-17-03 | | $28,503.52 |

Received & Recorded
PLYMOUTH COUNTY
REGISTRY OF DEEDS
13 AUG 2003  09:16AM
JOHN R. BUCKLEY, JR.
REGISTER
Bk 26160 Pg 14

|  | *TOTAL* | $169,434.34 |

*PLACE OF FILING*

*Registry of Deeds*     PLYMOUTH COUNTY, PLYMOUTH, MA

DOR-Collections Bureau
P. O. Box 7021
Boston, MA 02204

Re:  LOGAN HEALTHCARE FACILITY INC

Req. by:  CHRISTINA GUYER

*Signature*

*Title*          *BUREAU CHIEF*

## Commonwealth of Massachusetts Department of Revenue
## NOTICE OF MASSACHUSETTS TAX LIEN

HENS0 1 PG 302

*No.*
0530 0000 4112 1

*ursuant to the provisions of Section 50 of Chapter 62C of the General Laws, notice is hereby given that there have been assessed gainst the following-named taxpayer taxes (including interest and penalties) which remain unpaid, and that the amount of said taxes is lien in favor of the Commonwealth of Massachusetts upon all property and rights to property belonging to said taxpayer.*

LOGAN, JOEL K          014463838   043053518   689093
86 GREENLEAF ST
QUINCY          MA     02169

| Tax Type | Period End Date | Date of Deemed Assessment | | Balance Due |
|----------|-----------------|---------------------------|---|-------------|
| WITH INC | 09-30-99 | 07-28-00 | | $23,042.25 |
| WITH INC | 12-31-99 | 07-28-00 | | $37,295.49 |

112850

NOV 1 - AM 10:59

| | *TOTAL* | $60,337.74 |

*PLACE OF FILING*

*Registry of Deeds*     NORFOLK COUNTY, DEDHAM, MA

MDOR COLLECTIONS BUREAU
P. O. BOX 7021
BOSTON, MA 02204

Re:  LOGAN HEALTHCARE MANAGEMENT GRP INC

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

Req. by: CHRISTINA GUYER

CERTIFY

BARRY T. HANNON, REGISTER

*Signature*

*Title*          *BUREAU CHIEF*



THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE, COLLECTIONS BUREAU
436 DWIGHT STREET
SPRINGFIELD, MA    01103

Date:29 MAR 2000

JOEL K LOGAN                    689093
9 TOMPSON RD                                        RE:LOGAN HEALTHCARE MANAGEMENT GRP
BRAINTREE MA 02184                                  INC

                    014463838                    043053518

NOTICE OF PROPOSED DETERMINATION OF PERSONAL LIABILITY AND DEEMED ASSESSMENT

Massachusetts law requires certain individuals, as a result of their position, function or responsibility in a corporation or partnership to pay over taxes to the Commonwealth. M.G.L. c.62B, Sec.5, c.64G,Sec.7B c64H, Sec.16; c.64I, Sec.17. When the business fails to meet these obligations, those people who are under a duty to pay over taxes (responsible persons) may be held individually and personally liable for the assessed and unpaid taxes of the business. M.G.L. c.62C, Sec.31A. For further information on this subject, refer to Regulation 830 CMR 62C-31A.1.

Massachusetts Department of Revenue ("Department") records indicate that the business listed herein has been assessed but has not paid the taxes detailed on this notice. Our investigation shows that you, as a corporate officer, director, or employee are under a duty to pay these taxes.

As a result of the business' and your failure to meet these responsibilities, the Department is issuing this _Notice of Proposed Determination of Personal Liability and Deemed Assessment._ You have the opportunity to appeal this proposed determination or the validity of the assessments against the business by conferring with an authorized representative of the Department.

If you do not appeal, or if you appeal but fail to provide sufficient evidence that you were not under a duty to pay over the assessed taxes, you will be held personally and individually liable for the business's unpaid assessed taxes, and those taxes will be deemed to be assessed against you. A second letter from the Department will notify you of this final determination of personal and individual liability and deemed assessment.

If you decide to appeal the proposed determination of personal liability or the validity of the assessment against the business, you must request a conference with the Commissioner of Revenue's designee. The request must be in writing and must be received within thirty days after the date of this notice. The request must include your complete address and daytime telephone number and must be sent to the Collections Bureau at the above address.

After a conference is held; the Department will notify you in writing of its final decision. If you do not appeal this proposed determination within thirty days or if you fail to provide sufficient proof that you are not personally and individually liable for the tax, a _Notice of Determination of Personal liability and Deemed Assessment_ will be sent to you. At that time a lien will arise in favor of the Commonwealth of Massachusetts on all property or rights to property belonging to you. M.G.L. C62C Sec.31A, Sec. 50.

                                                       Commissioner of Revenue

                                               By:


            Tax Examiner                                    Supervisor
            413-784-1000 EXT. 20257

_____Conference requested
_____I agree with this notice and waive my rights to a conference.

By>

       Respondent                                      Notice #: 0500 0000 5371

# Massachusetts
# Department
# Of
# Revenue

TRANS CODE - 217

JOEL K LOGAN                    689093
9 TOMPSON RD
BRAINTREE MA 02184

Return To:
Department Of Revenue
P.O. Box 7021
Boston, MA 02204

| PAYMENT DUE DATE: | 04-28-00 | BILL NUMBER: | 0500 0000 5371 |
| AMOUNT ENCLOSED: | | FID: | B |
| TOTAL AMOUNT OWED: | $77,857.02 | | 043053518 |

Please detach and return the above portion with your FULL payment.

FID:   043053518                                              B ☐

RE: Taxpayer Name: LOGAN HEALTHCARE MANAGEMENT GRP   INCCASE NUM:
                                                     DEMAND DATE:    04-28-00
Deadline for Conference:      04-28-00               PAGE:    1

## Notice of Proposed Assessment

Massachusetts Department of Revenue records indicate that the above taxpayer has been assessed but has not paid the taxes detailed on this notice. Our investigation shows that you, as a corporate officer, director, or employee are under a duty to pay these taxes. You are hereby notified of the intent of the Commissioner of Revenue to determine you to be personally and individually liable for these taxes.

| Tax Type | Period End Date | Filing Entity | Date of Original Assessment | Tax Liability | Interest | Penalty | Payments/Credits | Balance Due |
|---|---|---|---|---|---|---|---|---|
| WITH INC | 06-30-99 | | 07-31-99 | $29,467.46 | $843.65 | $582.71 | $16,767.91 | $14,125.91 |
| WITH INC | 09-30-99 | | 10-31-99 | $30,027.19 | $1,135.97 | $835.70 | $2,336.93 | $29,661.93 |
| WITH INC | 12-31-99 | | 01-31-00 | $33,233.71 | $503.13 | $332.34 | $0.00 | $34,069.18 |

| PAYMENT DUE DATE | 04-28-00 | | TOTAL AMOUNT OWED THIS BILL | $77,857.02 |

If you agree with this proposed determination, make your check or money order payable to the Commonwealth of Massachusetts and write your identification number in the lower left corner of your check.



THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE, COLLECTIONS BUREAU

JOEL K LOGAN                    689093            Date: 28 JUL 2000
9 TOMPSON RD
BRAINTREE MA 02184                               RE:LOGAN HEALTHCARE MANAGEMENT GRP
                                                          INC
SSN:      014463838                              043053518

NOTICE OF DETERMINATION OF PERSONAL LIABILITY AND DEEMED ASSESSMENT

This office mailed you a _Notice of Proposed Determination of Personal Liability and Deemed Assessment._
The notice indicated that you were a responsible person charged with the duty of paying over the
taxes detailed on this notice for the business listed herein.

The notice also stated that if you did not appeal by requesting a conference within thirty days
of the date of the notice, the Department of Revenue("Department") would make a final
determination that you were personally and individually liable for the assessed and unpaid
taxes of this business and that as a result, those taxes would be deemed to be assessed against
you.  YOU HAVE NOT REQUESTED A CONFERENCE within the thirty day period, therefore,
as of the date of this notice, the Department has determined that you are personally and individually
liable for the assessed and unpaid taxes of this business.  This determination operates as a deemed
assessment against you for those taxes.  M.G.L. c.62C, Sec.31A.  For further information on
this subject, refer to Regulation 830 CMR 62C, 31A.1.  As a result, you are now personally and
individually liable for all of the amounts detailed on this notice.

You have the right to appeal the assessed amounts against the business and the deemed assessment
against you. To appeal, you must file an Application for Abatement, Form CA-6, with the Department
within one of the following time limits, whichever is later:

-   within 60 days from the date of the determination of personal liability as noted above; or
-   within three years from the due date for filing the return by this business regardless of
    any extension of time to file; or
-   within two years from the date that the tax was originally assessed against this
    business; or
-   within one year from the date the tax was paid.

Generally, an Application for Abatement will be considered only if the required returns have
been filed by this business.  However, if you are applying only for an abatement of the
determination that you are personally liable, that is of the deemed assessment noted above,
the returns of this business need not have been filed.  If you are appealing the validity of
the original assessment against this business, you must attach copies of this business's
returns to the Form CA-6.  If the returns were not filed or if you cannot locate them, you
must file the required returns based on the best information available to you. Please be
advised that filing a return to satisfy this requirement will not be considered evidence in
any further proceeding, of your duty to pay over the tax due.

The amount of tax detailed on this notice is now due and payment is hereby demanded.
Therefore, a lien will arise in favor of the Commonwealth of Massachusetts on all property or
rights to property belonging to you if the assessment remains unpaid. M.G.L c.62C, Sec.31A,
Sec.50.

_____                    _____
Tax Examiner                                        Supervisor ·

Date of Determination of Personal Liability & Deemed Assessment: 07-28-2000
Bill Number: 0510 0000 4278

# Massachusetts
# Department
# Of
# Revenue

TRANS CODE - 217

JOEL K LOGAN                              689093
9 TOMPSON RD
BRAINTREE MA 02184

Return To:
Department Of Revenue
P.O. Box 7021
Boston, MA 02204

| PAYMENT DUE DATE: | 08-07-2000 | BILL NUMBER: | 0510 0000 4278 |
| AMOUNT ENCLOSED: | | FID: | |
| TOTAL AMOUNT OWED: | $67,332.09 | | 043053518 |

*Please detach and return the above portion with your FULL payment.*

FID:            043053518

RE: Taxpayer Name:     LOGAN HEALTHCARE MANAGEMENT GRP
                       INC

CASE NUM:
DEMAND DATE:     JUL 28, 2000

Date of Deemed Assessment:      07-28-2000

PAGE:      1

## Notice of Deemed Assessment

The Commissioner of Revenue hereby notifies you that the tax liabilities set forth on this notice for the taxpayer named above have been deemed to be assessed against you personally and individually. Demand for payment of these taxes is hereby made.

| Tax Type | Period End Date | Filing Entity | Date of Original Assessment | Tax Liability | Interest | Penalty | Payments/Credits | Balance Due |
|----------|-----------------|---------------|------------------------------|---------------|----------|---------|------------------|-------------|
| WITH INC | 09-30-99 | | 10-31-99 | $30,027.19 | $2,124.20 | $1,389.50 | $2,336.93 | $31,203.96 |
| WITH INC | 12-31-99 | | 01-31-00 | $33,233.71 | $1,726.23 | $1,168.19 | $0.00 | $36,128.13 |

| PAYMENT DUE DATE | 08-07-2000 | TOTAL AMOUNT OWED THIS BILL | $67,332.09 |

Make your check or money order payable to the Commonwealth of Massachusetts
and write your identification number in the lower left corner of your check.

"DEEMLIAB"

THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE, COLLECTIONS BUREAU

Date:22 NOV 2002

JOEL K LOGAN                    689093
1035 MAIN ST.                                    RE:LOGAN HEALTHCARE MANAGEMENT GRP
NORWELL, MA 02062                                       INC

014463838                                  043053518

NOTICE OF PROPOSED DETERMINATION OF PERSONAL LIABILITY AND DEEMED ASSESSMENT

Massachusetts law requires certain individuals, as a result of their position, function or responsibility in a corporation or partnership to pay over taxes to the Commonwealth. M.G.L. c.62B, Sec.5; c.64G,Sec.7B; c64H, Sec.16; c.64I, Sec.17. When the business fails to meet these obligations, those people who are under a duty to pay over taxes (responsible persons) may be held individually and personally liable for the assessed and unpaid taxes of the business. M.G.L. c.62C, Sec.31A. For further information on this subject, refer to Regulation 830 CMR 62C-31A.1.

Massachusetts Department of Revenue ("Department") records indicate that the business listed herein has been assessed but has not paid the taxes detailed on this notice. Our investigation shows that you, as a corporate officer, director, or employee are under a duty to pay these taxes.

As a result of the business' and your failure to meet these responsibilities, the Department is issuing this _Notice of Proposed Determination of Personal Liability and Deemed Assessment._ You have the opportunity to appeal this proposed determination or the validity of the assessments against the business by conferring with an authorized representative of the Department.

If you do not appeal, or if you appeal but fail to provide sufficient evidence that you were not under a duty to pay over the assessed taxes, you will be held personally and individually liable for the business's unpaid assessed taxes, and those taxes will be deemed to be assessed against you. A second letter from the Department will notify you of this final determination of personal and individual liability and deemed assessment.

If you decide to appeal the proposed determination of personal liability or the validity of the assessment against the business, you must request a conference with the Commissioner of Revenue's designee. The request must be in writing and must be received within thirty days after the date of this notice. The request must include your complete address and daytime telephone number and must be sent to the Collections Bureau at the above address.

After a conference is held; the Department will notify you in writing of its final decision. If you do not appeal this proposed determination within thirty days or if you fail to provide sufficient proof that you are not personally and individually liable for the tax, a _Notice of Determination of Personal liability and Deemed Assessment_ will be sent to you. At that time a lien will arise in favor of the Commonwealth of Massachusetts on all property or rights to property belonging to you. M.G.L. C62C Sec.31A, Sec. 50.

Tax Examiner
413-784-1000 EXT. 20255

Commissioner of Revenue

By:

Supervisor

_____Conference requested
_____I agree with this notice and waive my rights to a conference.

By>

Respondent                                    Notice #: 0500 0000 8628

# Massachusetts Department Of Revenue

TRANS CODE - 217

JOEL K LOGAN                      689093
1035 MAIN ST.
NORWELL, MA 02062

Return To:
Department Of Revenue
P.O. Box 7021
Boston, MA 02204

| | |
|---|---|
| PAYMENT DUE DATE: | 12-22-02 |
| AMOUNT ENCLOSED: | |
| TOTAL AMOUNT OWED: | $74,357.00 |

BILL NUMBER:        0500 0000 8628
FID:                                            B

FID:        043053518

Please detach and return the above portion with your FULL payment.

FID:        043053518        B

RE: Taxpayer Name: LOGAN HEALTHCARE MANAGEMENT GRP INCCASE NUM:

DEMAND DATE:        12-22-02

Deadline for Conference:        12-22-02        PAGE:        1

## Notice of Proposed Assessment

Massachusetts Department of Revenue records indicate that the above taxpayer has been assessed but has not paid the taxes detailed on this notice. Our investigation shows that you, as a corporate officer, director, or employee are under a duty to pay these taxes. You are hereby notified of the intent of the Commissioner of Revenue to determine you to be personally and individually liable for these taxes.

| Tax Type | Period End Date | Filing Entity | Date of Original Assessment | Tax Liability | Interest | Penalty | Payments/Credits | Balance Due |
|---|---|---|---|---|---|---|---|---|
| WITH INC | 03-31-00 | | 04-30-00 | $27,480.54 | $7,070.91 | $4,264.51 | $0.00 | $38,815.96 |
| WITH INC | 06-30-00 | | 07-31-00 | $23,660.78 | $4,682.95 | $2,940.62 | $2,691.94 | $28,592.41 |
| WITH INC | 09-30-00 | | 12-15-00 | $0.00 | $5.46 | $70.00 | $0.00 | $75.46 |
| WITH INC | 09-30-00 | | 12-15-00 | $17,267.07 | $255.78 | $200.53 | $15,953.09 | $1,770.29 |
| WITH INC | 12-31-00 | | 01-31-01 | $11,181.30 | $638.74 | $446.90 | $7,164.06 | $5,102.88 |

| | | | |
|---|---|---|---|
| PAYMENT DUE DATE | 12-22-02 | TOTAL AMOUNT OWED THIS BILL | $74,357.00 |

If you agree with this proposed determination, make your check or money order payable to the Commonwealth of Massachusetts and write your identification number in the lower left corner of your check.

THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE, COLLECTIONS BUREAU

OEL K LOGAN                    689093              Date: 16 JAN 2003
035 MAIN ST.
IORWELL MA 02061                                   RE:LOGAN HEALTHCARE MANAGEMENT GRP
                                                      INC
;SN:     014463838                                    043053518

NOTICE OF DETERMINATION OF PERSONAL LIABILITY AND DEEMED ASSESSMENT

This office mailed you a _Notice of Proposed Determination of Personal Liability and Deemed Assessment._
The notice indicated that you were a responsible person charged with the duty of paying over the
taxes detailed on this notice for the business listed herein.

The notice also stated that if you did not appeal by requesting a conference within thirty days
of the date of the notice, the Department of Revenue("Department") would make a final
determination that you were personally and individually liable for the assessed and unpaid
taxes of this business and that as a result, those taxes would be deemed to be assessed against
you. YOU HAVE NOT REQUESTED A CONFERENCE within the thirty day period, therefore,
as of the date of this notice, the Department has determined that you are personally and individually
liable for the assessed and unpaid taxes of this business. This determination operates as a deemed
assessment against you for those taxes. M.G.L. c.62C, Sec.31A. For further information on
this subject, refer to Regulation 830 CMR 62C, 31A.1. As a result, you are now personally and
individually liable for all of the amounts detailed on this notice.

You have the right to appeal the assessed amounts against the business and the deemed assessment
against you. To appeal, you must file an Application for Abatement, Form CA-6, with the Department
within one of the following time limits, whichever is later:

- within 60 days from the date of the determination of personal liability as noted above; or
- within three years from the due date for filing the return by this business regardless of
  any extension of time to file; or
- within two years from the date that the tax was originally assessed against this
  business; or
- within one year from the date the tax was paid.

Generally, an Application for Abatement will be considered only if the required returns have
been filed by this business. However, if you are applying only for an abatement of the
determination that you are personally liable, that is of the deemed assessment noted above,
the returns of this business need not have been filed. If you are appealing the validity of
the original assessment against this business, you must attach copies of this business's
returns to the Form CA-6. If the returns were not filed or if you cannot locate them, you
must file the required returns based on the best information available to you. Please be
advised that filing a return to satisfy this requirement will not be considered evidence in
any further proceeding, of your duty to pay over the tax due.

The amount of tax detailed on this notice is now due and payment is hereby _demanded._
Therefore, a lien will arise in favor of the Commonwealth of Massachusetts on all property or
rights to property belonging to you if the assessment remains unpaid. M.G.L c.62C, Sec.31A,
Sec.50.

Tax Examiner                                       Supervisor

Date of Determination of Personal Liability & Deemed Assessment: 01-16-2003
Bill Number: 0510 0000 6795

# Massachusetts
# Department
# Of
# Revenue

TRANS CODE - 217

JOEL K LOGAN                              689093
1035 MAIN ST.
NORWELL MA 02061

Return To:
Department Of Revenue
P.O. Box 7021
Boston, MA 02204

| | | |
|---|---|---|
| PAYMENT DUE DATE: | 01-26-2003 | BILL NUMBER: 0510 0000 6795 |
| AMOUNT ENCLOSED: | | FID: |
| TOTAL AMOUNT OWED: | $75,756.61 | 043053518 |

........................................... Please detach and return the above portion with your FULL payment. ...........................................

FID:    043053518

RE: Taxpayer Name:    LOGAN HEALTHCARE MANAGEMENT GRP        CASE NUM:
                      INC                                     DEMAND DATE:    JAN 16, 2003
Date of Deemed Assessment:        01-16-2003                 PAGE:        1

# Notice of Deemed Assessment

The Commissioner of Revenue hereby notifies you that the tax liabilities set forth on this notice for the taxpayer named above have been deemed to be assessed against you personally and individually. Demand for payment of these taxes is hereby made.

| Tax Type | Period End Date | Filing Entity | Date of Original Assessment | Tax Liability | Interest | Penalty | Payments/Credits | Balance Due |
|---|---|---|---|---|---|---|---|---|
| WITH INC | 03-31-00 | | 04-30-00 | $27,480.54 | $7,520.83 | $4,539.31 | $0.00 | $39,540.68 |
| WITH INC | 06-30-00 | | 07-31-00 | $23,660.78 | $5,014.32 | $3,150.30 | $2,691.94 | $29,133.46 |
| WITH INC | 09-30-00 | | 12-15-00 | $0.00 | $6.34 | $70.00 | $0.00 | $76.34 |
| WITH INC | 09-30-00 | | 12-15-00 | $17,267.07 | $276.29 | $213.67 | $15,953.09 | $1,803.94 |
| WITH INC | 12-31-00 | | 01-31-01 | $11,181.30 | $697.87 | $487.08 | $7,164.06 | $5,202.19 |

| PAYMENT DUE DATE | 01-26-2003 | TOTAL AMOUNT OWED THIS BILL | $75,756.61 |
|---|---|---|---|

Make your check or money order payable to the Commonwealth of Massachusetts
and write your identification number in the lower left corner of your check.

"DEEML1AR"

## CERTIFICATE OF SERVICE

I, Eileen Ryan McAuliffe, certify that I have served a copy of the within Answer by first-

class mail, postage prepaid, upon:

Attorney Jonathan Braverman
Attorney Lisa Bond
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, Suite 108
Braintree, Massachusetts 02184

**Eileen Ryan McAuliffe**

**DATED: June 6, 2005**

Docs#193012/ ERM

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2005-00868-D

South Shore Savings Bank, *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

**v.**

Joel K. Logan, et al, *Defendant(s)*

RECEIVED & FILED
**CLERK** OF THE CO...
NORFO...
6/9

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon  Jonathan Braverman,
plaintiff's attorney, whose address is  50 Braintree Hill Park, #108, Braintree MA 02184, an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

BARBARA J. ROUSE, Esquire

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at  Dedham  the  16th

day of  May , in the year of our Lord two thousand and  five

A TRUE COPY

Attest:

Deputy Assistant Clerk

8/25/05

Walter F. Timilty  Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Trudi Schmidt_    ☐ Agent ☐ Addressee

B. Received by ( *Printed Name*)    C. Date of Delivery

5-23-05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

1. Article Addressed to:

HCFP Funding, Inc.  successor-
in-interest to
Health Partners Funding, L.P.
c/o GE Healthcare Fin. Svcs, Inc
20225 Watertown Blvd, Suite 300
Brookfield, MI   53045

3. Service Type
- ☒ Certified Mail    ☐ Express Mail
- ☐ Registered    ☐ Return Receipt for Merchandise
- ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
(*Transfer from service label*)

7004 2510 0000 8422 9503

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

7.6

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

**NO.** NOCV2005-00868-D

South Shore Savings Bank , *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

**v.**

Joel K. Logan, et al , *Defendant(s)*

RECEIVED 6/8/05
& FILED
CLERK
NORFOLK COUNTY
( 6/9/

### SUMMONS

To the above-named Defendant: Commonwealth of Massachusetts/Office of the Attorney Genera

You are hereby summoned and required to serve upon Jonathan Braverman
Braintree, MA  02184
plaintiff's attorney, whose address is 50 Braintree Hill Park, #108 , an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action. BARBARA J. ROUSE, Esquire

WITNESS, ~~SUZANNE V. DELVECCHIO, Esquire~~, at Dedham the 16th

day of May , in the year of our Lord two thousand and five

Walter F. Dimitry Clerk.

A TRUE COPY
Attest:
Deputy Assistant Clerk
8/25/05

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2005-00868-D

South Shore Savings Bank , *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

**v.**

RECEIVED & FILED
CLERK OF THE COUR
NORFOLK COUNTY

......Joel K. Logan, et al........., *Defendant(s)*

### SUMMONS

To the above-named Defendant:    Robert J. Griffin, Esq.

You are hereby summoned and required to serve upon ......Jonathan Braverman..............................,
plaintiff's attorney, whose address is  50 Braintree Hill Park, #108.., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.
**BARBARA J. ROUSE, Esquire**

WITNESS, ~~SUZANNE V. DELVECCHIO, Esquire~~, at ......Dedham........the ........16th..........

day of .....May....................., in the year of our Lord two thousand and .........five.....................

**A TRUE COPY**
**Attest:**
**Deputy Assistant Clerk**
8/25/05

Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:- TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

**NO.** NOCV2005-00868-D

6/8/05
RECEIVED & FILED
**CLERK** OF THE COU...
NORFO...
6/9/0...

........South Shore Savings Bank.., *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

**v.**

Joel K. Logan, et al
........................................................, *Defendant(s)*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...Jonathan Braverman........, plaintiff's attorney, whose address is ...50 Braintree Hill Park, #108,, Braintree MA  02184 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

BARBARA J. ROUSE, Esquire

WITNESS, ~~SUZANNE V. DELVECCHIO, *Esquire*~~, at ...Dedham..........the .......16th.........

day of ...........May..................., in the year of our Lord two thousand and ..........five.................

A TRUE COPY
Attest: ...........................
Deputy Assistant Clerk
8/25/05

........................ Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

*10.0*

(TO PLAINTIFF'S ATTORNEY:  PLEASE  CIRCLE  TYPE  OF  ACTION  INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2005–00868–D

South Shore Savings Bank , *Plaintiff(s)*

successor–by–merger to
South Weymouth Savings Bank
**v.**

......Joel K. Logan, et al............., *Defendant(s)*

*6/8/05*
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY (*6/8/05* )

## SUMMONS
Commonwealth of Massachusetts
Department of Public Health
Executive Office of Health and Human Services

To the above-named Defendant:

You are hereby summoned and required to serve upon ..Jonathan Braverman..........,
Braintree, MA  02184
plaintiff's attorney, whose address is .50..Braintree.Hill.Park,.#108..., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

**BARBARA J. ROUSE, Esquire**

Witness, SUZANNE V. DELVECCHIO, *Esquire*, at .........................the .......................... Dedham  16th

day of ........................May..................., in the year of our Lord two thousand and ...........five...................

A TRUE COPY
Attest:
Deputy Assistant Clerk
8/25/05

.................................  Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

**NO.** NOCV2005−00868−D

South Shore Savings Bank , *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

**v.**

Joel K. Logan, et al , *Defendant(s)*

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
6/9/05

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon  Jonathan Braverman
Braintree, MA 02184
plaintiff's attorney, whose address is  50 Braintree Hill Park, #108 , an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

BARBARA J. ROUSE, Esquire
WITNESS, SUZANNE V. DELVECCHIO, Esquire, at  Dedham  the  16th

day of  May , in the year of our Lord two thousand and  five

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/25/05

Walter F. Dimilly  Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2005-00868-D

........South Shore Savings Bank..., *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

**v.**

........Joel K. Logan, et al..........., *Defendant(s)*

RECEIVED 6/8/
CLERK OF THE C...
NO....
( 6/9/

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ..Jonathan Braverman.........,
Braintree, MA  02184
plaintiff's attorney, whose address is ..50. Braintree. Hill. Park,. #108.,. an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

BARBARA J. ROUSE, Esquire

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ......Dedham........the ............16th......

day of .......May........................., in the year of our Lord two thousand and ................five............

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/25/05

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

*13*

(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2005-00868-D

South Shore Savings Bank ., *Plaintiff(s)*

successor-by-merger to
South Weymouth Savings Bank

**v.**

Joel K. Logan, et al ., *Defendant(s)*

6/8/05
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
( 6/9/0

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Jonathan Braverman

Braintree, MA  02184

plaintiff's attorney, whose address is 50 Braintree Hill Park, #108 , an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action. BARBARA J. ROUSE, Esquire

WITNESS, ~~SUZANNE V. DELVECCHIO, Esquire,~~ at ....Dedham..........the .......16th...........

day of .......Dedham...................., in the year of our Lord two thousand and ...........five.....................

A TRUE COPY
Attest: _____
Assistant Clerk
8/25/05

_____ Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

*/;*

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2005-00868-D

.......South..Shore..Savings..Bank..., *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

**v.**

.......Joel.K,.Logan,..et.al..........., *Defendant(s)*

6/8/0?
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUN
( 6/9/

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ..Jonathan Braverman
Braintree, MA  02184
plaintiff's attorney, whose address is ..50..Braintree..Hill..Park,..#108,,, an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.   If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.   You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

BARBARA J. RUUSE, Esquire

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ..Dedham.............the ..........16th........

day of ..........May....................., in the year of our Lord two thousand and .............five.....................

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/25/05

_____ Clerk.

NOTES:
1.   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.   When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

South Shore Savings BANK
Successor-By-Merger To
South Weymouth Savings Bank

15.0

Superior Court Dept
Civil Action
No. NOCV2005-00368-0

Defendant Answers

June 8, 2005

6/9/05

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

# 2     Defendant Admits

# 3     Defendant Admits

# 4.    Defendant Admits

# 5     Defendant Admits

# 6     Defendant Admits

# 7     Defendant Admits

# 8     Defendant Admits

# 9     Defendant Admits

# 10    Defendant Admits

# 11    Defendant Admits

# 12    Defendant Admits

# 13    Defendant Admits

# 14    Defendant Admits

South Shore Savings BANK
Successor - By - Merger To
South Weymouth Savings BANK

Superior Court Dept
Civil Action

No  NOCV2005-00868-D

June 8, 2005

Defendant Answers

# 15        Defendant Admits

# 16        Defendant Admits

# 17        Defendant Admits

# 18        Defendant Admits

# 19        Defendant Admits

Joel K. Logan —
1035 MAIN ST
Norwell, MA  02061

Mary Ellen Logan
1035 MAIN ST
Norwell, MA.  02061

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/25/05

South Shore Savings Bank
Successor-By-Merger To
South Weymouth Savings Bank

Superior Court Dept.
Civil Action

No. NOCV2005-00868-D

June 8, 2005

Defendant Answers

# 2    Defendant Admits

# 3    Defendant Admits

# 4    Defendant Admits

# 5    Defendant Admits

# 6    Defendant Admits

# 7    Defendant Admits

# 8    Defendant Admits

# 9    Defendant Admits

# 10   Defendant Admits

# 11   Defendant Admits

# 12   Defendant Admits

# 13   Defendant Admits

# 14   Defendant Admits

6/8/05

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY

South Shore Savings Bank
Successor By Merger to
South Weymouth Savings Bank

Superior Court Dept.
Civil Action

No. NOCV 2005-00868-D

June 8, 2005

# 15       Defendant Admits

# 16       Defendant Admits

# 17       Defendant Admits

# 18       Defendant Admits

# 19       Defendant Admits


Joel K Logan As Trustee Crestview Management Trust
1035 Main St
Norwell, MA. 02061

_____


Mary Ellen Logan As Trustee Crestview Management Trust
1035 Main St
Norwell, MA. 02061

Mary Ellen Logan
_____

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/25/05

*17.0*

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO. 05-00868-D

RECEIVED & FILED *6/15/05*
**CLERK OF THE COURTS**
NORFOLK COUNTY
*( 6/16/05 )*

SOUTH SHORE SAVINGS BANK SUCCESSOR-
BY-MERGER TO SOUTH WEYMOUTH SAVINGS
BANK,

Plaintiff,

v.

JOEL K. LOGAN, INDIVIDUALLY AND AS
TRUSTEE OF CRESTVIEW MANAGEMENT
TRUST; MARY ELLEN LOGAN, INDIVIDUALLY
AND AS TRUSTEE OF CRESTVIEW
MANAGEMENT TRUST; MASSACHUSETTS
DEPARTMENT OF REVENUE; J. GLABB, LLC AS
ASSIGNEE OF KING DAVID TRUST; CIRELLI
FOODS, INC.; INTERNAL REVENUE SERVICE;
JONATHAN BASHEIN AS ASSIGNEE OF NIXON
PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.;
THOMAS F. REILLY, ATTORNEY GENERAL OF
THE COMMONWEALTH OF MASSACHUSETTS;
THE COMMONWEALTH OF MASSACHUSETTS
BY ITS DEPARTMENT OF PUBLIC HEALTH;
HEALTHCARE CAPITAL RESOURCES, INC., AND
HCFP FUNDING, INC., SUCCESSOR-IN-INTEREST
TO HEATLH PARTNERS FUDING, L.P.,

Defendant

## ANSWER TO MORTGAGEE'S COMPLAINT FOR INTERPLEADER

Defendant, Robert J. Griffin, Esq. ("Temporary Receiver"), in his capacity as temporary

receiver of Logan Healthcare Facility, Elihu White Nursing Home, Inc., Pond Meadow

Healthcare Facility, Inc., Atrium Healthcare Facility, LLC, and Crestview Healthcare Facility,

Inc. hereby answers the allegations of Plaintiff's complaint as follows:

1.      The Temporary Receiver is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.      The Temporary Receiver is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.      The Temporary Receiver is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4.      The Temporary Receiver is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5.      The Temporary Receiver is without sufficient information to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6.      The Temporary Receiver admits the allegations contained in Paragraph 6 of the Complaint.

7.      The Temporary Receiver admits the allegations contained in Paragraph 7 of the Complaint.

8.      The Temporary Receiver admits the allegations contained in Paragraph 8 of the Complaint.

9.      The Temporary Receiver admits the allegations contained in Paragraph 9 of the Complaint.

10.     The Temporary Receiver admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant, Robert J. Griffin, Esq., admits that he was appointed Temporary Receiver in a civil action entitled Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts, et al, vs. Logan Healthcare Facility, et al, Suffolk Superior Court civil action no.

2

03-2696A with respect to five (5) nursing home facilities[1] that were all once owned and/or operated by members of the Logan family. The Temporary Receiver is a party to this action in his capacity as receiver only and not in any individual or other capacity.

12.    The Temporary Receiver admits the allegations contained in Paragraph 12 of the Complaint.

13.    The Temporary Receiver admits the allegations contained in Paragraph 13 of the Complaint.

14.    The Temporary Receiver is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15.    The Temporary Receiver is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.    The Temporary Receiver is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17.    The Temporary Receiver is without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18.    The Temporary Receiver is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.    The Temporary Receiver is without sufficient information to admit or deny allegations as to potential interests of other parties in the proceeds but asserts that the Temporary Receiver and the receivership have an interest in any foreclosure surplus proceeds in an amount equal to the costs of the receivership as approved by the Court and any other costs permissible

---

[1] Logan Healthcare Facility, Inc. ("Logan"), Elihu White Nursing Home, Inc. ("Elihu White"), Pondmeadow Healthcare Facility, Inc. ("Pondmeadow"), Atrium Healthcare Facility LLC ("Atrium") and Crestview Healthcare Facility, Inc.) ("Crestview").

3

under G.L. c. 111, §72Q, the court order appointing the Temporary Receiver or any other further

order of the Court. The Temporary Receiver further asserts that notice of said lien was recorded

in the Norfolk County Registry of Deeds on July 12,2004 at Book 21282, Page 172. A copy of

said notice is attached hereto as Exhibit A.

WHEREFORE the Temporary Receiver respectfully requests that this Court enter relief

as to the claims of the interpleader plaintiff as follows:

1.    That the Court establish the priority of interests of the parties to this action;

2.    That the Court ensure that the Temporary Receiver be paid such sums as are due

      under the receivership lien and otherwise ensure that distribution of the proceeds

      be made in accordance with the priorities established by the Court; and

3.    That the Court enter such other and further relief as is just.

Respectfully submitted,

Robert J. Griffin, Temporary Receiver of Logan
Healthcare Facility, Inc. d/b/a Logan Nursing
and Rehabilitation Center, Elihu White Nursing
Home, Inc. d/b/a Elihu White Nursing and
Rehabilitation Center, Pond Meadow Healthcare
Facility, Inc. d/b/a Pond Meadow Healthcare
Facility and Atrium Healthcare Facility, LLC
d/b/a Atrium Nursing Center
By his Attorney,

Anthony J. Cichello, BBO #562826
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/25/05

Dated: June 14, 2005

4

Exhibit A

Bk 21282 P172  #123716
07-12-2004 a 11:25a

## NOTICE OF LIEN
## PURSUANT TO MASSACHUSETTS GENERAL LAWS CHAPTER 111, §72Q

Notice is hereby given that the undersigned, Robert J. Griffin, Esq., has been appointed by the Suffolk Superior Court (the "Court") temporary receiver of the Crestview Healthcare Facility, Inc., 86 Greenleaf Street, Quincy, MA 02169 (the "Facility"). Pursuant to the Order for the Appointment of A Temporary Receiver (the "Court Order") in Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts and the Commonwealth of Massachusetts by its Department of Public Health v. Logan Healthcare Facility, Inc., et al., Suffolk Superior Court Civil Action No. 03-2696A, and Massachusetts General Laws Chapter 111, §72Q (the "Statute"), the Commonwealth of Massachusetts has a lien upon the following property: the building in which the Facility is located; the land on which the Facility is located; and any fixtures, equipment or goods used in the operation of the Facility. The lien is in an amount equal to the costs of the receivership as approved by the Court and any other costs permissible under the Statute, the Court Order, or any further order of the Court.

**Record owner of land, building and fixtures**: Joel K. Logan, Trustee of Crestview Management Trust u/d/t dated February 23, 1985 and recorded at the Norfolk Registry of Deeds at Book 6610, Page 363.

**Title reference for land, building and fixtures**: Deed recorded on February 28, 1985 at the Norfolk County Registry of Deeds at Book 6610, Page 371.

The lien described herein shall cover all property described in said deed, as well as all other property, if any, upon which the Facility or any portion thereof or any fixtures, equipment or goods used therein is located.

EXECUTED under seal this 9th day of July, 2004.

_____
Robert J. Griffin, Esq.
Temporary Receiver as Aforesaid

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                          July 9, 2004

On this 9th day of July, 2004, before me, the undersigned notary public, then personally appeared Robert J. Griffin, Esq., Temporary Receiver, proved to me through satisfactory evidence of identification, which were personally known to me to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
Mollie Finnan, Notary Public
My Commission Expires:    11-6-09

Property Location:  86 Greenleaf Street, Quincy

2043\0006\141450.1
*Please return to:*
*Robert J. Griffin, Esq.*
*Krokidas & Bluestein LLP*
*600 Atlantic Avenue*
*Boston, MA 02210*

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P. O'Donnell
WILLIAM P. O'DONNELL, REGISTER

## CERTIFICATE OF SERVICE

I, Anthony J. Cichello, hereby certify that on June 14, 2005, I served a copy of the foregoing document, via first class mail, postage prepaid, upon the following counsel of record:

Jonathan Braverman, Esq.
Lisa Bond, Esq.
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, #108
Braintree, MA  02184

Eileen Ryan McAuliffe, Esq.
Counsel to the Commissioner
DEPARTMENT OF REVENUE
Legal Division – Litigation Bureau
100 Cambridge Street – P.O. Box 9565
Boston, MA  02114-9565

David Hadas, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Government Bureau – Administrative Law Division
One Ashburton Place
Boston, MA  02108-1598

_____
Anthony J. Cichello, Esq.

2043\0006\152182.1

5



(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.  NOCV2005-00868-D

*6/20/05*

*NORFOLK COUNTY*

South Shore Savings Bank , *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

**v.**

Joel K. Logan, et al , *Defendant(s)*

### SUMMONS

To the above-named Defendant: Massachusetts Department of Revenue/Collections Bureau

You are hereby summoned and required to serve upon ..Jonathan Braverman..........,
Braintree, MA  02184
plaintiff's attorney, whose address is ..50..Braintree..Hill..Park,..#108.., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.
~~BARBARA J. ROUSE, Esquire~~

WITNESS, ~~SUZANNE V. DELVECCHIO,~~ *Esquire,* at .........................the ...........................
Dedham                        16th

day of ........................................, in the year of our Lord two thousand and ...........................
May                                                                                        five

A TRUE COPY
Attest:
~~Deputy Assistant Clerk~~
8/25/05

..................... Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

(TO PLAINTIFF'S ATTORNEY: **PLEASE CIRCLE TYPE OF ACTION INVOLVED:-**
**TORT - MOTOR VEHICLE TORT - CONTRACT -**
**EQUITABLE RELIEF - OTHER.**)

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**                                                            SUPERIOR COURT
                                                                           CIVIL ACTION

                                                                           NO. NOCV2005-00868-D


......South..Shore..Savings..Bank...., *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

        **v.**


....Joel..K...Logan,..et..al..........., *Defendant(s)*



RECEIVED & FILE
CLERK OF THE CO
NORFOLK COUNT
6/20/05

### SUMMONS

To the above-named Defendant:

        You are hereby summoned and required to serve upon .Jonathan..Braverman..........,
                                                                          Braintree, MA  02184
plaintiff's attorney, whose address is 50..Braintree..Hill..Park,..#108,.., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

        Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.
                          **BARBARA J. ROUSE, Esquire**
        WITNESS, ~~SUZANNE V. DELVECCHIO, Esquire~~, at .........................the ...........16th......

day of ........May..................., in the year of our Lord two thousand and ...........five................

        **A TRUE COPY**
Attest: _____
        Deputy Assistant Clerk
              8/25/05                                        _____ Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
CIVIL ACTION
NO. NOCV2005-00868-D

-------------------------------------------------------------------:
SOUTH SHORE SAVINGS BANK, SUCCESSOR-BY-MERGER:
TO SOUTH WEYMOUTH SAVINGS BANK

    Plaintiff,

    -v-

JOEL K. LOGAN, ET AL

    Defendants
-------------------------------------------------------------------:

6/27/05

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

ANSWER OF GREENLEAF VI, INC., AS SUCCESSOR-IN-INTEREST TO
HEALTHCARE CAPITAL RESOURCES, INC. AND HCR POOL II FUNDING CORPORATION

Now comes Greenleaf VI, Inc., and hereby answers and says:

1. Greenleaf VI, Inc. ("Greenleaf") is the successor-in-interest to Arlington Funding Services, Inc., who in turn is the successor-in-interest to Healthcare Capital Resources, Inc. and HCR Pool II Funding Corporation, with respect to, inter alia, the interests of said Healthcare Capital Resources, Inc. and HCR Pool II Funding Corporation in property located at 86 Greenleaf Street, Quincy, Norfolk, Massachusetts (the "Subject Property"), including the attachment recorded with the Norfolk County Registry of Deeds at Book 15598, Page 502 (the "Attachment").

2. The obligation secured by the Attachment has been satisfied, and as such, Greenleaf has no interest in or claim to the proceeds from the foreclosure sale conducted by the Plaintiff on the Subject Property.

WHEREFORE, Greenleaf prays that it may be discharged from this proceeding.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 24th DAY OF JUNE, 2005.

David B. Currie, Esquire
Greenleaf VI, Inc.
25 Railroad Square
Haverhill, MA 01832
978-556-5900
BBO # 552476

A TRUE COPY

Attest: _____
Deputy Assistant Clerk
8/25/05

21.

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

**NO.** NOCV2005-00868-D

South Shore Savings Bank , *Plaintiff(s)*
successor-by-merger to
South Weymouth Savings Bank

**v.**

Joel K. Logan, et al , *Defendant(s)*

5/29/05
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

### SUMMONS

To the above-named Defendant:  J Glab, LLC, as Assignee of King David Trust

You are hereby summoned and required to serve upon  Jonathan Braverman ,

plaintiff's attorney, whose address is  50 Braintree Hill Park, #108,  Braintree, MA  02184 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

~~BARBARA J. ROUSE, Esquire~~

WITNESS, ~~SUZANNE V. DELVECCHIO~~, *Esquire*, at  Dedham  the  16th

day of  May , in the year of our Lord two thousand and  five

Walter F. Timilty  Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK,SS.                          SUPERIOR COURT DEPARTMENT
                                     CIVIL ACTION NO.

| | |
|---|---|
| SOUTH SHORE SAVINGS BANK, | ) |
| SUCCESSOR-BY-MERGER TO | ) |
| SOUTH WEYMOUTH SAVINGS BANK, | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| JOEL K. LOGAN, INDIVIDUALLY AND | ) |
| AS TRUSTEE OF CRESTVIEW MANAGEMENT | ) |
| TRUST; MARY ELLEN LOGAN, INDIVIDUALLY | ) |
| AND AS TRUSTEE OF CRESTVIEW MANAGEMENT | ) |
| TRUST; MASSACHUSETTS DEPARTMENT OF | ) |
| REVENUE; J. GLABB, LLC AS ASSIGNEE OF | ) |
| KING DAVID TRUST; CIRELLI FOODS, INC.; | ) |
| INTERNAL REVENUE SERVICE; JONATHAN BASHEIN | ) |
| AS ASSIGNEE OF NIXON PEABODY, LLP; | ) |
| ROBERT J. GRIFFIN, ESQ.; THOMAS F. REILLY, | ) |
| ATTORNEY GENERAL OF THE COMMONWEALTH | ) |
| OF MASSACHUSETTS; THE COMMONWEALTH OF | ) |
| MASSACHUSETTS BY ITS DEPARTMENT OF PUBLIC | ) |
| HEALTH; HEALTHCARE CAPITAL RESOURCES, INC., | ) |
| AND HCFP FUNDING, INC., SUCCESSOR-IN-INTEREST | ) |
| TO HEALTH PARTNERS FUNDING, L.P., | ) |
| Defendants. | ) |

## ACCEPTANCE OF SERVICE ON BEHALF OF THE DEFENDANT, ~~J. GLABB, LLC~~, AS ASSIGNEE OF KING DAVID TRUST
### J GLAB LLC

I, _TODD D. GOLDBERG_____, Esquire, Attorney for the Defendant, hereby accept

service of process of the Summons, Complaint, Civil Action Cover Sheet and Tracking Order on
_J Glab LLC_

behalf of ~~J. Glabb, LLC~~, as Assignee of King David Trust, Defendant in the above-captioned

matter. _The acceptance of service of process shall not be construed to waive any other rights, remedies or defenses available to the J Glab LLC._

SIGNED THIS ___14th___ DAY OF JUNE 2005.

A TRUE COPY
Attest:
Deputy Assistant Clerk
8/25/05

_____
TODD GOLDBERG, BBO # 600144
Bernkopf Goodman LLP
125 Summer Street
Boston, MA  02110-1621

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. NOCV2005-00868-D

|  |  |
|---|---|
| SOUTH SHORE SAVINGS BANK,<br>SUCCESSOR-BY-MERGER TO SOUTH<br>WEYMOUTH SAVINGS BANK,<br><br>Plaintiff,<br><br>v.<br><br>JOEL K. LOGAN, INDIVIDUALLY AND AS<br>TRUSTEE OF CRESTVIEW MANAGEMENT<br>TRUST; MARY ELLEN LOGAN,<br>INDIVIDUALLY AND AS TRUSTEE OF<br>CRESTVIEW MANAGEMENT TRUST;<br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE, J. GLAB, LLC AS ASSIGNEE OF<br>KING DAVID TRUST; CIRELLI FOODS, INC.;<br>INTERNAL REVENUE SERVICE; JONATHAN<br>BASHEIN AS ASSIGNEE OF NIXON<br>PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.;<br>THOMAS F. REILLY, ATTORNEY GENERAL<br>OF THE COMMONWEALTH OF<br>MASSACHUSETTS; THE COMMONWEALTH<br>OF MASSACHUSETTS BY ITS DEPARTMENT<br>OF PUBLIC HEALTH; HEALTHCARE<br>CAPITAL RESOURCES, INC., AND HCFP<br>FUNDING, INC., SUCCESSOR-IN-INTEREST<br>TO HEALTH PARTNERS FUNDING, L.P.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

## J GLAB LLC'S ANSWER TO MORTGAGEE'S COMPLAINT FOR INTERPLEADER

Defendant J Glab LLC hereby answers the allegations contained in Mortgagee's

Complaint for Interpleader ("Complaint") as follows:

## Parties

1.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.    J Glab LLC admits that J Glab LLC is a Massachusetts limited liability company with a principal place of business at 8 Abingdon Avenue, Norfolk County, Holbrook, Massachusetts. By way of further answer, J Glab LLC admits that it is the assignee of, *inter alia*, a judgment and execution issued in favor of Michael Hunter, as Trustee of King David Trust ("King David"), and against, *inter alia*, Joel K. Logan and Mary E. Logan, individually and as trustees of Crestview Management Trust, in the matter entitled *Michael Hunter, as Trustee of King David Trust v. Florence E. Logan, et al.*, Norfolk Superior Court (Massachusetts), Civil Action No. NOCV2003-00300, and that J Glab LLC now holds all right, title, and interest in said Judgment and Execution. J Glab LLC further states the Execution was recorded on December 23, 2003 in the Norfolk County Registry of Deeds at Book 20356, Page 267, that the Execution

- 2 -

is not satisfied, that the outstanding amount of the Execution is in excess of $1,089,068.31, and that J Glab LLC is entitled to any and all surplus proceeds from the foreclosure as its lien is next in priority.

8.     J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.     J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

### Facts

16.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

- 3 -

17.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.    J Glab LLC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.    J Glab LLC denies the allegations contained in paragraph 19 of the Complaint.

WHEREFORE, J Glab LLC respectfully requests the Court Order the following:

1.    That J Glab LLC is entitled to the surplus proceeds from the foreclosure sale;

2.    That the other defendants and any other individuals and/or entities who have failed to enter an appearance in this action who later claim an interest in the surplus proceeds be permanently enjoined from instituting any action against J Glab LLC; and

3.    Grant such further and additional relief as the Court deems just and proper.

J GLAB LLC,
By its attorneys,

Jason A. Manekas, Esquire, BBO No. 632073
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300

Dated: June 30 , 2005
#314733 v1/36503/62

A TRUE COPY
Attest:
Deputy Assistant Clerk
8/25/05

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) 6/30/05

- 4 -

23.0

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
C.A. NO. 05-00868-D

SOUTH SHORE SAVINGS BANK,
SUCCESSOR-BY-MERGER TO SOUTH
WEYMOUTH SAVINGS BANK,

Plaintiff,

v.

JOEL K. LOGAN, INDIVIDUALLY AND
AS TRUSTEE OF CRESTVIEW
MANAGEMENT TRUST, et al.,

Defendants.



### STATE DEFENDANTS' ANSWER

Defendants Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts,

and the Commonwealth of Massachusetts, by its Department of Public Health, (collectively, the

"State Defendants"), answer the allegations of the Complaint as follows:

1.      The State Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 1.

2.      The State Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 2.

3.      The State Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 3.

4.      The State Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 4.

5.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.    The State Defendants admit the allegations contained in Paragraph 11.

12.    The State Defendants admit the allegations contained in Paragraph 12.

13.    The State Defendants admit the allegations contained in Paragraph 13.

14.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.    The State Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 17.

18.     The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19. The State Defendants, however, do assert an interest in this action by virtue of their pending civil action against defendants Joel K. Logan, Mary Ellen Logan, Crestview Management Trust, and other related parties. The action is entitled *Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts and the Commonwealth of Massachusetts by its Department of Public Health v. Logan Healthcare Facility, Inc. et al.*, Suffolk Superior C.A. No. 03-2696-A. The State Defendants' complaint requested, among other relief, the appointment of a receiver, pursuant to G.L. c. 111, § 72N, over four nursing homes owned and controlled by the Logan family,[1] and sought civil penalties and damages pursuant to G.L. c. 111, § 72K and G.L. c. 93A. See Complaint, attached hereto as Exhibit A. On June 6, 2003, the Superior Court entered an order appointing a temporary receiver. See Exhibit B. On that date, the Superior Court enjoined the 19 defendants in that action from transferring assets and issued writs of attachment against 11 defendants, including Joel K. Logan in the amount of $2 million (recorded on June 10, 2003). See Exhibit C and D, respectively. The State Defendants subsequently moved for the appointment of a receiver over Crestview Healthcare Facility, Inc., which the Court allowed on July 2, 2004. See Exhibit E.

---

[1]     At the hearing, the State Defendants requested that a receiver be appointed over four of the five nursing homes owned by the Logan family as follows: Logan Healthcare Facility, Inc., Elihu White Nursing Home, Inc., Pond Meadow Healthcare Facility, Inc., and Atrium Healthcare Facility, LLC. At the time of the hearing, the State Defendants did not believe an "emergency" existed at Crestview Healthcare Facility, Inc., within the meaning of G.L. c. 111, § 72M, requiring the appointment of a receiver.

Additionally, on that date, the Court issued two additional writs of attachment against Mary

Ellen Logan in the amount of $250,000 (recorded on July 7, 2004) and Crestview Management

Trust in the amount of $250,000 (recorded on July 8, 2004).  See Exhibits F and G, respectively.

On July 9, 2004, the temporary receiver, Robert J. Griffin, Esq., pursuant to G.L. c. 111, § 72Q,

executed a notice of lien on behalf of the Commonwealth of Massachusetts upon the property at

86 Greenleaf Street, Quincy, Massachusetts in an amount equal to the costs of the receivership as

approved by the Superior Court and other permissible costs, which Notice of Lien was recorded

on July 12, 2004.  See Exhibit H.

WHEREFORE, the State Defendants respectfully pray that this Court:

1.    Ensure the priority of interests of the parties to this action;

2.    Ensure that the distribution be done in accordance with the priorities established

by the Court;

3.    Ensure that no attorneys fees or costs be awarded to plaintiff which would

adversely affect the interests of the Commonwealth of Massachusetts;

4.    Order such other relief as is appropriate.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

David Hadas, BBO # 641294
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2085

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each other party by mail (by-hand)

on    7/8/1.5    .

---

**Date: July 8, 2005**

4

A TRUE COPY

Attest: _____
Deputy Assistant Clerk
8/25/05



EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                              SUPERIOR COURT
                                                        C.A. NO.

```
                                            )
THOMAS F. REILLY, ATTORNEY GENERAL          )          03-2696  -A
OF THE COMMONWEALTH OF MASSACHUSETTS        )
                                            )
          and                               )
                                            )
THE COMMONWEALTH OF MASSACHUSETTS           )
BY ITS DEPARTMENT OF PUBLIC HEALTH,         )
                                            )
        Plaintiff-Petitioners               )
                                            )
               v.                           )
                                            )
LOGAN HEALTHCARE FACILITY, INC.,            )
LOGAN HEALTHCARE REALTY, LLC,               )
ELIHU WHITE NURSING HOME, INC.,             )
ELIHU WHITE REALTY, LLC,                    )
CRESTVIEW HEALTHCARE FACILITY, INC.,        )
CRESTVIEW MANAGEMENT TRUST,                 )
POND MEADOW HEALTHCARE FACILITY, INC.,      )
POND MEADOW REALTY, LLC,                    )
ATRIUM HEALTHCARE FACILITY, LLC,            )
ATRIUM NURSING CENTER LIMITED               )
LOGAN HEALTHCARE MANAGEMENT                 )
GROUP, INC.,                                )
JOEL K. LOGAN,                              )
FLORENCE E. LOGAN,                          )
MARK S. LOGAN,                              )
MARY ELLEN LOGAN,                           )
TODD S. LOGAN,                              )
ARTHUR LOGAN                                )
KENNETH M. LOGAN, JR., and                  )
GREGORY LOGAN, ADMINISTRATOR,               )
                                            )
        Defendant-Respondents.              )
                                            )
```

RECEIVED

JUN 0 6 2003

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
FOR CIVIL BUSINESS

## COMPLAINT AND PETITION FOR THE
## APPOINTMENT OF A TEMPORARY RECEIVER

## I. **STATEMENT OF THE CASE**

1.     Thomas F. Reilly, the Attorney General of the Commonwealth of Massachusetts, and the Commonwealth, by its Department of Public Health (jointly the "Commonwealth"), petition this Court pursuant to G.L. c.111, §72M for the appointment of a receiver to protect the residents of four Massachusetts nursing home facilities. The Commonwealth asserts that an "emergency" exists, within the meaning of G.L. c. 111, §72M, and that conditions exist which present an imminent danger of death or serious bodily harm to the 349 residents of the four facilities.

2.     The four nursing homes are the Logan Healthcare Facility, Inc., Elihu White Nursing Home, Inc., Pond Meadow Healthcare Facility, Inc. and Atrium Healthcare Facility, LLC (collectively, the "Logan Facilities"), which are owned by members of the Logan family, as described in more detail below.

3.     An emergency exists that necessitates the immediate appointment of a Temporary Receiver over each of the Logan Facilities. There is imminent danger that each of the Logan Facilities will be abandoned by its staff and/or shut down by regulatory authorities with little or no notice because of Defendants' gross financial mismanagement. The owners of the Logan Facilities have grossly mismanaged the financial operations of these facilities by, among other things, failing to pay: (a) workers compensation insurance for their employees, causing the Division of Industrial Accidents ("DIA") to issue Stop Work Orders requiring the immediate closure of the four Logan Facilities unless a receiver is appointed; (b) at least $6 million (and possibly as much as $12.5 million) in employee withholding taxes, causing the Internal Revenue

2

Service ("IRS") to levy upon tax liens which froze the bank account(s) covering at least three of the facilities. On May 30, 2003, the three facilities were unable to make payroll, and staff threatened to walk out, until the IRS agreed to release a levy on the payroll account. The levy was released by the IRS based on assurances from the Department of Public Health that the Commonwealth would seek the appointment of a receiver; and (c) health insurance premiums for their employees, even though employee contributions were being deducted from their pay checks, causing certain health plans to terminate coverage.

4.    If the Logan Facilities are abandoned by their staff and/or shut down by order of regulatory authorities – which could happen as soon as June 6, 2003 – it will have a devastating impact on the health and safety of approximately 349 sick and elderly residents and patients, presenting an imminent danger of death or serious physical harm to these residents and patients.

5.    A receiver is necessary: (a) to protect the immediate health and safety of the residents by ensuring that they receive the care they need, (b) protect the longer-term health and safety of the residents by taking measures to ensure that the facilities remain able to meet their tax and insurance obligations, and are not abandoned by staff or closed by regulatory action, and/or (c) if necessary, to ensure the implementation of orderly and safe closures of the facilities and patient transfers within the next two months. For these reasons, the Commonwealth seeks an order from this Court pursuant to the Commonwealth's Patient Protection Receivership Statute, G.L. c.111, §72M. et seq., immediately appointing a receiver over each of the Logan Facilities.

6.    The Commonwealth is also seeking to immediately enjoin the owners, officers, directors and administrators of the Logan Facilities, and related entities, from transferring any of their assets, as well as real estate attachments, to protect and preserve the facilities' assets for the

3

Receiver's operation of the facilities and/or orderly closure and transfer of patients, and to secure the judgment which the Commonwealth expects to recover.

7.   After a trial on the merits, the Attorney General will seek to recover from the defendants the costs of prosecuting this action, including reasonable attorneys' fees, the costs of this receivership, and penalties. The Attorney General will also seek to enjoin certain defendants from owning and/or operating a long-term care facility in Massachusetts for a reasonable period of time.

## II. JURISDICTION

8.   Jurisdiction is conferred upon this Court by G.L. c.12, §10 and G.L. c. 111, §72N, G.L. c. 111, §72K and G.L. c.93A, §4.

## III. VENUE

9.   Venue is proper pursuant to G.L. c. 223, §5 and G.L. c. 93A, §4.

## IV. PARTIES

10.   Thomas F. Reilly is the Attorney General of the Commonwealth of Massachusetts. Pursuant to G.L. c.111, §72N, the Attorney General is authorized to bring an action requesting the appointment of a receiver to operate a long term care facility as defined by G.L. c. 111, §71, whenever grounds for receivership exists, as set forth in G.L. c. 111, §72M. The Attorney General is also authorized to seek civil penalties pursuant to G.L. c. 93A, §4, and G.L. c. 111, §72K.

11.   The Massachusetts Department of Public Health (the "Department" or "DPH"), is the state agency responsible for performing the function of certification required under 42 C.F.R. 442.100 et seq. and related state and federal laws as a precondition of participation and continued

4

operation as a provider in the State Medical Assistance Program (Medicaid) administered by the Division of Medical Assistance. The Department is also responsible for the enforcement of G.L. c. 111, §§71-73, the Long Term Care Facility Licensing Regulations found in 105 CMR 150.000, and the Licensure Procedure and Suitability Requirements for Long Term Care Facilities found in 105 CMR 153.000. Under these statutes and regulations, the Department is responsible for licensing long term care facilities and for finding licensees suitable to establish or maintain such facilities. Pursuant to G.L. c. 111, §72N, the Department is also authorized to bring an action requesting appointment of a receiver whenever an emergency exists within the meaning of G. L. c.111, §72M.

12.    Logan Healthcare Facility, Inc. ("Logan Healthcare") is a corporation with a principal place of business at 861 Main Street, Weymouth, Massachusetts. Logan Healthcare is the holder of a license issued by DPH to operate the Logan Nursing & Rehabilitation Center, a 82-bed long term care facility located at 175 Grove Street, Braintree, Massachusetts.

13.    Logan Healthcare Realty, LLC ("Logan Realty") is a limited liability company with a principal place of business at 593 Washington Street, Weymouth, Massachusetts. Logan Realty is the owner of the real estate known as 175 Grove Street, Braintree, Massachusetts.

14.    Elihu White Nursing Home, Inc. ("Elihu Healthcare") is a corporation with a principal place of business at 593 Washington Street, Weymouth, Massachusetts. Elihu Healthcare is the holder of a license issued by DPH to operate the Elihu White Nursing & Rehabilitation Center, a 204-bed long term care facility located at 95 Commercial Street, Braintree, Massachusetts.

15.    Elihu White Realty, LLC ("Elihu Realty") is a limited liability company with a

5

principal place of business at 593 Washington Street, Weymouth, Massachusetts. Elihu Realty is the owner of the real estate known as 95 Commercial Street, Braintree, Massachusetts.

16.     Crestview Healthcare Facility, Inc. ("Crestview Healthcare") is a corporation with a principal place of business at 86 Greenleaf Street, Quincy, Massachusetts. Crestview Healthcare is the holder of a license issued by DPH to operate the Crestview Healthcare Facility, a 50-bed long term care facility located at 86 Greenleaf Street, Quincy, Massachusetts.

17.     Crestview Management Trust ("Crestview Realty") is a trust with a principal place of business at 86 Greenleaf Street, Quincy, Massachusetts. Crestview Realty is the owner of the real estate known as 86 Greenleaf Street, Quincy, Massachusetts.

18.     Pond Meadow Healthcare Facility, Inc. ("Pond Meadow Healthcare") is a corporation with a principal place of business at 593 Washington Street, Weymouth, Massachusetts. Pond Meadow Healthcare is the holder of a license issued by DPH to operate the Pond Meadow Healthcare Facility, a 91-bed long term care facility located at 188 Summer Street, Weymouth, Massachusetts.

19.     Pond Meadow Realty, LLC ("Pond Meadow Realty") is a limited liability company with a principal place of business at 593 Washington Street, Weymouth, Massachusetts. Pond Meadow Realty is the owner of the real estate known as 188 Summer Street, Weymouth, Massachusetts.

20.     Atrium Healthcare Facility, LLC ("Atrium Healthcare") is a limited liability company with a principal place of business at 593 Washington Street, Weymouth, Massachusetts. Atrium Healthcare is the holder of a license issued by DPH to operate the Atrium Nursing & Rehabilitation Center, a 90-bed long term care facility located at 314 Marion Road,

6

Middleboro, Massachusetts.

21.     Atrium Nursing Center Limited ("Atrium Realty") is the owner of the real estate known as 314 Marion Road, Middleboro, Massachusetts.

22.     Logan Healthcare Management Group, Inc. ("Logan Management") is a corporation with a principal place of business at 593 Washington Street, Weymouth, Massachusetts.  Logan Management manages all of the Logan Facilities except Elihu Healthcare.

23.     Joel K. Logan ("Joel") is an individual who resides at 1035 Main Street, Norwell, Massachusetts.  The Department's records reflect that Joel holds ownership interests in certain of the Logan Facilities as follows: 25% Logan Healthcare and 51% Crestview Healthcare.  The Department's records reflect that Joel is the licensed Nursing Home Administrator for Crestview Healthcare.  Joel is also an officer of Logan Healthcare, Elihu Healthcare, Crestview Healthcare, Pond Meadow Healthcare and of Logan Management.  Joel is a licensee of Logan Healthcare, Elihu Healthcare, Crestview Healthcare, and Pond Meadow Healthcare by virtue of his ownership interests and/or his status as an officer.

24.     Florence E. Logan ("Florence") is an individual who resides at 15 Logan Drive, Braintree, Massachusetts.  The Department's records reflect that Florence holds ownership interests in certain of the Logan Facilities as follows: 25% Logan Healthcare, 100% Elihu Healthcare and 100% Pond Meadow Healthcare.  Florence is also an officer of Elihu Healthcare and Pond Meadow Healthcare.   Florence is a licensee of Logan Healthcare, Elihu Healthcare and Pond Meadow Healthcare by virtue of her ownership interests and/or her status as an officer.

25.     Mark S. Logan ("Mark") is an individual who resides at 15 Logan Drive, Braintree, Massachusetts.  The Department's records reflect that Mark holds ownership interests in certain

7

of the Logan Facilities as follows: 25% Logan Healthcare.    Mark is also an officer of Logan

Healthcare and Logan Management.  Mark is a licensee of Logan Healthcare by virtue of his

ownership interests and/or his status as an officer.

26.    Mary Ellen Logan ("Mary") is an individual who resides at 1035 Main Street,

Norwell, Massachusetts.  The Department's records reflect that Mary holds ownership interests

in certain of the Logan Facilities as follows: 49% Crestview Healthcare.  Mary is also an officer

of Crestview Healthcare.  Mary is a licensee of Crestview Healthcare by virtue of her ownership

interest and/or her status as an officer.

27.    Todd S. Logan ("Todd") is an individual who resides at 10 Marinelli Court,

Braintree, Massachusetts.  The Department's records reflect that Todd holds ownership interests

in certain of the Logan Facilities as follows: 25% Logan Healthcare and 99% Atrium Healthcare.

Todd is also an officer of Logan Healthcare and Logan Management.  Todd is a licensee of

Logan Healthcare and Atrium Healthcare by virtue of his ownership interests and/or his status as

an officer.

28.    Arthur Logan ("Arthur") is an individual who resides at 30 Greenfield Lane,

Scituate, Massachusetts.  The Department's records reflect that Arthur is an officer of Elihu

Healthcare.  Arthur is a licensee of Elihu Healthcare by virtue of his status as an officer.

29.    Kenneth M. Logan, Jr. ("Kenneth") is an individual who resides at 40 Holly Road,

Braintree, Massachusetts.  The Department's records reflect that Kenneth is a director of Elihu

Healthcare and Atrium Healthcare.  Kenneth is a licensee of Elihu Healthcare and Atrium

Healthcare by virtue of his status as a director.  Kenneth is the licensed Nursing Home

Administrator for Atrium Healthcare.

8

30.    Joel, Florence, Mark, Mary, Todd, Arthur and Kenneth are hereinafter collectively referred to as the "Licensees."

31.    Gregory Logan ("Gregory") is an individual who resides at 2 Centennial Park, Kingston, Massachusetts. The Department's records reflect that Gregory is the licensed Nursing Home Administrator for Logan Healthcare.

## IV. STATEMENT OF FACTS

32.    The Logan Facilities are licenced by the Department to operate the long term care facilities within the meaning of G.L. c. 111, § 71.

33.    The Department has been informed that there are 349 residents currently living at the Logan facilities (Logan Healthcare 79, Elihu Healthcare 119, Pond Meadow Healthcare 67 and Atrium Healthcare 84). A fifth facility, Crestview Healthcare, has 42 residents. See Affidavit of Kalina Vendetti annexed hereto as Exhibit "A" (Vendetti Aff. ¶¶ 3-7).

34.    Both Logan Healthcare and Atrium Healthcare failed to pay health insurance premiums for their employees resulting in Tufts Associated Health Maintenance Organization, Inc.'s ("Tufts") termination of health insurance coverage for those employees. See Affidavit of Barry McCarthy annexed hereto as Exhibit "B" (McCarthy Aff. ¶¶ 3-4). In fact, the last premium payment for these two facilities, in the amount of $46,162.59, was returned for insufficient funds and remains due and owing to Tufts. (McCarthy Aff. ¶5) Upon information and belief, these Logan Facilities continued to deduct from their employees' pay checks the employees' contribution for health insurance notwithstanding that the premiums were not being paid.

9

35.     Although replacement insurance has been obtained through Harvard Pilgrim
Healthcare, Inc. ("Harvard Pilgrim"), upon information and belief, this new coverage is only paid
through June 20, 2003.

36.     As a result of four of the Logan Facilities' failure to maintain workers'
compensation insurance coverage the DIA issued four Stop Work Orders. On April 16, 2003,
DIA served in hand to Todd Logan the Stop Work Order #452658 for Elihu Healthcare and
#452659 for Pond Meadow Healthcare. On April 18, 2003, DIA served in hand to Todd Logan
the Stop Work Order #113053 for Logan Healthcare and #176728 for Atrium Healthcare. See
Affidavit of Yvonne Vieira-Cardoza annexed hereto as Exhibit "C". (Vieira-Cardoza Aff. ¶ 7)

37.     An appeal hearing of the Stop Work Orders was scheduled for May 29, 2003.
Notwithstanding that no one appeared on behalf of the named entities, the DIA continued the
hearing at the request of Joel Logan. (Vieira-Cardoza Aff. ¶¶ 3-4)

38.     The continued hearing was held on June 3, 2003. Todd Logan was present
representing all of the named entities. Todd Logan testified that the four Logan Facilities were
experiencing cash flow problems and owed approximately $167,000 for past due workers'
compensation premiums. He further testified that he was unable to work out a payment plan with
the carrier. Todd Logan was informed that the issue at the hearing was limited to whether he
could provide proof of workers' compensation insurance, which he could not. Based on the
evidence, DIA determined that the Elihu Healthcare, Pond Meadow Healthcare, Logan
Healthcare and Atrium Healthcare were not in compliance with G.L. c. 152. (Vieira-Cardoza
Aff. ¶¶ 8-9)

10

39.     Following the hearing DIA met with Todd Logan and General Counsel for the DIA, Gregory White. DIA also contacted the Division of Insurance, Mr. Walter Horn, and the Workers' Compensation Rating & Inspection Bureau, Ms. Ellen Keefe, to assist Todd Logan in obtaining insurance for the four Logan Facilities. They were unsuccessful in obtaining coverage. (Vieira-Cardoza Aff. ¶ 11)

40.     As of June 5, 2003, Elihu Healthcare, Pond Meadow Healthcare, Logan Healthcare and Atrium Healthcare remain uninsured and the employees' working in a high risk for injury environment are unprotected. The DIA is obligated by statute to enforce the Stop Work Orders and call on these facilities to cease operations and notify law enforcement in assisting the department in "preventing employee and other persons from remaining at the place of employment". G.L. c.152, §25C(3). (Vieira-Cardoza Aff. ¶ 12). See also Supplemental Vieira-Cardoza Affidavit annexed hereto as Exhibit C1 (Supp. Vieira-Cardoza Aff. ¶ 7).

41.     Unless a receiver is appointed by the Courts to immediately administer payments for Elihu Healthcare, Pond Meadow Healthcare, Logan Healthcare and Atrium Healthcare these facilities remain in a position where workers' compensation coverage cannot be obtained through the workers' compensation insurance pool and DIA is left without discretion per statute and shall notify the facilities, and the Department of Public Health, that the facilities will be closed on Friday, June 6, 2003, at 4:00 pm. (Vieira-Cardoza Aff. ¶ 13; Supp. Vieira-Cardoza Aff. ¶ 8)

42.     On information and belief, prior to May 30, 2003, the Department received many complaints regarding the Logan Facilities, including allegations that it often took several days for employees' pay checks to be honored at the bank, that services such as rubbish collection and medical waste collection had been interrupted, and that there was insufficient staff to provide

11

resident services. On May 30, 2003 there were Department surveyors in three of the facilities to observe conditions. (Vendetti Aff. ¶ 9)

43.    At Pond Meadow Healthcare, the staff denied that there were any problems with the payroll. However, at a surveyor's insistence, the business manager called the bank, and the bank verified that no employee paychecks would be honored. (Vendetti Aff. ¶ 10)

44.    Paul Dreyer, the Director of the Division of Health Care Quality was informed of the problem at Pond Meadow Healthcare. On information and belief, Mr. Dreyer convened a conference call with his top administrative staff and Joel Logan, a licensee of Pond Meadow Healthcare. Joel Logan stated that the IRS had placed a levy of "over a million dollars"on certain of the Logans' business accounts, which accounts included payrolls for Pond Meadow Healthcare, Atrium Healthcare, and Logan Healthcare. (Vendetti Aff. ¶ 11)

45.    Within minutes of the conference call with Joel Logan, an IRS employee spoke with Kalina Vendetti, Mr. Dreyer and his staff. The IRS confirmed that there was a levy against certain Logan accounts. The IRS asked whether the Department could immediately appoint a receiver for the three facilities under levy. The IRS was informed that a receiver could not be appointed immediately, but that if the payroll could be met, and residents kept safe for the week-end, the Department would pursue a receivership on Monday, June 2, 2003. The IRS agreed and the levy against the payroll funds was lifted for that payroll. (Vendetti Aff. ¶ 12)

46.    On Monday, June 2, 2003, Kalina Vendetti spoke with the same IRS employee who confirmed that the levy had been lifted on the condition that the Department seeks the appointment of a receiver for all of the Logan Facilities. The IRS stated that the levy included Elihu Healthcare, though that particular levy had not been enforced on Friday because Elihu

12

Healthcare was to be sold. While there was no levy against Crestview at that time, the IRS employee stated that there were liens against the five Logan Facilities, including Crestview, in excess of $12.5 million dollars. (Vendetti Aff. ¶ 13)

47.    The Department believes that if a receiver is not appointed for the Logan Facilities, the IRS will re-impose its levy against the facilities' accounts and employees will not be paid on Friday June 6, 2003. In addition, other financial problems and irregularities are causing serious problems at all of the five Logan Facilities rendering them unable to use resources effectively and efficiently to attain or maintain resident welfare. (Vendetti Aff. ¶ 14)

48.    The IRS has recorded assessments and tax liens against the five Logan Facilities for unpaid employment taxes totaling over $6 million. See Affidavit of Jay Kelly annexed hereto as Exhibit "D" (Kelly Aff. at ¶¶ 3-9).

49.    The Department's Division of Health Care Quality performs inspectional surveys of long-term care facilities to (a) ensure compliance with state and federal laws and regulations for continued participation in Medicare and Medicaid; and (b) investigate complaints filed against a facility.

50.    On September 11, 2002 the Department conducted a recertification survey at Elihu Healthcare. As a result of that survey the facility was found to be improperly managing the funds in the resident personal needs accounts and failed to insure that thousands of dollars of residents' funds were properly accounted for. In addition, other deficiencies included, but were not limited to, some residents suffering serious injuries the cause of which could not be determined and the important medical needs of other residents being left untreated. See Affidavit of Jill Mazzola attached hereto as Exhibit "E" (Mazzola Aff. ¶ 6).

13

51.     Despite several follow-up visits Elihu Healthcare did not come in to compliance
until March 13, 2003. (Mazzola Aff. ¶¶ 7-8)

52.     On November 19, 2002 a recertification survey was conducted at Logan Healthcare.
As a result of that survey the facility was found to be improperly managing the funds in the
resident personal needs accounts and failed to insure that resident funds were properly accounted
for. It was found that the facility had actually misappropriated over $20,600 in resident funds. In
addition, other findings showed that several residents were injured because the facility was not
responsive to residents' grievances and because the facility failed to implement procedures to
prevent patient abuse. The survey also revealed that serious medical conditions were not
properly treated and that some residents' serious emotional/psychological needs were not met.
The facility was not administered in a manner that enabled it to use its resources effectively and
efficiently to attain or maintain resident welfare. Logan Healthcare did not come in to
compliance until March 12, 2003. (Mazzola Aff. ¶¶ 11-13)

53.     On May 30, 2003, the Department completed a recertification survey at Pond
Meadow Healthcare. Although the report of the Department's findings is not yet complete,
preliminary findings include, but are not limited to the following deficiencies: inadequate
staffing, accumulation of trash secondary to failure of the facility to pay its waste removal
company, no pest control so that vents were contaminated with birds and flies abound in the
facility, no current administrator, significant medication errors and problems with food
sanitation. In addition, although the Department attempted to review records related to the
resident personal needs accounts, the facility claimed it was unable to provide said documents.
(Mazzola Aff. ¶ 15)

14

54.     On September 27, 2002 the Department conducted a recertification survey at Atrium Healthcare. As a result of that survey the facility was found to be improperly managing the funds in the resident personal needs accounts ("PNA") and failed to insure that residents' funds were properly accounted for. For instance, residents' social security checks were deposited into a corporate account out of which the PNA portion was to be sent to the facility for deposit into the residents' accounts. Oftentimes the corporate check was not sent, or once sent, was dishonored by the bank. Some residents were owed hundreds, and one resident was owed thousands, of dollars. In addition, and among other things, the Department found that the facility failed to provide adequate staff. (Mazzola Aff. ¶ 18)

55.     The Department conducted a follow-up visit on December 13, 2002 and the deficiencies related to patient needs accounts had not been corrected. (Mazzola Aff. ¶ 19)

56.     On or about November 15, 2002 the Department performed a monitoring visit at Crestview Healthcare. The resident personal needs accounts were not properly managed at that time. The Department's review indicated that the Logan Healthcare business office was holding resident funds in its own accounts for months. (Mazzola Aff. ¶ 21)

57.     On March 5, 2003 the Department conducted a recertification survey at Crestview Healthcare. As a result of that survey the Department found other deficiencies that included but were not limited to findings that the facility was deficient in its practice related to prevention and proper treatment of pressure sores and that it failed to prevent accidents. On April 25, 2003 the Department conducted a follow-up survey and some of the serious deficiencies had not been corrected. (Mazzola Aff. ¶¶ 22-23)

15

58.     The Department believes that after June 6, 2003, the Logan Facilities will be unable

to provide adequate supervision and care to the residents to ensure their health, safety and

welfare.  The Department further believes that the financial condition of the Logan Facilities may

precipitate abrupt and unsuitable transfers of their residents to other facilities.  (Vendetti Aff. ¶

14)

## V. CAUSES OF ACTION

### Count I: For Appointment of a Receiver
### Pursuant To G.L. c. 111, § 72M
### (Against Logan Healthcare Facility, Inc., Elihu White Nursing Home, Inc., Pond Meadow
### Healthcare Facility, Inc. and Atrium Healthcare Facility, LLC )

59.     The Commonwealth realleges paragraphs 1 - 58 of the Petition and Complaint as if

each were fully set forth herein.

60.     The Attorney General and the Department of Public Health believe that an

emergency exists, as that term is defined in G.L. c. 111, §72M, that presents an imminent danger

of death or serious physical harm to the approximately 349 patients living at the Logan Facilities,

and that requires the intervention of this Court and the appointment of Receiver over the four

Logan Facilities.

61.     The emergency exists because of the gross financial mismanagement of the Logan

Facilities by the Defendants that has resulted in an imminent danger that the facilities will be

abandoned by its staff and/or shut down by regulatory authorities with little or no notice.

Defendants' actions have led to the current situation where, among other things: (a) the four

Logan Facilities have been issued Stop Work Orders by the DIA, obligating the DIA, unless a

Receiver is appointed and obtains insurance, to call on these facilities to immediately cease

16

58.     The Department believes that after June 6, 2003, the Logan Facilities will be unable

to provide adequate supervision and care to the residents to ensure their health, safety and

welfare. The Department further believes that the financial condition of the Logan Facilities may

precipitate abrupt and unsuitable transfers of their residents to other facilities. (Vendetti Aff. ¶

14)

## V. CAUSES OF ACTION

### ·Count I: For Appointment of a Receiver
### Pursuant To G.L. c. 111, § 72M
### (Against Logan Healthcare Facility, Inc., Elihu White Nursing Home, Inc., Pond Meadow Healthcare Facility, Inc. and Atrium Healthcare Facility, LLC )

59.     The Commonwealth realleges paragraphs 1 - 58 of the Petition and Complaint as if

each were fully set forth herein.

60.     The Attorney General and the Department of Public Health believe that an

emergency exists, as that term is defined in G.L. c. 111, §72M, that presents an imminent danger

of death or serious physical harm to the approximately 349 patients living at the Logan Facilities,

and that requires the intervention of this Court and the appointment of Receiver over the four

Logan Facilities.

61.     The emergency exists because of the gross financial mismanagement of the Logan

Facilities by the Defendants that has resulted in an imminent danger that the facilities will be

abandoned by its staff and/or shut down by regulatory authorities with little or no notice.

Defendants' actions have led to the current situation where, among other things: (a) the four

Logan Facilities have been issued Stop Work Orders by the DIA, obligating the DIA, unless a

Receiver is appointed and obtains insurance, to call on these facilities to immediately cease

16

operations and to prevent employees from remaining at the facilities; (b) the IRS has recorded

assessments and tax liens against the Logan Facilities for over $6 million in unpaid employment

taxes, and has levied on one or more of those liens. The IRS has indicated that it will re-issue its

tax levies, freezing the Logan Facilities' payroll and other accounts, unless a Receiver is

appointed to operate the facilities; (c) Tufts' health insurance coverage for the employees of two

of the five Logan Facilities was cancelled because of the Defendants' failure to pay premiums.

62.    If the Logan Facilities are abandoned by their staff and/or shut down by order of

regulatory authorities it will have a devastating impact on the health and safety of the facilities'

residents and patients, presenting an imminent danger of death or serious physical harm.

63.    A receiver is necessary: (a) to protect the immediate health and safety of the

residents by ensuring that they receive the care they need, (b) protect the longer-term health and

safety of the residents by taking measures to ensure that the facilities remain able to meet their

tax and insurance obligations, and are not abandoned by staff or closed by regulatory action,

and/or (c) if necessary, to ensure the implementation of orderly and safe closures of the facilities

and patient transfers within the next two months.

## Count II: Violations of G.L. c. 93A, §2(a)

**(Against Logan Healthcare Facility, Inc., Elihu White Nursing Home, Inc., Crestview Healthcare Facility, Inc., Pond Meadow Healthcare Facility, Inc. and Atrium Healthcare Facility, LLC, Atrium Nursing Center Limited, Logan Healthcare Management Group, Inc., Joel K. Logan, Florence E. Logan, Mark S. Logan, Mary Ellen Logan, Todd S. Logan, Arthur Logan, Kenneth M. Logan, Jr. and Gregory Logan)**

64.    The Commonwealth realleges paragraphs 1 - 63 of the Petition and Complaint as if

each were fully set forth herein.

17

65.     The actions and omissions of the Licensees and other defendants, as described

above, constitute violations of the Consumer Protection Act, G.L. c. 93A, §2(a) and regulations

promulgated thereunder, as well as federal regulations promulgated under the Nursing Home

Reform Act, 42 USC §1369r.

        **WHEREFORE**, the Commonwealth requests that this Court grant the following

relief:

1.     Appoint a receiver for Logan Healthcare Facility, Inc., Elihu White Nursing Home,

Inc., Pond Meadow Healthcare Facility, Inc. and Atrium Healthcare Facility, LLC, pursuant to

G.L. c. 111, 72M with authority to take possession and control of the Logan Facilities, which

includes the real estate and building thereon, and all tangible equipment used in its operation;

continue the business of the Logan Facilities and the care of their patients; manage the Logan

Facilities and hire and discharge any employees or consultants of the Logan Facilities; recover

and expend in a reasonable and prudent manner any revenues of the Logan Facilities; perform

those acts necessary and desirable to accomplish the purpose of this receivership; including, if

necessary, the closure of the Logan Facilities; and exercise such additional powers and perform

such additional duties as this Court deems just and appropriate.

2.     In accordance with G.L. c. 111, 72Q, order that a lien be placed upon the real

properties known as 175 Grove Street, Braintree, Massachusetts, 95 Commercial Street,

Braintree, Massachusetts, 188 Summer Street, Weymouth, Massachusetts and 314 Marion Road,

Middleboro, Massachusetts, for recoupment of the expenses of this receivership and, after

hearing, allow the Commonwealth to recoup the expenses incurred in the prosecution of this

case, including reasonable attorneys' fees;

18

3.    Order that the Defendants and/or their agents, employees, servants, successors,
attorneys, assigns, and all other persons and entities, corporate or otherwise, whether acting
individually, or in active concert or participation with them, or through any corporation, trust or
other device, are temporarily restrained and enjoined from:

(a)    destroying, concealing, altering, defacing, or transferring any records, documents,
or other information in any way related to the operation of the five Logan Facilities;

(b)    transferring, pledging, selling, mortgaging, encumbering, or in any way disposing
of ownership or custody of any real or personal assets the Defendants own or control,
individually or collectively, or may own or control while this restraining order remains in effect,
including but not limited to: all real property, wherever located; all bank accounts and all funds
contained therein, wherever located; all securities; all household and office furnishings; and all
lump-sums of money, of any amount, the Defendants have, or may receive while this restraining
order remains in effect, from any source; except such real or personal assets as may be used in
the ordinary course of business or for necessary and usual living expenses;

(c)    violating G. L. c. 93A, § 2 and the regulations promulgated thereunder, and the
regulations governing the operation and/or closure of long term care facilities in Massachusetts
promulgated pursuant to G.L. c. 111, §72, and to 42 U.S.C. 1396r.

4.    Order the Defendants and/or their agents, employees, servants, successors,
attorneys, assigns, and all other persons and entities, corporate or otherwise, whether acting
individually, or in active concert or participation with them to identify to the Office of the
Attorney General, One Ashburton Place, 19th Floor, Boston, Massachusetts 02108, within five (5)

19

days of entry of this order, the location and account numbers for each bank account owned or controlled by the Defendants, including personal bank accounts.

5.   After a hearing, issue a preliminary injunction in accordance with prayer 3.

6.   After a trial on the merits:

   A.   Declare that the defendants have engaged in unfair and deceptive acts and practices in violation of G.L. c.93A, §2, the regulations promulgated thereunder, and the regulations promulgated pursuant to G.L. c. 111, §72, and to 42 U.S.C. 1396r;

   B.   Issue a permanent injunction enjoining the defendants from further:

      (1)   violating the state and federal laws governing the operation and/or closure of long term care facilities in Massachusetts;

   C.   Pursuant to G.L. c. 111, §72K and G.L. c.93A, §4, paragraph 1, as amended by St. 1985, c. 468, order the defendants to pay civil penalties in the amount of $2,500 and $5,000, for each violation of G.L. c. 111, §72 and G.L. c.93A, §2, respectively, and the regulations thereunder;

   D.   Pursuant to G.L. c.93A, as amended by St. 1985, c. 468, order the defendants to pay to the Commonwealth the reasonable costs expended in the prosecution of this case, including attorneys' fees; and

   E.   Grant such other and further relief as this Court deems equitable and just.

END OF PAGE 20

**COMMONWEALTH OF MASSACHUSETTS**

**THOMAS F. REILLY**
**ATTORNEY GENERAL**

By:_____
     Stephanie Kahn BBO# 547477
     Assistant Attorney General
     Jesse M. Caplan BBO# 645615
     Assistant Attorney General and
     Division Chief
     Consumer Protection Division
     Public Protection Bureau
     One Ashburton Place
     Boston, MA 02108-1698
     (617) 727-2200

F:\users\SKAHN\WPWIN61\WPDOCS\Logan\draftcomplaint6.5.03.wpd

21

EXHIBIT B

NOTIFY

4

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
C.A. NO.

03-2638 A

|  |  |
|---|---|
| THOMAS F. REILLY, ATTORNEY GENERAL | ) |
| OF THE COMMONWEALTH OF MASSACHUSETTS | ) |
|  | ) |
| and | ) |
|  | ) |
| THE COMMONWEALTH OF MASSACHUSETTS | ) |
| BY ITS DEPARTMENT OF PUBLIC HEALTH, | ) |
|  | ) |
| Plaintiff-Petitioners | ) |
|  | ) |
| v. | ) |
|  | ) |
| LOGAN HEALTHCARE FACILITY, INC., | ) |
| LOGAN HEALTHCARE REALTY, LLC, | ) |
| ELIHU WHITE NURSING HOME, INC., | ) |
| ELIHU WHITE REALTY, LLC, | ) |
| CRESTVIEW HEALTHCARE FACILITY, INC., | ) |
| CRESTVIEW MANAGEMENT TRUST, | ) |
| POND MEADOW HEALTHCARE FACILITY, INC., | ) |
| POND MEADOW REALTY, LLC, | ) |
| ATRIUM HEALTHCARE FACILITY, LLC, | ) |
| ATRIUM NURSING CENTER LIMITED | ) |
| LOGAN HEALTHCARE MANAGEMENT | ) |
| GROUP, INC., | ) |
| JOEL K. LOGAN, | ) |
| FLORENCE E. LOGAN, | ) |
| MARK S. LOGAN, | ) |
| MARY ELLEN LOGAN, | ) |
| TODD S. LOGAN, | ) |
| ARTHUR LOGAN | ) |
| KENNETH M. LOGAN, JR., and | ) |
| GREGORY LOGAN, ADMINISTRATOR, | ) |
|  | ) |
| Defendant-Respondents. | ) |

## ORDER FOR THE APPOINTMENT OF A TEMPORARY RECEIVER

It appearing to the Court that, as a result of conditions created by Defendants' acts and

omissions, an "emergency" exists as defined under G.L. c.111. §72M, and that the entry of this Order appointing a temporary receiver is necessary to preserve the health, safety and well-being of the patients residing at the Logan Healthcare Facility, Inc. d/b/a/ Logan Nursing and Rehabilitation Center, 75 Grove Street, Braintree, Massachusetts 02184, Elihu White Nursing Home, Inc. d/b/a Elihu White Nursing and Rehabilitation Center, 95 Commercial Street, Braintree, Massachusetts 02184, Pond Meadow Healthcare Facility, Inc. d/b/a Pond Meadow Healthcare Facility 188 Summer Street, Weymouth, Massachusetts 02188 and Atrium Healthcare Facility, LLC d/b/a Atrium Nursing Center, 314 Marion Road, Middleboro, Massachusetts 02346 (hereinafter collectively referred to as the "Four Logan Facilities"), which are long-term care facilities;

That a temporary receiver is necessary: (a) to protect the immediate health and safety of the residents by ensuring that they receive the care they need. (b) protect the longer-term health and safety of the residents by taking measures to ensure that the facilities remain able to meet their tax and insurance obligations, and are not abandoned by staff or closed by regulatory action, and/or (c) if necessary, to ensure the implementation of orderly and safe closure of the facilities and patient transfers within the next two months; and

That there is both subject matter and personal jurisdiction as well as sufficient basis of fact presented in the Commonwealth's Complaint and Petition for the Appointment of a Receiver, and related pleadings, for the entry of this Order.

IT IS HEREBY:

1.     ORDERED that Robert J. Griffin, Esq., of Krokidas & Bluestein, LLP, 141 Tremont Street, Boston, Massachusetts, 02111, be, and hereby is, appointed temporary receiver

of Logan Healthcare Facility, Inc. d/b/a/ Logan Nursing and Rehabilitation Center. 75 Grove Street, Braintree, Massachusetts 02184, Elihu White Nursing Home, Inc. d/b/a Elihu White Nursing and Rehabilitation Center, 95 Commercial Street, Braintree, Massachusetts 02184, Pond Meadow Healthcare Facility, Inc. d/b/a Pond Meadow Healthcare Facility 188 Summer Street, Weymouth, Massachusetts 02188 and Atrium Healthcare Facility, LLC d/b/a Atrium Nursing Center, 314 Marion Road, Middleboro, Massachusetts 02346, to manage and operate the Four Logan Facilities and, if necessary, to effectuate an orderly closure of the Four Logan Facilities until further order of the Court;

2.  ORDERED that said receiver shall have full power and authority;

(a)  to take custody and control of all cash, property, accounts receivable and other assets, tangible or intangible, now held or hereafter acquired by the Four Logan Facilities and to take possession of all books, records and accounts of the Four Logan Facilities;

(b)  to employ, discharge, assign, supervise and fix the compensation, salaries and wages for all officers, managers, agents, employees and servants of the Four Logan Facilities as he may deem necessary and advisable for the proper operation of the business and management, preservation and protection of their property and their patients;

(c)  to pay, and satisfy out of any funds now or hereafter coming into the possession of the Four Logan Facilities, for services hereafter rendered;

(d)  to buy and sell merchandise, supplies and other property and to render services, for cash or on credit;

3

(e)     to purchase or otherwise acquire for cash or on credit such materials, equipment, machinery, supplies, services or other property as the receiver may deem necessary and advisable in connection with the Four Logan Facilities and the management and preservation of said Four Logan Facilities and to pay for any purchases made hereafter on credit when due;

(f)     to enter into any contracts incidental to the normal and usual operation of said long-term care Four Logan Facilities and the management and temporary preservation of said long-term care Four Logan Facilities;

(g)     to keep the assets and business of the Four Logan Facilities insured in such manner and to such extent as the receiver may deem necessary and advisable;

(h)     to collect and receive all rents, income and profits, and all outstanding accounts, things-in-action and credits due or to become due to the Four Logan Facilities and to hold and receive all monies thus received to that end that the same may be applied under this Order of the Court;

(i)     to pay and discharge out of any funds now or hereafter coming into the possession of the Four Logan Facilities all taxes and similar charges hereafter lawfully incurred in the operation of said business and the temporary preservation and maintenance of said business;

(j)     to expend those funds required to maintain the conditions at the Four Logan Facilities in minimal compliance with the standards required therefor by the Department of Public Health and the Centers for Medicare and Medicaid Services ("CMS");

4

(k)     to comply with all applicable rules and regulations governing the operation of a long term care Four Logan Facilities and, if necessary, relocate and transfer patients living in the Four Logan Facilities;

(l)     to continue the business of operating and managing the Four Logan Facilities subject to the requirements of paragraph 8 below;

(m)     to wind-down, if necessary, the business of operating and managing the Four Logan Facilities as long-term care Four Logan Facilities, and to transfer all patients currently residing in the Four Logan Facilities to other health care facilities where suitable placement shall have been found for them;

(n)     to do any and all acts not inconsistent with the terms and conditions of this Order to carry out the purpose thereof; and

(o)     to pay accrued wages to existing employees for the purpose of retaining their services during the period of the receivership.

3.     ORDERED that any certification by the Department of Public Health to the Four Logan Facilities hereunder shall run only to the receiver appointed herein and shall not be construed to be a certification of the Four Logan Facilities on behalf of any person other than the receiver, nor shall the certification in any way affect the certification status of the Four Logan Facilities upon the termination of the receivership.

4.     ORDERED that the costs of this receivership as approved by the Court shall be deemed to be reasonable operating costs of the Four Logan Facilities and a lien in favor of the Commonwealth for such costs shall be placed on the properties upon which the Four Logan Facilities are located as provided by G.L. c.111, §72 Q. Such lien shall not in any way limit

5

recourse to any additional remedy for recouping the Commonwealth's expenditures from the licensees, person(s) responsible for the affairs of the licensees or the owners of the Four Logan Facilities.

5.      ORDERED that the receiver shall file reports of his operations with this Court showing his progress in maintaining health care standards and his receipts, disbursements, accruals and profit or loss for the reporting period and for the duration of the within proceedings, and shall make appropriate filings with the Rate Setting Commission to obtain reimbursement for expenditures which may lawfully be made by said Commission.  Said reports shall be served by the receiver on all parties to this action.

6.      ORDERED that the receiver shall forthwith give written notice to each patient at the Four Logan Facilities, or the legal guardian of each such patient, of the terms of this Order by delivering a copy of this Order.  Said notice shall inform the patient or his/her personal representative of his/her rights to seek to intervene in this proceeding, of the name and address of counsel of record for the parties and, if they cannot afford private counsel, that they may seek legal representation from Greater Boston Legal Assistance Project or similar organization.

7.      ORDERED that the receiver shall, within two weeks of the entry of this Order, report to the Court the existence of any lease, mortgage or security interest held by or owed by any party to this action or any other person and that said receiver shall apply to this Court for an order prior to paying any lease, rent or mortgage payment.  In making such report, the receiver shall comply with the provisions of Section 72P of G.L. c. 111.

8.      ORDERED that the receiver shall operate the Four Logan Facilities in accordance with the duties set forth above for a period of sixty (60) days so as to make a determination as to

6

whether some or all of the Four Logan Facilities must be closed and, if necessary, commence the

orderly transfer and relocation of the patients of the Four Logan Facilities.

9.     ORDERED that the receiver's bond shall be established at $1,000.00.

ORDERED that during and at the termination of said receivership the Court may make

such further orders as are just and proper.

Date: June ___6___, 2003

_Nancy Stoffier_
Associate Justice of the
Superior Court

I HEREBY ATTEST AND CERTIFY ON

___6/16/03___ THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASST / CLERK

7

EXHIBIT C

# Commonwealth of Massachusetts

SUFFOLK, ss.

Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts + The Commonwealth of Massachusetts by its Department of Public Health _____ , Plaintiff(s)

Logan Healthcare Facility, Inc.,
Logan Healthcare Realty SLLC   v.
Elihu White Nursing Home, Inc.
Elihu White Realty, LLC
Crestview Healthcare Facility, Inc.
Crestview management Trust
Pond meadow Healthcare
Facility, Inc.
*Pond Meadow Realty, LLC

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 03-2696-A

Atrium Healthcare Facility, LLC
Atrium Nursing Center Limited
Logan Health care management
_____, Defendant(s)   Joel K. Logan, Florence E. Logan, Grop, Inc.
mark St. Logan, mary Ellen Logan,
INTERLOCUTORY ORDER ON Todd S. Logan,
PRELIMINARY INJUNCTION Arthur Logan,
Kenneth M. Logan Jr. +
Gregory Logan, Administrator

This action came on to be further heard at this sitting upon the return of an order of notice to show cause why the application for a preliminary injunction should not be granted, and was argued by counsel; and thereupon, upon consideration thereof, it is ORDERED and ADJUDGED that ~~upon payment to the clerk of the sum of $4500~~ the application under the **3d, 4th and 5th** prayers of the Complaint hereby is granted, and the defendants, **as set f/th above are**

enjoined and restrained from

3.   Order that the Defendants and/or their agents, employees, servants, successors, attorneys, assigns, and all other persons and entities, corporate or otherwise, whether acting individually, or in active concert or participation with them, or through any corporation, trust or other device, are temporarily restrained and enjoined from:

(a)   destroying, concealing, altering, defacing, or transferring any records, documents, or other information in any way related to the operation of the five Logan Facilities;

(b)   transferring, pledging, selling, mortgaging, encumbering, or in any way disposing of ownership or custody of any real or personal assets the Defendants own or control, individually or collectively, or may own or control while this restraining order remains in effect, including but not limited to: all real property, wherever located; all bank accounts and all funds contained therein, wherever located; all securities; all household and office furnishings; and all lump-sums of money, of any amount, the Defendants have, or may receive while this restraining order remains in effect, from any source; except such real or personal assets as may be used in the ordinary course of business or for necessary and usual living expenses;

(c)   violating G. L. c. 93A, § 2 and the regulations promulgated thereunder, and the regulations governing the operation and/or closure of long term care facilities in Massachusetts promulgated pursuant to G.L. c. 111, §72, and to 42 U.S.C. 1396r.

4.   Order the Defendants and/or their agents, employees, servants, successors, attorneys, assigns, and all other persons and entities, corporate or otherwise, whether acting

attorneys, assigns, and all other persons and entities, corporate or otherwise, whether acting

individually, or in active concert or participation with them to identify to the Office of the

Attorney General, One Ashburton Place, 19th Floor, Boston, Massachusetts 02108, within five (5)

days of entry of this order, the location and account numbers for each bank account owned or

controlled by the Defendants, including personal bank accounts.

until further order of Court.

By the Court (                                                    J.)

Entered June 6 2003                    James P Kelly

                                                    Assistant Clerk

EXHIBIT D

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No._____ 03-2696-A

Thomas F. Reilly, Attorney General of the
Commonwealth of Massachusetts by Its _____, Plaintiff(s)
Department of Public Health

v.

Logan Healthcare Facility, Inc.,
Logan Healthcare Realty, LLC, et al _____, Defendant(s)

## WRIT OF ATTACHMENT

To the sheriffs of our several counties or their deputies:

We command you to attach the goods or estate of defendant __Joel K. Logan_____
_____, of __1035 Main Street, Norwell, MA_____, to the value of $_2,000,000___,
(the amount authorized), as prayed for by plaintiff __Commonwealth of Massachusetts_____
of _____Massachusetts_____, whose attorney is _Stephanie Kahn,___
AAG_____, of __Attorney General's Office_____, in an action brought by
said plaintiff Commonwealth of Mass. against said defendant _Logan Healthcare Facility,
Inc., et al_____ in the Superior Court Department of the Trial Court for Suffolk
County, and make due return of this writ with your doings thereon.

The complaint in this case was filed on _____June_____ 6th_____, 2003___.
This attachment was approved on __June  6th___, 200 3, by _____
_Nancy Staffier_____, J., in the amount of $ _2,000,000_____.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the_____ 6th_____ day of
June_____, in the year of our Lord two thousand __three_____.

*Michael Joseph Donovan*

Clerk of Court

NOTE.
1. This writ of attachment is issued pursuant to Rule 4.1 of the Massachusetts Rules of Civil Procedure.

FORM CIV. P. 11-1M 10/2000

PROOF OF ATTACHMENT

Plymouth, SS

By virtue of this Writ, on **June 10, 2003 at 10:15** in the forenoon I attached all the right, title and interest that the within named defendant(s), **Joel K. Logan** has/have in and to any and all real estate in the County of Plymouth.

*Dianne M Hogan*
Deputy Sheriff

Later, on **June 10, 2003** I deposited at the Registry of Deeds of said County of Plymouth, an attested copy of the within writ together with so much of my return as relates to the attachment of said real estate.

*Dianne M Hogan*
Deputy Sheriff

Later, on **June 10, 2003** I notified the defendant(s) by mailing to his/her/their last known address an attested copy of the within writ together with so much of my return as relates to the attachment of said real estate and it's recording at the Plymouth County Registry of Deeds to wit: 1035 Main Street, Norwell, MA 02061.

*Dianne M Hogan*
Deputy Sheriff

| Fees: | |
| --- | --- |
| Service | $10.00 |
| Attachment | $4.00 |
| Copy | $6.00 |
| Travel | $0.00 |
| P+H | $1.95 |
| Registry | $76.00 |
| Total | $97.95 |

Recorded at the Plymouth County
Registry of Deeds in

Book: 25400     Page: 349

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

Thomas F. Reilly, Attorney General of
the Commonwealth of Massachusetts, Plff(s).
by Its Department of Public Health

v.

Logan Healthcare Facility, Inc.,
Logan Healthcare Realty, LLC, et al, Deft(s).

WRIT OF ATTACHMENT
(Mass. R. Civ. P. 4.1)

(AFFIX FILING STAMP HERE)

SUPERIOR COURT DEP'T

SUFFOLK, ss. _____
(date) _____
After notice, filing and hearing approval
is given to Deputy Sheriff to make an
attachment in common form . or . make a
attachment by _____ in the su
of _____
By the Court, (_____)
ATTEST: _____
*Assistant Clerk*



EXHIBIT E

*notify*

COMMONWEALTH OF MASSACHUSETTS

**69**

SUFFOLK, SS

SUPERIOR COURT
C.A. NO. 03-2696 A

THOMAS F. REILLY, ATTORNEY GENERAL
OF THE COMMONWEALTH OF MASSACHUSETTS

and

THE COMMONWEALTH OF MASSACHUSETTS
BY ITS DEPARTMENT OF PUBLIC HEALTH,

**Plaintiff-Petitioners**

v.

LOGAN HEALTHCARE FACILITY, INC., ET AL.
Defendant-Respondents.

*July 2, 2004*
*Filed in lieu of*
*the missing Original*
*Atest:    (van Halul, 8)*
*Catherine G. Aldemore*
*Assistant Clerk*

*7-2-04*
*notice sent*
*to all*
*parties*
*h,*

*7-2-04 Allowed. see Order (van Halul, 8)*

## COMMONWEALTH'S EX PARTE MOTION FOR APPOINTMENT OF TEMPORARY RECEIVER AND ISSUANCE OF WRITS OF ATTACHMENT

Pursuant to G.L. c. 111, §§ 72M and 72N and Mass. R. Civ. P. Rules 4.1(f), the Commonwealth of Massachusetts (the "Commonwealth") moves this honorable Court *ex parte* for the appointment of a Temporary Receiver over defendant Crestview Healthcare Facility, Inc. and the issuance of two Writs of Attachment against Crestview Management Trust and Mary Ellen Logan. In support of this Motion, the Commonwealth relies upon the affidavits and exhibits annexed to this Motion, as well as the Complaint, affidavits and other pleadings previously filed with this Court, and states the following:

1.      As of the commencement of this case in June 6, 2003, the Logan family members were officers and/or owners of five nursing homes located in Massachusetts : Logan Healthcare Facility, Inc. ("Logan Healthcare"), Elihu White Nursing Home, Inc. ("Elihu"), Crestview

Healthcare Facility, Inc. ("Crestview"), Pond Meadow Healthcare Facility, Inc. ("Pond Meadow"), and Atrium Healthcare Facility, LLC ("Atrium") (collectively, the "Logan Facilities")

2.      The Complaint and affidavits filed on June 6, 2003 alleged that the Logan family grossly mismanaged the financial operations of these facilities by, among other things, failing to pay: (a) workers compensation insurance for their employees, causing the Division of Industrial Accidents ("DIA") to issue Stop Work Orders requiring the immediate closure of four of the five Logan Facilities unless a receiver is appointed; (b) health insurance premiums for their employees, even though employee contributions were being deducted from their pay checks, causing two health plans to be terminated; and (c) at least $6 million (and possibly as much as $12.5 million) in employee withholding taxes, causing the Internal Revenue Service ("IRS") to levy upon tax liens which froze the bank account(s) covering three of the facilities. On May 30, 2003, the three facilities were unable to make payroll, and staff threatened to walk out, until the IRS agreed to release the levy. The levy was released by the IRS based on assurances from the Department of Public Health that the Commonwealth would seek the appointment of a receiver.

3.      Additionally, the pleadings alleged that the Department of Public Health investigated four of the facilities, Logan Healthcare, Elihu, Crestview and Pond Meadow, and found that the Logan family had mismanaged patient needs accounts in each of those facilities and had misappropriated over $20,600 in resident funds at Logan Healthcare.

4.      After an evidentiary hearing, on June 6, 2003, this Court found that an emergency existed within the meaning of G.L. c. 111, § 72M and appointed attorney Robert Griffin as Temporary Receiver over four of the Logan Facilities, Logan Healthcare, Elihu, Pond Meadow

2

and Atrium. In accordance with Commonwealth's request, this court also issued a Preliminary Injunction against all nineteen defendants enjoining them from, among other acts, transferring assets, except those assets necessary for the ordinary course of business or usual living expenses. Additionally, this Court issued Writs of Attachment in the amount of $2,000,000 against eleven of the defendants.

5.      As of June 6, 2003, Crestview was the only facility that had maintained both health and workers' compensation insurance. Although Crestview was in arrears with its employment taxes due to the IRS, the Commonwealth understood that Crestview would be working with the IRS to cure its arrears. Thus, at that time, the Commonwealth did not believe that an emergency existed that presented imminent danger of death or serious physical harm to the patients residing at Crestview and, accordingly, did not seek the appointment of a Temporary Receiver over Crestview.

6.      As of March 2, 2004, pursuant to this Court's orders, the Receiver had closed Pond Meadow and sold Elihu. The Receiver is currently in the process of selling the Atrium and Logan facilities.

7.      On Thursday, March 25, 2004, the Commonwealth informed counsel for Joel and Mary Ellen Logan, Crestview Healthcare Facility, Inc. and Crestview Management Trust that the Commonwealth intended to seek on an emergency basis the appointment of a temporary receiver over Crestview due to the apparent insolvency of the facility, as evidenced by the attached affidavits and exhibits. However, at the court house on Friday, March 26, 2004, Crestview provided the Commonwealth with an affidavit from the Director of Nurses ("DON") attesting to the adequacy of staffing and supplies for the facility to cover the coming weekend, as well as the

3

sufficiency of funds to cover the pay roll due on that day. Crestview also represented that it would immediately negotiate payment plans with the IRS, Massachusetts Division of Health Care Finance and Policy ("DHCFP") and Mass. Electric Co.

    8.    Since March 26, 2004, the Commonwealth has been monitoring the daily staffing levels. Although Crestview appeared to be staffing the facility, the schedules reflect that adequate staffing has been frequently achieved by nurses and certified nursing assistants ("CNA") working shifts of 16 hours or more. In fact during the month of April, five CNA's worked 170 hours or more, and during the month of May, seven CNA's worked 170 hours or more. During April and May, one nurse worked 219 and 247.5 hours, respectively; and another nurse worked 196 and 184.5 hours, respectively. Nurses routinely work 16 hour shifts and at times nurses have worked 20 hour shifts. Pursuant to 105 CMR 150.007, nursing personnel are not permitted to work on active duty more than 12 hours per day and 48 hours per week, on a regular basis.

    9.    The Commonwealth now maintains that Crestview finances have deteriorated and is likely insolvent. Crestview defaulted for a second time on its payment plans with both DHCFP and Mass. Electric Co. Crestview is no longer able to ensure the health, welfare and safety of its residents. Accordingly, an emergency now exists at Crestview within the meaning of G. L. c. 111, § 72 M, which presents imminent danger of death or serious physical harm to the patients residing at Crestview, requiring the immediate appointment of a Temporary Receiver over Crestview.

    10    Specifically, the Commonwealth has been informed, believes and therefore avers that:

4

a.  Crestview failed to pay employment and unemployment taxes to the IRS and owes through the quarter ending December 31, 2003 approximately $243,062.03. Notices of Federal Tax Liens were duly filed and are annexed to the Affidavit of Daniel Yee, Revenue Officer, Internal Revenue Service annexed as Exhibit "A".

b.  Crestview failed to pay Nursing Facility User Fees to the DHCFP and owes from January 1, 2003 through May 1, 2004 approximately $157,034.72, all as set forth in the Affidavit of Michael G. Grenier, Pricing Policy Manager, Massachusetts Division of Health Care Finance and Policy annexed as Exhibit "B".

c.  On December 17, 2003, an Execution issued against Crestview and others, jointly and severally, in favor of Michael Hunter, Trustee ("Hunter"), in the amount of $1,089,068.31, in the civil action Michael Hunter, Trustee v. Florence E. Logan et al., Norfolk Superior Court, Case No. 03-300, which remains unsatisfied after the sheriff's demand for payment. A copy of the Execution is annexed as Exhibit "C".

d.  In another civil action, Hunter v. New England Healthcare Development Corporation et al., Norfolk Superior Court, Case No. 01-141, Crestview, although not a defendant in the case, was ordered in contempt of court for failing to garnish one of the defendant's wages, Joel K. Logan, in accordance with the court's prior order. A copy of the contempt order is annexed as Exhibit "D".

e.  On June 29, 2004 the Department of Public Health received a telephone call, as well as a letter, from Lee McCurley, RN, Director of Nurses ("DON") at Crestview. Ms. McCurley advised DPH that patient care is in jeopardy because of the following:

5

1.    The DON resigned her position effective at the end of the day 6-25-2004.

2.    The facility Administrator, Joel Logan, cancelled the DON's booked agency staff for the past week-end and refused to allow her to do any more staffing for the facility.

3.    The daily staffing information that the facility has been sending to the Attorney General's office was false. For instance, a licensed nurse called in sick but her name was left on the staffing sheet and another nurse ended up working three shifts in a row to cover.

4.    The facility is admitting residents whose needs, in the DON's clinical opinion, cannot be met. For instance, the facility is admitting residents who require IV therapy, which the DON believes cannot be provided at the facility.

5.    The facility's first floor requires two nurses but only one is being scheduled.

6.    On June 25, 2004, Joel Logan lied to DPH stating that employee paychecks were not bouncing as had been reported to DPH. A nurse had made an anonymous call to DPH informing DPH of her two bounced paychecks, and stating that Joel Logan reimbursed her partly, in cash, in order to persuade her to work on the following week-end. This nurse is still owed money, and she is waiting to see if the last check issued will be honored.

7.    People have inquired as to whether the DON has resigned or have called the facility wishing to speak to her and the facility is misinforming callers that she is only away for a few days and will return soon.

A copy of DPH's Affidavit of Kath Manocchia , R.N. is annexed as Exhibit "E".

6

f.  On July 9, 2003, an Execution issued against Crestview in favor of Mass. Electric Co. in the amount of $13,963.60, for unpaid electricity charges, in the civil action Mass. Electric Co. v. Crestview Healthcare Facility, Inc., Brockton District Court, Case No. 200215CV002049, which remains unsatisfied after the sheriff's demand for payment. Mass. Electric Co. has instructed its attorney to commence a lawsuit for the appointment of a creditor receiver over Crestview. As of June 16, 2004, Crestview's obligations to Mass. Electric Co. have increased to $18,097.88. A copy of the Joint Affidavit of Mass. Electric Co. and its counsel, as well as the Execution are collectively annexed as Exhibit "F".

11.  Although Crestview is a 50 bed long term care facility, the census is currently 40. Accordingly, Crestview's apparent insolvency is not likely to abate.

12.  If Crestview is abandoned by its staff, or its funds are levied by the IRS or other creditors, or a creditor receiver is appointed over the facility, it will have a devastating impact on the health and safety of the facility's residents, presenting an imminent danger of death or serious physical harm.

13.  A receiver is necessary: (a) to protect the immediate health and safety of the residents by ensuring that they receive the care they need, (b) protect the long term health and safety of the residents by taking measures to ensure that the facility remains able to meet its tax and other obligations, and is not abandoned by staff, and/or (c) if necessary, to ensure the implementation of orderly and safe closures of the facility and patient transfers within the next two months.

14.  Given the Logan family's financial history of mismanagement, including the

7

misappropriation of patient funds, the Commonwealth believes that immediate and irreparable injury, loss, or damage will result to the Commonwealth if the Defendants are given prior notice of the within Motion.

15.    There is a clear danger that the Defendants, if notified in advance of the attachment of real estate, will convey property, conceal property, destroy property or remove property from the state.

16.    The Commonwealth is not aware of any liability insurance available to satisfy the potential judgment it expects to recover against the Defendants.

17.    There is a strong likelihood that the Commonwealth will recover a judgment against the Defendants in an amount equal to or greater than $250,000 as a result of the Defendants' violation of G. L. c. 93A and G.L. c. 111, §72 in connection with their operation of long term care facilities in the Commonwealth.

**WHEREFORE**, the Commonwealth of Massachusetts requests relief as follows:

1.    That this Court enter an order appointing a receiver for Crestview Healthcare Facility, Inc., pursuant to G.L. c. 111, 72M, with authority to take possession and control of the Crestview facility, which includes the real estate and building thereon, and all tangible equipment used in its operation; continue the business of Crestview and the care of its patients; manage Crestview and hire and discharge any employees or consultants of Crestview; recover and expend in a reasonable and prudent manner any revenues of Crestview; perform those acts necessary and desirable to accomplish the purpose of this receivership; including, if necessary, the closure of Crestview; and exercise such additional powers and perform such additional duties as this Court deems just and appropriate.

8

2.      That this Court enter an order in accordance with G.L. c. 111, 72Q, that a lien be placed upon the real property known as 86 Greenleaf Street, Quincy, Massachusetts, for recoupment of the expenses of this receivership and, after hearing, allow the Commonwealth to recoup the expenses incurred in the prosecution of this case, including reasonable attorneys' fees;

3.      That this Court issue two Writs of Attachment each in the amount of $250,000 against Crestview Management Trust and Mary Ellen Logan; and

4.      That this Court enter such other and further relief as it deems just.

COMMONWEALTH OF MASSACHUSETTS

THOMAS F. REILLY
ATTORNEY GENERAL

By: _____
      Stephanie Kahn BBO# 547477
      Assistant Attorney General
      Jesse M. Caplan BBO# 645615
      Assistant Attorney General and Division Chief
      Consumer Protection Division
      Public Protection Bureau
      One Ashburton Place
      Boston, MA 02108-1698
      (617) 727-2200

H:\WPDOCS\Logan\mot.receiver.crestview.6.29.04.wpd

9

EXHIBIT "A"

06/30/2004   11.10    6174713625                  I.R.S.                          PAGE  02

### Affidavit of Daniel Yee, Revenue Officer
### INTERNAL REVENUE SERVICE

1.  My name is Daniel Yee, and I am a revenue officer with the Internal Revenue Service.  My office address is 1250 Hancock Street, Ste 503 S, Quincy Massachusetts 02169.
2.  I have personal knowledge of the following information and facts.
3.  Crestview Healthcare Facility Inc. ("Crestview"): currently the Internal Revenue Service has duly filed Notices of Federal Tax Liens, representing employment and unemployment taxes due and owing from Crestview, in the total amount of $ 243,062.03.
4.  Specifically, employment taxes for the quarters as follows

    $  7,332.33 for July 1, 2002 through September 30, 2002;
    $ 22,340.19 for October 1, 2002 through December 31, 2002;
    $ 32,536.25 for January 1, 2003 through March 31, 2003;
    $ 41,651.71 for April 1, 2003 through June 30, 2003;
    $ 91,468.13 for July 1, 2003 through September 30, 2003;
    $ 41,449.38 for October 1, 2003 through December 31, 2003, and

    unemployment taxes  for the years as follows

    $  5,092.97 for 2002, and
    $  1,191.07 for 2003.

    Facsimiles of these Notices are attached hereto as Exhibit "A".

**I swear that the statements contained in this affidavit are true and accurate to the best of my knowledge and belief.**

**Signed under the pains and penalties of perjury this 30th day of June 2004.**

_Daniel Yee_

**Daniel Yee**

Form 668 (Y)(c)
(Rev. October 2000)

1008

**Department of the Treasury - Internal Revenue Service**

## Notice of Federal Tax Lien

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #1<br>Lien Unit Phone: (617) 316-2575 | Serial Number<br>155442304 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

● This Notice of Federal Tax Lien has been filed as a matter of public record.

● IRS will continue to charge penalty and interest until you satisfy the amount you owe.

● Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.

● See the back of this page for an explanation of your Administrative Appeal rights.

Name of Taxpayer CRESTVIEW HEALTH FACILITY INC , a Corporation

Residence     86 GREENLEAF ST
QUINCY, MA 02169-4413

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 941 | 03/31/2002 | 04-2852337 | 07/08/2002 | 08/07/2012 | 4152.04 |
| 941 | 06/30/2002 | 04-2852337 | 09/30/2002 | 10/30/2012 | 269.23 |
| 941 | 09/30/2002 | 04-2852337 | 12/30/2002 | 01/29/2013 | 82584.81 |

| Place of Filing | Registry of Deeds<br>Norfolk County<br>Dedham, MA  02026 | Total $  87006.08 |
|---|---|---|

This notice was prepared and signed at _____ BOSTON, MA _____, on this,

the ____03rd____ day of ____February____ ____2004____.

| Signature<br>for JAY KELLY | Title<br>REVENUE OFFICER<br>(617) 770-3506 | 21-04-3505 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - Taxpayer's Copy

Form **668(Y)(c)** (Rev. 10-00)
CAT. NO 60025X

Department of the Treasury - Internal Revenue Service

Form 668 (Y)(c)
(October 2000)

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1  Lien Unit Phone: (617) 316-2575 | Serial Number  40325310 | For Optional Use by Recording Office |
|---|---|---|

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

- This Notice of Federal Tax Lien has been filed as a matter of public record.

- IRS will continue to charge penalty and interest until you satisfy the amount you owe.

Name of Taxpayer  CRESTVIEW HEALTH FACILITY INC , a Corporation

- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.

Residence     86 GREENLEAF ST
              QUINCY, MA 02169-4413

- See the back of this page for an explanation of your Administrative Appeal rights.

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| ✔ 940 | 12/31/2002 | 04-2852337 | 04/14/2003 | 05/14/2013 | 4353.26 |
| ✔ 941 | 12/31/2002 | 04-2852337 | 03/31/2003 | 04/30/2013 | 34894.22 |

| Place of Filing |  Registry of Deeds  Norfolk County  Dedham, MA  02026 | Total | $  39247.48 |
|---|---|---|---|

This notice was prepared and signed at _____ Boston, MA _____ , on this,

the ___05th___ day of ___June___  ___2003___.

| Signature  for JAY KELLY | Title REVENUE OFFICER (617) 770-3506 | 21-04-3505 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - Taxpayer's Copy

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

1008

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Form 668 (Y)(c)
(February 2004)

| ...a: <br> SMALL BUSINESS/SELF EMPLOYED AREA #1 <br> ...n Unit Phone: (617) 316-2575 | Serial Number <br><br> 161299604 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

...me of Taxpayer  CRESTVIEW HEALTH FACILITY INC , a Corporation

...sidence       86 GREENLEAF ST
               QUINCY, MA 02169-4413

IMPORTANT RELEASE INFORMATION: For each assessment listed below,
...unless notice of the lien is refiled by the date given in column (e), this notice shall,
...on the day following such date, operate as a certificate of release as defined
...n IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 03/31/2003 | 04-2852337 | 06/23/2003 | 07/23/2013 | 28795.64 |
| 941 | 06/30/2003 | 04-2852337 | 09/01/2003 | 10/01/2013 | 37614.26 |
| 941 | 09/30/2003 | 04-2852337 | 12/08/2003 | 01/07/2014 | 85365.94 |

| ...ce of Filing | | |
|---|---|---|
| Registry of Deeds <br> Norfolk County <br> Dedham, MA 02026 | Total | $   151775.84 |

...is notice was prepared and signed at _____ BOSTON, MA _____, on this,

09th day of March 2004

| ...gnature  *Jane B Finnegan* <br> ...r JANE KELLY | Title <br> REVENUE OFFICER <br> (617) 770-3506 | 21-04-3505 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 – Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

PAGE 02

Form **668 (Y)(c)**
(Rev. February 2004)

1008

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #1<br>Lien Unit Phone: (617) 316-2575 | Serial Number<br><br>170305804 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

● This Notice of Federal Tax Lien has been filed as a matter of public record.

● IRS will continue to charge penalty and interest until you satisfy the amount you owe.

● Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.

Name of Taxpayer  CRESTVIEW HEALTH FACILITY INC , a Corporation

● See the back of this page for an explanation of your Administrative Appeal rights.

Residence       86 GREENLEAF ST
QUINCY, MA 02169-4413

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 941 | 12/31/2003 | 04-2852337 | 03/15/2004 | 04/14/2014 | 32357.11 |

| Place of Filing | | | |
|---|---|---|---|
| Registry of Deeds<br>Norfolk County<br>Dedham, MA 02026 | | Total \$ | 32357.11 |

This notice was prepared and signed at _____ BOSTON, MA _____ , on this,

the ___ 29th ___ day of ___ April ___ , 2004 .

| Signature<br><br>for JAY KELLY | Title<br>REVENUE OFFICER<br>(617) 770-3506 | 21-04-3505 |
|---|---|---|

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - Taxpayer's Copy

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

EXHIBIT "B"

**AFFIDAVIT OF MICHAEL G. GRENIER, PRICING POLICY MANAGER**
**MASSACHUSETTS DIVISION OF HEALTH CARE FINANCE AND POLICY**

1.  My name is Michael G. Grenier, and I am the Pricing Policy Manager with the Massachusetts Division of Health Care Finance and Policy (DHCFP"). My office address is 2 Boylston Street, Boston, Massachusetts 02116.

2.  I have personal knowledge of the following information and facts.

3.  Pursuant to 114.5 CMR 12.00, effective October 1, 2002, DHCFP assesses a per diem "nursing facility user fee" (the "User Fees") against nursing home facilities for each non-Medicare Patient Day. The per diem was $9.60 for the period October 1, 2002 to August 31, 2003, and was increased to $10.08 effective September 1, 2003. Each facility is required to pay a quarterly assessment to DHCFP determined by multiplying its non-Medicare Patient Days by the per diem fee established by DHCFP. A non-Medicare Patient Day, in essence, means days in which the beds are occupied by Medicaid or private pay residents. The receipts from the assessments, the federal financial participation received by the Commonwealth as a result of expenditures funded by these assessments and interest, are credited to the Health Care Security Trust. 114.5 CMR 12.04(6) and G.L. c.118G, §25.

4.  Crestview Healthcare Facility, Inc. ("Crestview") has failed to pay the User Fees to DHCFP. Specifically, Crestview owes User Fees in the amount of $81,094.10 and penalties in the amount of $75,940.62.

5.  Assessments for unpaid User Fees and penalties against Crestview are as follows: $18,515.06 in User Fees and $26,315.23 in penalties from January 1, 2003 through March 31, 2003; $33,216 in User Fees and $23,641.60 in penalties from April 1, 2003 through June 30, 2003; an estimated amount of $29,363.04 in User Fees and $3,065.03 in penalties from January 1, 2004 through March 31, 2004. Penalty amounts are outstanding in the amounts of $21,427.26 from October 1, 2002 to December 31, 2002 and $1,491.50 for the period October 1, 2003 to December 31, 2003.

6.  Crestview paid the User Fees assessed from July 1, 2003 through September 30, 2003. Crestview made payment on its liability for the period October 1, 2003 through December 31, 2003. However, the check was returned for insufficient funds. The following week Crestview submitted bank checks and made the payment, but Crestview has not paid the accrued penalties in the amount of $1,491.50.

7.  On January 16, 2004, DHCFP intercepted Medicaid funds in the amount of $17,102.54, which sum has been applied to and is reflected in the figures set forth above.

8.  DHCFP entered into a payment schedule with Crestview for the arrears. Beginning February 25, 2004, Crestview was scheduled to make a payment on the 25th of each month. Crestview made payments for the months of February, March, and April. However, no payment has been made since April 26, 2004.

9.  Under the payment plan, Crestview was required to pay $15,000 on May 25, 2004. On June 7, 2004, DHCFP cancelled the payment plan for non-payment.

10. Additionally, Crestview failed to pay its Q(1) 2004 user fee payment in the estimated amount of $29,363.04, which was due May 1, 2004.

**I SWEAR THAT THE STATEMENTS CONTAINED IN THIS AFFIDAVIT ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF.**

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25 DAY OF JUNE 2004.**

Michael G. Grenier
Pricing Policy Manager
Massachusetts Division of Health Care Finance and Policy

**EXHIBIT "C"**



## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

No 03-300    To the Sheriffs of our several Counties, or their Deputies

GREETING:

### WHEREAS, MICHAEL HUNTER, as Trustee of King David Trust

by the consideration of our JUSTICES OF OUR SUPERIOR COURT, holden at Dedham, within and for the County of Norfolk, aforesaid on the 10th day of November,2003 recovered Judgment against **FLORENCE E. LOGAN, TODD S. LOGAN, ATRIUM HEALTHCARE LLC, THE ATRIUM NURSING CENTER, INC., THE ATRIUM NURSING CENTER LIMITED PARTNERSHIP, CRESTVIEW HEALTHCARE FACILITY, INC., JOEL K. LOGAN AND MARY ELLEN LOGAN, INDIVIDUALLY AND AS TRUSTEES OF CRESTVIEW MANAGEMENT TRUST, ELIHU WHITE REALTY LLC, LOGAN DEVELOPMENT INC., FLORENCE E. LOGAN, TRUSTEE OF LOGAN FAMILY REALTY TRUST, LOGAN HEALTHCARE, INC., LOGAN HEALTHCARE MANAGEMENT GROUP, INC., LOGAN HEALTHCARE REALTY LLC, LOGAN PARK NURSING AND REHABILITATION CENTER LLC, MERRIMACK HEALTHCARE DEVELOPMENT CORPORATION, POND MEADOW REALTY LLC, T.Q. HEALTHCARE MANAGEMENT AND CONSULTING, INC., 78 COMMERCIAL STREET LLC and 593 WASHINGTON PLACE LLC**

in an action of Complaint for the sum of one million fifty eight thousand eight hundred fourteen dollars and fourteen cents damages and fourteen thousand six hundred twenty five dollars attorney's fees as to us appears of record, with interest to date of this execution in the sum of fifteen thousand six hundred twenty nine dollars and seventeen cents whereof execution remains to be done:

Dam 1,058,814.14

Atty    14,625.00
fee

int.____15,629.17
        1,089,068.31

WE COMMAND you therefore, that of the goods, chattels or lands of the said Judgment Debtors, within your precinct, you cause to be paid and satisfied unto the said Judgment Creditor at the value thereof in money, the aforesaid sum being one million eighty nine thousand sixty eight dollars and thirty one cents in the whole, with interest thereon from the day of this execution, and thereof also to satisfy yourself for your own fees; and for want of goods, chattels or lands of the said Judgment Debtors to be by them shown unto you, or found within your precinct to the acceptance of the said Judgment Creditor to satisfy the sums aforesaid, with interest as aforesaid, we command you to take the body of said Judgment Debtors, Florence E. Logan, Todd S. Logan, Joel K. Logan and Mary Ellen Logan and them commit unto our jail in Dedham, in our County of Norfolk, or any jail in your precinct, aforesaid, and detain in your custody within our said jail until they pay the full sum above mentioned, with your fees, or be discharged by said Judgment Creditor, or otherwise by

④003

order of law.

Hereof fail not, and make return of this writ with your doings thereon into the Clerk's office of our said **COURT,** at Dedham within our County of Norfolk, within 60 days after the date of this execution.

**WITNESS,** Suzanne V. DelVecchio, Esquire at Dedham the 17th day of December in the year of our Lord two thousand and three.

<u>Mary K. Blackley</u>
First Assistant Clerk

Norfolk, ss

By virtue of this execution, on the 9th day of January, 2004, I demanded of the within-named debtor corporation, Crestview Healthcare Facility Inc. payment of the within execution, together with my fees, or that said debtor exhibit to me real or personal estate subject to be taken on execution and sufficient to satisfy this execution, upon which I could levy and satisfy same, by delivering to Sheila Ware its Agent and the Officer in charge of its business, an attested copy of this execution, with my said demand endorsed thereon, in hand; but said debtor has failed to pay the same. Service was made at 86 Greenleaf Street, Quincy MA

Deputy Sheriff

Fees:

| | | |
|---|---|---|
| Demand | 30.00 |
| Travel | 7.04 |
| Copies | 10.00 |
| Conveyance | 1.50 |
| Post.& Handling | 1.00 |
| Total Fees: | $149.54 |

EXHIBIT "D"

*67.0*

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
NO. CV2001-00141

*dated*
RECEIVED & FILED
*12/9/03 ... 10/17/03*
CLERK ... COURTS
NORFOLK COUNTY

---

MICHAEL HUNTER as TRUSTEE of
KING DAVID TRUST,
    Plaintiff

v.

NEW ENGLAND HEALTHCARE
DEVELOPMENT CORPORATION, AS
SOLE GENERAL PARTNER OF NEW
ENGLAND HEALTH LIMITED
PARTNERSHIP, JOEL K. LOGAN,
MARK S. LOGAN, and LOVETTE P.
LOGAN
    Defendants

---

## ORDER ON SECOND COMPLAINT FOR CONTEMPT AGAINST CRESTVIEW HEALTHCARE FACILITY, INC.

Upon consideration of Plaintiff's Second Complaint for Contempt Against Crestview Healthcare Facility, Inc., and Mary Ellen Logan, as Treasurer of Crestview Healthcare Facility, Inc., and after hearing arguments of counsel, the Court hereby enters the following findings and order:

### Findings of Fact

1.    On March 26, 2002, judgment entered in this action against the defendant Joel K. Logan and others in the amount of $416,064.17. Despite demand, the judgment remains unsatisfied in part. The judgment is now worth over $430,000, with interest through June 30, 2003, and net of payments made.

564508 1/7379-1

2.    On March 13, 2003, the Court (Cratsley, J.) entered an Order to Compel Disclosures and Payments by the Defendants Joel K. Logan, Logan Park Nursing and Rehabilitation Center LLC, and Crestview Healthcare Facility, Inc.  See docket item 50.0.

3.    The Court's March 13, 2003, order required Crestview Healthcare Facility, Inc., as employer of Joel K. Logan, to pay to the plaintiff $242.16 per week, representing the full non-exempt portion of Joel K. Logan's disposable income from Crestview Healthcare Facility, Inc.  On July 31, 2003, an order was entered increasing the amount of the garnishment payments to $277.05 per week.  See docket item 61.0.

4.    One garnishment payment in the increased amount was made for the week ending August 29, 2003.  No payments have been received by the plaintiff since that date.  Thus, the following amounts remain unpaid through the date of this order:

| | |
|---|---|
| September 5, 2003 | $277.05 |
| September 12, 2003 | $277.05 |
| September 19, 2003 | $277.05 |
| September 26, 2003 | $277.05 |
| October 3, 2003 | $277.05 |

5.    The failure of Crestview Healthcare Facility, Inc., is part of a pattern of nonpayment and ignoring this court's orders.  See Plaintiff's [First] Complaint for Contempt Against Crestview Healthcare Facility, Inc., and the affidavit supporting it.  It has been represented to the Court by counsel for the plaintiff that Crestview Healthcare Facility, Inc., has also failed to comply with Judge Cratsley's orders of August 4 and 21, 2003.

5.    The fair and reasonable value of attorneys' fees incurred by the plaintiff in connection with its second complaint for contempt against Crestview Healthcare Facility, Inc., is $ 1,500.00_____ for attorneys' fees, and $44.80 for costs.

### Order

Based upon the foregoing findings of fact, it is hereby ORDERED:

1.    that the garnishment defendant Crestview Healthcare Facility, Inc., is in contempt of the Court's July 31, 2003, Order to Compel Payments by Crestview Healthcare Facility, Inc.;

2.    that Crestview Healthcare Facility, Inc., forthwith pay to the plaintiff Michael Hunter, as Trustee of King David Trust, all amounts due under the July 31, 2003, Order, plus interest at the rate of twelve percent per annum from the due date of each such payment through the date of actual payment;

3.    that Crestview Healthcare Facility, Inc., pay to the Commonwealth of Massachusetts the amount of $ 1,000.00____ as a fine; and

4.    that Crestview Healthcare Facility, Inc., forthwith to pay to the plaintiff Michael Hunter, Trustee of King David Trust, $ 1,500.00 for attorneys' fees and $44.80 for costs incurred by the plaintiff in connection with his complaint for contempt.

Associate Justice

Entered:    10/9/03

A TRUE COPY

Attest _Mary E. Kearney_

Deputy Assistant Clerk    10/17/03

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK,ss**

No 01-141 To the Sheriffs of our several Counties, or their Deputies

GREETING:

**WHEREAS, MICHAEL HUNTER, TRUSTEE OF KING DAVID TRUST**
by the consideration of our JUSTICES OF OUR SUPERIOR COURT, holden at
Dedham, within and for the County of Norfolk, aforesaid on the 13th day of January 2004
recovered Judgment against **CRESTVIEW HEALTH CARE FACILITY, INC.**

in an action of complaint  for the sum of one thousand five hundred dollars for
attorney's fees and forty four dollars and eighty cents for costs of suit as to us
appears of record whereof execution remains to be done:

| | |
|---|---|
| cost | 44.80 |
| Atty | |
| fees | 1,500.00 |
| | 1,544.80 |

**WE COMMAND** you therefore, that of the goods, chattels or lands of the said Crestview
Health Care Facility, Inc. Judgment Debtor within your precinct, you cause to be paid and
satisfied unto the said Judgment Creditor at the value thereof in money, the aforesaid sum being
one thousand five hundred forty four dollars and eighty cents in the whole, and thereof also to
satisfy yourself for your own fees; aforesaid, the full sum above mentioned, with your fees, or be
discharged by said Judgment Creditor, or otherwise by order of law.

Hereof fail not, and make return of this writ with your doings thereon into the
Clerk's office of our said **COURT**, at Dedham within our County of Norfolk, within
20 years after the date of the said judgment

WITNESS, Suzanne V. DelVecchio, Esquire at Dedham the 17th day of February,
in the year of our Lord two thousand and four.

_Meg K. Hickey_
First Assistant Clerk

Michael R. Coppock,Esq
Rubin and Rudman LLP
50 Rowes Wharf
Boston,Ma. 02110

EXHIBIT "E"

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. NOCV2005-00868-D

SOUTH SHORE SAVINGS BANK, SUCCESSOR BY    )
MERGER TO SOUTH WEYMOUTH SAVINGS BANK,    )
                                          )
            Plaintiff,                     )
                                          )
                                          )
    v.                                     )
                                          )
JOEL K. LOGAN, INDIVIDUALLY AND AS TRUSTEE )
OF CRESTVIEW MANAGEMENT TRUST;             )
MARY ELLEN LOGAN, INDIVIDUALLY AND AS      )
TRUSTEE OF CRESTVIEW MANAGEMENT TRUST;     )
MASSACHUSETTS DEPARTMENT OF REVENUE;       )
J. GLABB, LLC AS ASSIGNEE OF KING DAVID    )
TRUST; CIRELLI FOODS, INC.; INTERNAL REVENUE )
SERVICE; JONATHAN BASHEIN AS ASSIGNEE OF   )
NIXON PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.; )
THOMAS F. REILLY, ATTORNEY GENERAL OF      )
THE COMMONWEALTH OF MASSACHUSETTS;         )
THE COMMONWEALTH OF MASSACHUSETTS BY       )
ITS DEPARTMENT OF PUBLIC HEALTH;           )
HEALTHCARE CAPITAL RESOURCES, INC., AND    )
HCFP FUNDING, INC., SUCCESSOR IN INTEREST   )
TO HEALTH PARTNERS FUNDING, L.P.,          )
                                          )
            Defendants.                     )

NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, on August __24__, 2005, a Notice of Removal of the

above-titled action was filed with the Clerk of the United States District Court for the District of

Massachusetts. The new civil action number is __05-117564-RGS__. The Notice was filed by

the United States of America.

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY

36.0

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

SOUTH SHORE SAVINGS BANK, SUCCESSOR BY       )
MERGER TO SOUTH WEYMOUTH SAVINGS BANK,  )
                                                                                     )
                            Plaintiff,                              )  Civil No. 5 - 868
                                                                                     )
            v.                                                          )
                                                                                     )
JOEL K. LOGAN, INDIVIDUALLY AND AS TRUSTEE )
OF CRESTVIEW MANAGEMENT TRUST;                 )
MARY ELLEN LOGAN, INDIVIDUALLY AND AS        )
TRUSTEE OF CRESTVIEW MANAGEMENT TRUST;  )
MASSACHUSETTS DEPARTMENT OF REVENUE;      )
J. GLABB, LLC AS ASSIGNEE OF KING DAVID        )
TRUST; CIRELLI FOODS, INC.; INTERNAL REVENUE )
SERVICE; JONATHAN BASHEIN AS ASSIGNEE OF   )
NIXON PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.;   )
THOMAS F. REILLY, ATTORNEY GENERAL OF          )
THE COMMONWEALTH OF MASSACHUSETTS;        )
THE COMMONWEALTH OF MASSACHUSETTS BY      )
ITS DEPARTMENT OF PUBLIC HEALTH;                     )
HEALTHCARE CAPITAL RESOURCES, INC., AND       )
HCFP FUNDING, INC., SUCCESSOR IN INTEREST       )
TO HEALTH PARTNERS FUNDING, L.P.,                       )
                                                                                     )
                            Defendants.                         )

**05 - 11754 RGS**

I hereby certify on _____ that the foregoing document is a true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☒ original filed in my office on _____
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

The defendant United States of America, improperly named and sued as "Internal

Revenue Service," by its attorney, Michael J. Sullivan, United States Attorney for the District of

Massachusetts, respectfully states as follows:

1. The United States of America has been named as a defendant to the civil action that is

now pending in the Superior Court Department, Norfolk County, for the Commonwealth of

Massachusetts, entitled <u>South Shore Savings Bank v. Joel K. Logan, et al.</u>, Case No.

NOCV2005-00868-D.

- 2 -

2. This action is removable to the United States District Court for the District of

Massachusetts, pursuant to 28 U.S.C. § § 1441, 1442 and/or 1444.

    3. No prior removal of this action has been attempted.

    4. The removal of this action is timely under the provisions of 28 U.S.C. §1446(b) as the

United States has thirty days from the date of service to remove to federal court.

    5. Copies of all pleadings received by the defendant United States in this proceeding are

attached hereto.

I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

August 24, 2005

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

BARBARA HEALY SMITH
United States Attorney's Office
One Courthouse Way
Suite 9200
Boston, Massachusetts 02210

LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                SUPERIOR COURT DEPARTMENT
                                           CIVIL ACTION NO. NOCV2005-00868-D

| | | |
|---|---|---|
| SOUTH SHORE SAVINGS BANK,  Successor By | ) | |
| Merger to South Weymouth Savings Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REMOVED TO |
| | ) | U.S. DISTRICT COURT |
| JOEL K. LOGAN, Individually and as Trustee | ) | DISTRICT OF MASSACHUSETTS |
| of Crestview Management Trust; | ) | CIVIL ACTION |
| MARY ELLEN LOGAN, Individually and as | ) | NO. 05-117564-RGS |
| Trustee of Crestview Management Trust; | ) | |
| MASSACHUSETTS DEPARTMENT | ) | |
| OF REVENUE; | ) | |
| J. GLABB, LLC as Assignee of King David Trust; | ) | |
| CIRELLI FOODS, INC.; | ) | |
| INTERNAL REVENUE SERVICE; | ) | |
| JONATHAN BASHEIN as Assignee of | ) | |
| Nixon Peabody, LLP; | ) | |
| ROBERT J. GRIFFIN, ESQ.; | ) | |
| THOMAS F. REILLY, ATTORNEY GENERAL OF | ) | |
| THE COMMONWEALTH OF MASSACHUSETTS; | ) | |
| THE COMMONWEALTH OF MASSACHUSETTS | ) | |
| BY ITS DEPARTMENT OF PUBLIC HEALTH; | ) | |
| HEALTHCARE CAPITAL RESOURCES, INC.; | ) | |
| and HCFP FUNDING, INC., Successor in Interest | ) | |
| To Health Partners Funding, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 24TH day of August, 2005,  I gave notice of the filing of the

defendant, United States of America's NOTICE OF FILING OF NOTICE OF REMOVAL by

mailing copy of same, postage prepaid, first class mail to:

**Attorney for Plaintiff**
Jonathan Braverman
Baker Braverman & Barbadoro
50 Braintree Hill Park, Suite 108
Braintree, MA  02184-8724
Phone:781-848-9610
Fax: 781-848-9790

**Defendant**
Joel K. Logan (Individually and as Trustee
of Crestview Management Trust)
1035 Main Street
Norwell, MA 02061

**Defendant**
Mary Ellen Logan (Individually and as
Trustee of Crestview Management Trust)
1035 Main Street
Norwell, MA 02061

**Attorney for Defendant Massachusetts
Department of Revenue**
Eileen Ryan McAuliffe
Massachusetts Revenue Department
Litigation Bureau, 7th Floor
P.O. Box 9565
Boston, MA  02114-9565
Phone: 617-626-3217
Fax: 617-626-3245

**Attorney for Defendant J Glabb LLC as
Assignee of King David Trust**
Jason A. Manekas
Bemkopf, Goodman & Baseman
125 Summer Street, 13th Floor
Boston, MA 02110
Phone: 617-790-3000
Fax: 617-790-3300

**Defendant**
Cirelli Foods, Inc.
30 Commerce Boulevard
Middleboro, MA 02346

DATED: AUGUST 24, 2005

**Attorney for Defendant Jonathan Bashein
as Assignee of Nixon Peabody LLP**
Sanjit S. Korde
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA 01824
Phone: 978-256-1500
Fax: 978-256-7615

**Attorney for Defendant Robert J. Griffin**
Anthony J. Cichello
Krokidas & Bluestein, LLP
600 Atlantic Avenue
Boston, MA 02210
Phone: 617-482-7211
Fax: 617-482-7212

**Attorney for Defendants Thomas F.
Reilly, Attorney General, Commonwealth
of Massachusetts and Commonwealth of
Massachusetts by its Department of
Public Health**
David Hadas, AAG
Office of the Attorney General
Government Bureau
One Ashburton Place, Rm 2019
Boston, MA 02108
Phone: 617-727-2200

**Attorney for Healthcare Capital
Resources, Inc.**
David B. Currie
Whittier Health Network
25 Railroad Square
Haverhill, MA 01832
Phone: 978-556-5900
Fax: 978-521-6257

*[signature]*
BARBARA HEALY SMITH
(BBO #552726)
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3282

-2-

as attorney for the United States in the above-referenced proceeding.

I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

August 24, 2005

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

BARBARA HEALY SMITH
United States Attorney's Office
One Courthouse Way
Suite 9200
Boston, Massachusetts 02210

LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.  NOCV2005-00868-D

|  |  |
|---|---|
| SOUTH SHORE SAVINGS BANK, SUCCESSOR-BY-MERGER TO SOUTH WEYMOUTH SAVINGS BANK, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| JOEL K. LOGAN, INDIVIDUALLY AND AS TRUSTEE OF CRESTVIEW MANAGEMENT TRUST; MARY ELLEN LOGAN, INDIVIDUALLY AND AS TRUSTEE OF CRESTVIEW MANAGEMENT TRUST; MASSACHUSETTS DEPARTMENT OF REVENUE, J. GLAB, LLC AS ASSIGNEE OF KING DAVID TRUST; CIRELLI FOODS, INC.; INTERNAL REVENUE SERVICE; JONATHAN BASHEIN AS ASSIGNEE OF NIXON PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.; THOMAS F. REILLY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS; THE COMMONWEALTH OF MASSACHUSETTS BY ITS DEPARTMENT OF PUBLIC HEALTH; HEALTHCARE CAPITAL RESOURCES, INC., AND HCFP FUNDING, INC., SUCCESSOR-IN-INTEREST TO HEALTH PARTNERS FUNDING, L.P., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

## **NOTICE OF APPEARANCE**

TO THE CLERK OF THE ABOVE-NAMED COURT:

The undersigned counsel hereby notifies this Court and counsel for all parties of his

appearance in the above-captioned action on behalf of Defendant J Glab LLC.

                                J GLAB LLC,
                                By its attorneys,


                                Jason A. Manekas, Esquire, BBO No. 632073
                                Bernkopf Goodman LLP
                                125 Summer Street, Suite 1300
                                Boston, Massachusetts 02110
                                Telephone:    (617) 790-3000

Dated: June 30, 2005
#314739 v1/36503/62


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above
document was served upon (each party appearing
pro se and) the attorney of record for each other party
by mail (by hand) 6/30/05


A TRUE COPY
Attest:
Deputy Assistant Clerk
8/25/05

2

## THE COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss**

**SUPERIOR COURT**
**CIVIL ACTION NO. NOCV2005-00868-D**

|  |  |
|---|---|
| **SOUTH SHORE SAVINGS BANK,** | ) |
| **SUCCESSOR-BY-MERGER TO** | ) |
| **SOUTH WEYMOUTH SAVINGS BANK,** | ) |
|                **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **JOEL K. LOGAN, INDIVIDUALLY AND AS** | ) |
| **TRUSTEE OF CRESTVIEW MANAGEMENT TRUST;** | ) |
| **MARY ELLEN LOGAN, INDIVIDUALLY AND AS** | ) |
| **TRUSTEE OF CRESTVIEW MANAGEMENT TRUST;** | ) |
| **MASSACHUSETTS DEPARTMENT OF REVENUE;** | ) |
| **J. GLABB, LLC AS ASSIGNEE OF KING DAVID TRUST;** | ) |
| **CIRELLI FOODS, INC.; INTERNAL REVENUE SERVICE;** | ) |
| **JONATHAN BASHEIN AS ASSIGNEE OF NIXON** | ) |
| **PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.;** | ) |
| **THOMAS F. REILLY, ATTORNEY GENERAL OF THE** | ) |
| **COMMONWEALTH OF MASSACHUSETTS; THE** | ) |
| **COMMONWEALTH OF MASSACHUSETTS BY ITS** | ) |
| **DEPARTMENT OF PUBLIC HEALTH; HEALTHCARE** | ) |
| **CAPITAL RESOURCES, INC., & HCFP FUNDING, INC.,** | ) |
| **SUCCESSOR-IN-INTEREST TO HEALTH PARTNERS** | ) |
| **FUNDING, L.P.,** | ) |
|                **Defendants** | ) |

*6/1/05*

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

## APPEARANCE

Please enter my appearance for the Defendant, the Massachusetts Commissioner of Revenue, in the above-entitled action.

ALAN LEBOVIDGE
**COMMISSIONER OF REVENUE**

**By his attorney,**

**Eileen Ryan McAuliffe**
**Counsel for the Commissioner**
**Department of Revenue**
**Litigation Bureau, 7th Floor**
**P.O. Box 9565**
**100 Cambridge Street**
**Boston, Massachusetts 02114-9565**
**(617) 626-3217**

**Dated: May 31, 2005**
Docs#192983/ ERM

## CERTIFICATE OF SERVICE

I, Eileen Ryan McAuliffe, hereby certify that I have served the within Massachusetts Commissioner of Revenue's Appearance by mailing a copy of the same, first class mail, postage prepaid, to:

Jonathan Braverman, Esq.
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, Suite 108
Braintree, MA 02184

**Eileen Ryan McAuliffe**

**DATED:  May 31, 2005**

#192983

A TRUE COPY

Attest: _____
Deputy Assistant Clerk
3/25/05

ˑ ̣ᴉᴧe Commonwealth of Massachusetts
Executive Office of Health and Human Services
Department of Public Health
250 Washington Street, Boston, MA 02108-4619

MITT ROMNEY
GOVERNOR

KERRY HEALEY
LIEUTENANT GOVERNOR

RONALD PRESTON
SECRETARY

CHRISTINE C. FERGUSON
COMMISSIONER

## AFFIDAVIT OF KATHY MANOCCHIA, R.N.

1.    My Name is Kathy Manocchia.

2.    I am a registered nurse, employed as a complaint investigator by the Department of Public Health, Division of Health Care Quality ("the Department").

3.    My duties include but are not limited to conducting investigations of complaints received by the Department related to patient care and patient rights and documenting findings gathered during inspections.

4.    In my capacity as a complaint investigator I have investigated allegations of resident neglect raised at the Crestview Healthcare Facility.

5.    The Crestview Healthcare Facility ("Crestview" or "the facility") is a 50-bed long term care facility located at 86 Greenleaf Street in Quincy, MA. The current census is 40 .

6.    On June 29, 2004 I received a telephone call from Lee McCurley, RN, Director of Nurses ("DON") at Crestview. Ms. McCurley advised me of the following:

    a. She had officially resigned her DON position effective at the end of the day 6-25-2004.

    b. McCurley stated that the facility Administrator, Joel Logan, cancelled McCurley's booked agency staff for the past week-end and refused to allow her to do any more staffing for the building.

c. McCurley stated that the staffing information the facility was sending to the Attorney General's office was false. For instance, a licensed nurse called out sick but her name was left on the staffing sheet and another nurse ended up working three shifts in a row to cover.

d. McCurley stated that the facility is admitting residents whose needs, in her clinical opinion, cannot be met. For instance, the facility is admitting residents who require IV therapy which McCurley believes cannot be provided at the facility.

e. McCurley stated that the facility's first floor requires two nurses but that only one is being scheduled.

f. McCurley stated that on June 25, 2004, Joel Logan lied to the Department of Public Health regarding whether employee paychecks were bouncing as had been reported. McCurley stated that a nurse had made the anonymous call to DPH regarding her two bounced paychecks, and that Joel Logan reimbursed her partly, in cash, in order to get her to work on the following week-end. This nurse is still owed money, and she is waiting to see if the last check issued will be honored.

g. McCurley states that people have inquired whether she has resigned or have called the facility wishing to speak to her and that the facility is misinforming callers that she is only away for a few days and will return soon.

7.    Attached hereto as exhibit "A" is a letter I received from Elizabeth McCurley.


I SWEAR THAT THE STATEMENTS CONTAINED IN THIS AFFIDAVIT ARE TRUE AND ACCURATE.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS  29  DAY OF JUNE, 2004.

Kathy Manocchia

Kathy Manocchia, R.N.
Department of Public Health

# Elizabeth McCurley - 10 Red Deer Road - Londonderry, NH 03053

Department Of Public Health                                                June 29, 2004
Division of Health Care Quality
10 West Street, 5th Floor
Boston, MA 02111

To whom it may concern,

This letter serves to make you aware that as of Friday, June 25th 2004 I resigned my position as Director of
Nursing Services at Crestview Healthcare Facility in Quincy, Massachusetts.

For the past two weeks, the staff has consistently had trouble cashing their paychecks at Weymouth
Cooperative Bank on Broad Street in Weymouth. The Stop & Shop and the Farmer's Market will no longer
allow employees to cash Crestview paychecks at their organization.

This past week, I had two nurses resign because of their financial troubles at Crestview and 2 perdiem 11-7
nurses who stated " that they would not book with Crestview again because they were stuck working over
their assigned shift due to lack of staff."

As the DON, I was responsible for completing the schedule. Each week, it became more and more difficult
to secure staffing for the facility on the 3-11 and week-end shifts due to the paycheck issues. Holistic
Healthcare is the agency that we utilize and Matthew, the owner, would only send staff if he was paid by Mr.
Logan each week. If he didn't get paid, the nurses would get stuck on the units for double shifts. Matthew
told me that he had 10 paychecks bounce on him that he received from Mr. Logan and since then, he would
only do business with bank checks.

My fear was that when the nursing staff is too tired or when they are angry because they have to stay, the
residents are the ones who suffer. Medications do not get passed out in a timely manner, assessment skills
are diminished, and anger replaces good attitudes on the nursing unit.

In the best interest of the residents and the staff, I did try to stay on there and work the problems out, but it
became very stressful and I received no support from Mr. Logan to enable me to ensure safe care is
consistently delivered. Although the average census is 38 the needs of each nursing unit is different and
requires the appropriate number of nursing staff members to meet the needs of each resident. I do not feel
that Mr. Logan understands this concept of care.

The facility had a plan of correction target date of 6/26/04 from the past survey completed on 5/19/04 and the
staff has been working to correct the problems that were identified. Many of the issues required Mr. Logan
to monitor areas of concern, in the past two weeks, I rarely saw Mr. Logan in the building. When I
telephoned him to review an issue or concern he responded by saying that he would be in to discuss my
concerns, he would never come back into the building. This meant I was constantly chasing him down by
telephone and leaving messages, as his phone was often shut off.

Due to the financial instability of the facility, there is a ongoing problem with the ordering and delivery of food and medical supplies.  They are not timely, and this causes many problems.  I also find the department heads are not very honest about this concern.

The facility did not have anyone delivering rehabilitation services for about 6 weeks. During this time frame we had 8 residents with orders to receive therapy,  I placed many residents on a functional-maintenance program for the 6-weeks until we got therapy back into the building  A new group has recently been contracted to assist Crestview, but the Director tells me that it is only on a temporary basis.

We were also without a Registered Dietitian for about 3 weeks.  The new consultant is only per-diem and is doing the best she can to assess residents from the list I gave her, she is also in contact with the past Dietitian.

At this point, I feel as though someone needs to intervene and review the staffing and resident care needs in the facility.

I will be happy to answer any questions, or review any concerns with you at anytime.

Sincerely,

Elizabeth Lee McCurley RN

06/26/2004   07:40   0000000000                    0000000 0 000000                    PAGE   04

These are some of the employees who have had consistent problems with their paychecks, or who get stuck working double shifts due to lack of staff.

\* = no longer working there due to paycheck problems or because they were stuck on the unit

Department Heads:

Myself

Gerry King - Food Service Director

Jim Tibbetts - Director of Maintenance

Sheila Ware - Human Resource Director

---

\*  Denise Bradley LPN            508-996-5030

    Patricia Calabraro RN         617-328-5718

\*  Karyn Aruda LPN               617-786-8627

\*  Hylda Jean LPN                508-586-2884

    Brenda Hass RN                781-963-7484

    Jayne Doine RN                617-328-4596

    Bernadet Obas  LPN

    Betty Denis    CNA

    Marie Beaupin CNA

    Batuli Mbaga   CNA

    Naffi Sulaiman CNA

    Candy Oliveri  CNA

    Jackie Dulong  CNA

EXHIBIT F

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION  03-2696-A
No.

Thomas F. Reilly, Attorney General of the
Commonwealth of Massachusetts and Commonwealth of Massachusetts
by its Department of Public Health
_____ , Plaintiff(s)

v.

Logan Healthcare Facility, Inc. et al.
_____ , Defendant(s)

## WRIT OF ATTACHMENT

To the sheriffs of our several counties or their deputies:

We command you to attach the goods or estate of defendant  Mary Ellen Logan
_____ , of  1035 Main Street., Norwell, MA  , to the value of $ 250,000.00  ,
(the amount authorized), as prayed for by plaintiff  Commonwealth of Massachusetts
of  Massachusetts  , whose attorney is  Stephanie Kahn, AAG
_____ of Office of The Attorney General  , in an action brought by
said plaintiff  Commonwealth of Massachusetts  against said defendant  Logan Healthcare Facility, Inc.
 et, at:  _____ in the Superior Court Department of the Trial Court for Suffolk
County, and make due return of this writ with your doings thereon.

The complaint in this case was filed on  June 6,  _____ , 200 3 .

This attachment was approved on  JULY 2,  , 200 4 , by _____
 van Gestel,  , J., in the amount of $ 250,000.00  .

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the  SECOND  day of
 JULY  , in the year of our Lord two thousand  four  .

SUFFOLK, ss.   SUPERIOR COURT DEPT.
(date)  June 2, 2004
After notice, filing and hearing approval
is given to Deputy Sheriff to make an
attachment is common form - or make an
attachment by trustee process in the sum
of $ 250,000.00
By the Court. (  Van Gestel, J.)
NOTE.

*Michael Joseph Donovan*

Clerk of Court

ATTEST:   This writ of attachment is issued pursuant to Rule 4.1 of the Massachusetts Rules of Civil Procedure.
 _____
 Assistant Clerk

By virtue of this Writ, on **7/7/2004** at 1:30 in the afternoon I attached all the right, title and interest that the within named defendant(s), **Mary Ellen Logan** has/have in and to any and all real estate in the County of Plymouth.

Deputy Sheriff

Later, on **7/7/2004** I deposited at the Registry of Deeds of said County of Plymouth, an attested copy of the within writ and finding and order for approval of attachment together with so much of my return as relates to the attachment of said real estate.

Deputy Sheriff

Later, on **7/7/2004** I notified the defendant(s) by mailing to his/her/their last known address an attested copy of the within writ and finding and order for approval of attachment together with so much of my return as relates to the attachment of said real estate and it's recording at the Plymouth County Registry of Deeds to wit: 1035 Main Street, Norwell, MA 02061

Deputy Sheriff

Fees:
Service        $20.00
Copy           $15.00
Copy            $3.20
Travel
P+H             $3.00
Registry        $76.00
               _____
               $117.20
Total

Recorded at Plymouth County Registry of Deeds in
BOOK: 28618     PAGE: 205

COMMONWEALTH OF MASSACHUSETT

SUPERIOR COURT DEPARTI
OF THE TRIAL COURT
CIVIL ACTION
No.

SUFFOLK, ss.

v.

WRIT OF ATTACHMENT
(Mass. R. Civ. P. 4.1)

(AFFIX FILING STAMP HERE)

EXHIBIT 5

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 03-2696-A

Thomas F. Reilly, Attorney General of the
Commonwealth of Massachusetts and Commonwealth of Massachusetts
by its Department of Public Health

_____, Plaintiff(s)

v.

Logan Healthcare Facility, Inc. et, al. _____, Defendant(s)

## WRIT OF ATTACHMENT

To the sheriffs of our several counties or their deputies:

We command you to attach the goods or estate of defendant Crestview Management Trust
_____, of 86 Greenleaf St., Quincy, MA to the value of $250,000.00 ,
Commonwealth of Massachusetts
(the amount authorized), as prayed for by plaintiff _____
of Massachusetts _____, whose attorney is Stephanie Kahn, AAG
_____, of Office of the Attorney General _____, in an action brought by
said plaintiff Commonwealth of Mass _____ against said defendant Logan Healthcare Facility, Inc.
et, al. _____ in the Superior Court Department of the Trial Court for Suffolk
County, and make due return of this writ with your doings thereon.

The complaint in this case was filed on _____ June 6, _____, 200 3 .
This attachment was approved on __ JULY 2, _____, 200 4 , by van Gestel,J.,
_____, J., in the amount of $ 250,000.00 _____ .

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the_____ SECOND _____ day of
_____ JULY _____, in the year of our Lord two thousand ____ four _____ .

SUFFOLK, ss.     SUPERIOR COURT DEPT.
(date) July 2, 2004
After notice, filing and hearing approval
is given to Deputy Sheriff to make an
attachment is common form - or make an
attachment by trustee process in the sum
of $250,000.00
By the Court, ( van Gestel J.)
ATTEST: NOTE:

*Michael Joseph Donovan*

Clerk of Court

ATTEST:
Assistant Clerk

NOTE: This writ of attachment is issued pursuant to Rule 4.1 of the Massachusetts Rules of Civil Procedure.

FORM CIV. P. 11 1M 10/2000

-I attached the property of the within-    **NOTIFY**    /3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT FOR
CIVIL BUSINESS

CIVIL ACTION

No. 03-2696 A

THOMAS F. REILLY, ATTORNEY, GENERAL OF THE
COMMONWEALTH OF MASSACHUSETTS AND COMMONWEALTH
OF MASSACHUSETTS BY ITS DRPARTMENT OF PLAINTIFF(§)
PUBLIC HEALTH

v.

LOGAN HEALTHCARE FACILITY, INC., ET AL.DEFENDANT(S)

### FINDING AND ORDER OF APPROVAL
### OF ATTACHMENT

Re: CRESTVIEW MANAGEMENT TRUST
THIS CAUSE CAME ON TO BE HEARD AFTER NOTICE AND OPPORTUNITY TO BE

HEARD, UPON A MOTION FOR APPROVAL OF ATTACHMENT, AND THEREUPON, UPON

CONSIDERATION THEREOF, THE COURT HEREBY FINDS THAT THERE IS A REASONABLE

LIKELIHOOD THAT THE PLAINTIFF WILL RECOVER JUDGMENT, INCLUDING INTEREST

AND COSTS, IN AN AMOUNT EQUAL TO OR GREATER THAN THE AMOUNT OF THE ATTACHMENT

APPROVED HEREIN OVER AND ABOVE ANY LIABILITY INSURANCE SHOWN BY THE DEFENDANT

TO BE AVAILABLE TO SATISFY THE JUDGMENT..

THEREFORE, THE COURT HEREBY APPROVES ATTACHMENT IN THE AMOUNT

OF $ 250,000.00 (TWO HUNDRED AND FIFTY THOUSAND DOLLARS AND NO/CENTS)

JUSTICE OF THE SUPERIOR COURT DEPARTMENT

ENTERED: JULYE 2, 2004

. HEREBY ATTEST AND CERTIFY ON

7-2-04 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

Form Civ.P.9(Rev)    8-82    500

Norfolk, SS

By virtue of this Writ, on **7/8/2004** at **8:32 am** in the forenoon I attached all the right, title and interest that the within named defendant(s), **Crestview Management Trust** has/have in and to any and all real estate in the County of Norfolk.

Deputy Sheriff

Later, on **7/8/2004** I deposited at the Registry of Deeds of said County of Norfolk, an attested copy of the within writ along with certified copy of Finding and Order of Approval of Attachment together with so much of my return as relates to the attachment of said real estate.

Deputy Sheriff

Later, on **7/8/2004** I notified the defendant(s) by mailing to his/her/their last known address an attested copy of the within writ together with so much of my return as relates to the attachment of said real estate and it's recording at the Norfolk County Registry of Deeds to wit:  86 Greenleaf Street  Quincy, MA  02169.

Deputy Sheriff

Fees:
| | |
|---|---|
| Service | 20.00 |
| Attachment | $0.00 |
| Copy | $15.00 |
| Travel | $8.32 |
| P+H | $2.50 |
| Registry | 75.50 |
| | ---------- |
| Total | $121.32 |

EXHIBIT H

## NOTICE OF LIEN
### PURSUANT TO MASSACHUSETTS GENERAL LAWS CHAPTER 111, §72Q

Property Location:   86 Greenleaf Street, Quincy

Notice is hereby given that the undersigned, Robert J. Griffin, Esq., has been appointed by the Suffolk Superior Court (the "Court) temporary receiver of the Crestview Healthcare Facility, 86 Greenleaf Street, Quincy, MA 02169 (the "Facility"). Pursuant to the Order for the Appointment of A Temporary Receiver (the "Court Order") in Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts and the Commonwealth of Massachusetts by its Department of Public Health v. Logan Healthcare Facility, Inc., et al., Suffolk Superior Court Civil Action No. 03-2696A, and Massachusetts General Laws Chapter 111, §72Q (the "Statute"), the Commonwealth of Massachusetts has a lien upon the following property: the building in which the Facility is located; the land on which the Facility is located; and any fixtures, equipment or goods used in the operation of the Facility. The lien is in an amount equal to the costs of the receivership as approved by the Court and any other costs permissible under the Statute, the Court Order, or any further order of the Court.

**Record owner of land, building and fixtures:** Joel K. Logan, Trustee of Crestview Management Trust u/d/t dated February 23, 1985 and recorded at the Norfolk Registry of Deeds at Book 6610, Page 363.

**Title reference for land, building and fixtures:** Deed recorded on February 28, 1985 at the Norfolk County Registry of Deeds at Book 6610, Page 371.

The lien described herein shall cover all property described in said deed, as well as all other property, if any, upon which the Facility or any portion thereof or any fixtures, equipment or goods used therein is located.

EXECUTED under seal this 9th day of July, 2004.

_____
Robert J. Griffin, Esq.
Temporary Receiver as Aforesaid


### COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                        July 9, 2004

On this 9th day of July, 2004, before me, the undersigned notary public, then personally appeared Robert J. Griffin, Esq., Temporary Receiver, proved to me through satisfactory evidence of identification, which were personally known to me, to be the person

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:- TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

24.!

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

**SUPERIOR COURT**
**CIVIL ACTION**

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY
8/5/05

**NO.** NOCV2005-00868-D

South Shore Savings Bank ......................................................., *Plaintiff(s)*

successor-by-merger to
South Weymouth Savings Bank
**v.**

.........Joel K. Logan, et al........., *Defendant(s)*

## SUMMONS

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/25/05

To the above-named Defendant:    Internal Revenue Service

You are hereby summoned and required to serve upon ...Jonathan Braverman......,
Braintree, MA 02184
plaintiff's attorney, whose address is ...50 Braintree Hill Park, #108.., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

~~BARBARA J. ROUSE, Esquire~~

WITNESS, ~~SUZANNE V. DELVECCHIO, Esquire~~, at .....................the ..................... 16th ...........

day of ...........May.........................., in the year of our Lord two thousand and ......five.........................

_____ Clerk.

**NOTES:**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

**Deputy Sheriff, George Slyva**

 **Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA  02108 • (617) 989-6999

*Suffolk, ss.*

August 2, 2005
I hereby certify and return that on 7/29/2005 at  9:15AM I served a true and
attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this
action in the following manner: To wit, by delivering in hand to E.Lynch,agent at
the time of service for Internal Revenue Service, at , JFK Building,  c/o Internal
Revenue Service Rm775 7th Boston, MA 02103. Basic Service Fee (IH) ($30.00), Travel
($6.40), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $42.40

Deputy Sheriff    George Slyva

_____
                                    *Deputy Sheriff*

# THE COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss**

**SUPERIOR COURT**
**CIVIL ACTION NO. NOCV2005-00868-D**

SOUTH SHORE SAVINGS BANK,               )
SUCCESSOR-BY-MERGER TO                  )
SOUTH WEYMOUTH SAVINGS BANK,            )
                    **Plaintiff**   )
                                 )
v.                                      )
                                 )
JOEL K. LOGAN, INDIVIDUALLY AND AS      )
TRUSTEE OF CRESTVIEW MANAGEMENT TRUST;  )
MARY ELLEN LOGAN, INDIVIDUALLY AND AS   )
TRUSTEE OF CRESTVIEW MANAGEMENT TRUST;  )
MASSACHUSETTS DEPARTMENT OF REVENUE;    )
J. GLABB, LLC AS ASSIGNEE OF KING DAVID TRUST;  )
CIRELLI FOODS, INC.; INTERNAL REVENUE SERVICE;)
JONATHAN BASHEIN AS ASSIGNEE OF NIXON   )
PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.;  )
THOMAS F. REILLY, ATTORNEY GENERAL OF THE  )
COMMONWEALTH OF MASSACHUSETTS; THE      )
COMMONWEALTH OF MASSACHUSETTS BY ITS    )
DEPARTMENT OF PUBLIC HEALTH; HEALTHCARE )
CAPITAL RESOURCES, INC., & HCFP FUNDING, INC.,  )
SUCCESSOR-IN-INTEREST TO HEALTH PARTNERS  )
FUNDING, L.P.,                          )
                    **Defendants**  )
                                 )

## DISCLAIMER OF INTEREST

  The defendant, the Commonwealth of Massachusetts Commissioner of Revenue, disclaims any interest in the above-captioned action but maintains the Commonwealth's right to pursue any actions it might have against the defendants.

                       **Respectfully submitted,**

                       **ALAN LEBOVIDGE**
                       **COMMISSIONER OF REVENUE**
                       **By his attorney,**

                       **Eileen Ryan McAuliffe**
                       **BBO No. 435260**
                       **Counsel for the Commissioner**
                       **Department of Revenue**
                       **Litigation Bureau**
                       **100 Cambridge Street, 7th Floor**
                       **Boston, Massachusetts 02110**

**Dated:** August 16, 2005.

A TRUE COPY
Attest:
Deputy Assistant Clerk
8/25/06

## CERTIFICATE OF SERVICE

I, Eileen Ryan McAuliffe, certify that I have served a copy of the within Notice of Disclaimer

by first-class mail, postage prepaid, upon:

Attorney Jonathan Braverman
Attorney Lisa Bond
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, Suite 108
Braintree, Massachusetts 02184

Attorney Jason A. Manekas
Bernkopf & Goodman, LLP
125 Summer Street
Boston, Massachusetts 02110-1621

Attorney Sanjit S. Korde
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824

Joel K. Logan
1035 Main Street
Norwell, Massachusetts 02061-2307

Cirelli Foods
30 Commerce Boulevard
Middleboro, Massachusetts 02346

David Hadas, Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108

Attorney Anthony J. Cichello
Krokidas & Bluestein, LLP
600 Atlantic Avenue
Boston, Massachusetts 02110

Mary Ellen Logan
1035 Main Street
Norwell, Massachusetts 02061-2307

Attorney David B. Currie
Whittier Health Network
25 Railroad Square
Haverhill, Massachusetts 01832

Barbara Healy Smith
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts  02110

**Eileen Ryan McAuliffe**

**Dated:**
197560/ERM