IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOUTH SHORE SAVINGS BANK, SUCCESSOR-BY-MERGER TO SOUTH WEYMOUTH SAVINGS BANK,<br><br>Plaintiff,<br><br>v.<br><br>JOEL K. LOGAN, INDIVIDUALLY and AS TRUSTEE OF CRESTVIEW MANAGEMENT TRUST; MARY ELLEN LOGAN, INDIVIDUALLY and AS TRUSTEE OF CRESTVIEW MANAGEMENT TRUST; MASSACHUSETTS DEPARTMENT OF REVENUE; J. GLAB, LLC, AS ASSIGNEE OF KING DAVID TRUST; CIRELLI FOODS, INC.; INTERNAL REVENUE SERVICE; JONATHAN BASHEIN AS ASSIGNEE OF NIXON PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.; THOMAS F. REILLY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS; THE COMMONWEALTH OF MASSACHUSETTS, BY ITS DEPARTMENT OF PUBLIC HEALTH; HEALTHCARE CAPITAL RESOURCES, INC.; and HCFP FUNDING, INC., SUCCESSOR-IN INTEREST TO HEALTH PARTNERS FUNDING, L.P.,<br><br>Defendants. | Civil No. 05-11754-RGS |

UNITED STATES' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The United States, by its undersigned counsel, opposes J Glab LLC's (hereinafter "J Glab") motion for summary judgment on the grounds that it is premature as the United States is without sufficient information at this time to make a determination as to the proper priority to the surplus funds at issue in this proceeding.

BACKGROUND AND RULE 56 STATEMENT

This interpleader action was instituted in Norfolk County Superior Court by Plaintiff South Shore Savings Bank following the foreclosure on real property at 86 Greenleaf Street, Quincy, Massachusetts (the "subject property"). See Complaint, ¶¶ 16, 17. The mortgage was given by Joel Logan as Trustee for the Crestview Management Trust and by Joel and Mary Logan individually. See Complaint, ¶¶ 16, 17. The United States claims an interest in this proceeding by virtue of a Notice of Federal Tax Lien filed on May 2, 2002 with the Registry of Deeds, Norfolk County, against Joel Logan in the amount of $1,729,992.47. See Government Exhibit A. Subsequent to that filing, on July 24, 2003, two additional Notices of Federal Tax Lien have been filed, totaling $3,145,255.50. See Government Exhibit A.

On or about September 1, 2005, the United States removed this action to the United States District Court for the District of Massachusetts. To date, no scheduling conference has been scheduled for this matter, and the United States has not yet filed an answer.

On August 31, 2005, defendant J Glab, filed a motion for summary judgment, with supporting Rule 56.1 statement, affidavit, and memorandum of law. J Glab asserts first priority to the surplus funds pursuant to an execution recorded on December 23, 2003 against Joel Logan, Mary Logan, and Joel Logan in his capacity as Trustee of Crestview Management Trust. See J. Glab's Rule 56.1 Statement, ¶¶ 3, 4. Defendant J Glab further asserts that this execution relates back to an attachment made on March 17, 2003. See J. Glab's Rule 56.1 Statement, ¶ 6. J Glab's execution and attachment dates are subsequent to the date on which the first Notice of Federal Tax Lien was filed. If J Glab's claim and that of the United States attach to the same

interest in the same property, the claim of the United States, being first in time, is necessarily first in right.

The United States now opposes defendant's motion for summary judgment as premature, and asserts that it is entitled to take discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

ARGUMENT

A court shall grant summary judgment "if . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). The party moving for summary judgment bears the initial burden of showing the court that there is an absence of a genuine dispute over any material fact, and upon review, all facts and inferences must be viewed in the light most favorable to the nonmoving party. See Celotex v. Catrett, 477 U.S. 317, 323 (1986); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994).

The United States, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, seeks time to conduct discovery in order to respond to defendant J Glabb's motion for summary judgment. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion
> that the party cannot for reasons stated present by affidavit facts
> essential to justify the party's opposition, the court may refuse the
> application for judgment or may order continuance to permit
> affidavits to be obtained or depositions to be taken or discovery to
> be had or may make such other order as is just.

The primary purpose of Rule 56(f) is to ensure that parties have a reasonable opportunity to prepare their case and to ensure against a premature grant of summary judgment. See Price v. General Motors Corp., 931 F.2d 162, 164 (1st Cir. 1991) (*citing* 10A Wright, Miller & Kane,

Federal Practice and Procedure § 2740 (1983)).  The party seeking additional time for discovery under Rule 56(f) must show that the facts sought "will, if obtained, suffice to engender an issue both genuine and material."  Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 988 (1988).

A litigant who desires to invoke Rule 56(f) must: (1) make a proffer that is authoritative; (2) advance the proffer in a timely manner and explain why the party is currently unable to adduce facts essential to opposing summary judgment; (3) show good cause for the failure to have discovered the facts sooner; (4) set forth a plausible basis for believing that the specified facts exist; and (5) indicate how the emergent facts will influence the outcome of the pending action.  Resolution Trust Corp. v. North Bridge Assocs. Inc., 22 F.3d 1198, 1203 (1st Cir. 1994).

As set forth in the Declaration of Lydia Bottome Turanchik, counsel for the United States, the government is seeking to determine the proper priority to these funds.  The primary issue is ascertainment of Joel Logan's interest in the subject property, if any.[1]  If Mr. Logan has an interest in the property, then the federal tax liens attach to that interest and it becomes a question of lien priority with the other claimants.  If Mr. Logan has no interest in this property, then the federal tax liens do not attach and the United States has no interest.  In order to make this determination, counsel for the United States would seek: (a) information on the ownership of the subject property; (b) tax returns for the Crestview Management Trust and Joel Logan; (c)

---

[1] There are four theories under which Joel Logan would have a sufficient interest in these funds such that the federal tax lien would attach; (a) Joel Logan has an interest individually in the property at issue; (b) Joel Logan has a beneficial interest in the assets of the Crestview Management Trust; (c) the Crestview Management Trust was the nominee or alter ego of Joel Logan; (d) to the extent that Joel Logan made payments for the benefit of the subject property, the federal tax lien would attach to the extent of those payments on behalf of the trust.

correspondence of the Crestview Management Trust; (d) record of payments made by the Crestview Management Trust relating to this property; (e) bank statements of the Crestview Management Trust and Joel Logan; (f) any accountings of the Crestview Management Trust; (g) assets of the Crestview Management Trust; (h) description of the funding of the Crestview Management Trust; (i) mortgage statements received by the Crestview Management Trust; (j) credit card statements of the Crestview Management Trust; and (k) deposition testimony of Joel Logan and Mary Logan.

(1)     The proffer is authoritative

The declaration has been signed by government counsel who possesses firsthand knowledge of the case and is familiar with the theories of recovery advanced by the United States.  Additionally, an affidavit or declaration from counsel subject to the strictures of Rule 11 of the Federal Rules of Civil Procedure is sufficient to satisfy a Rule 56(f) proffer.  See Paterson-Leitch, 840 F.2d at 988.

(2)     The proffer is timely

A party must invoke Rule 56(f) within a reasonable time following receipt of a motion for summary judgment.  See Resolution Trust, 22 F.3d at 1204.  The United States received the defendant's motion for summary judgment on September 2, 2004, and its opposition is due on or before September 14, 2005.  The United States invokes Rule 56(f) with the filing of this objection, and thus Rule 56(f) was invoked within the United States' deadline for a response to this motion.

    (3)    The United States has good cause to seek this discovery

This action was removed from state court to federal court on August 24, 2005. One week later, on August 31, 2005, the instant motion for summary judgment was filed. No scheduling conference has been set, no Rule 26(a)(1) disclosures have been made, no written discovery has been issued, no depositions have been taken, and no subpoenas to third parties have been issued . The United States (Internal Revenue Service) as a named defendant, has insufficient information upon which to make a determination at this time, and it is entitled to discovery in this matter.

    (4)    The United States has a plausible basis for believing that the facts exist

There is no question that the documents and information sought by the United States are (or should be) in existence. First and foremost, the United States will seek documentary evidence relating to the ownership of the subject property and the relative interests of Joel Logan and the Crestview Management Trust in that property. The United States would further seek documentary evidence relating to the establishment and ongoing existence of the Trust, including the original trust documents, its financial records, bank statements, and credit card statements. If it is determined that Joel Logan did, in fact, have an interest in the subject property, then a determination will need to be made as to lien priority with respect to the named defendants in this matter. This will be accomplished by looking to the records maintained by each defendant establishing its interest in this matter, particularly those documents publicly recording a security interest in the property.

    (5)    The discovery sought is material to the asserted interest of the United States

The facts sought by the Rule 56(f) movant must be "foreseeably capable of breathing life into the asserted claim or defense." Licari v. Ferruzzi, 22 F.3d 344, 350 (1st Cir. 1994). The

United States seeks facts through discovery that will either refute or confirm its claims and establish whether the United States has an interest in this matter. The United States cannot state with certainty what facts will be discovered because discovery has not taken place. Put simply, this motion for summary judgment is premature, and the United States is entitled to discovery in this matter.

## CONCLUSION

For the foregoing reasons, J Glab's motion for summary judgment should be denied at this time, and a scheduling conference should be set to allow a reasonable time for discovery in this matter.

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on

9/14/05 - Lydia Bottome Turanchik

RESPECTFULLY SUBMITTED,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

Service List

Jonathan Braverman, Esq.
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, Suite 108
Braintree, Massachusetts 02184

Jason Manekas, Esq.
Bernkopf, Goodman & Baseman
125 Summer Street
13th Floor
Boston, Massachusetts 02110

Sanjit S. Korde, Esq.
Korde & Assoc., PC
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824

Joel K. Logan
1035 Main Street
Norwell, Massachusetts 02061

Mary Logan
1035 Main Street
Norwell, Massachusetts 02061

David B. Currie, Esq.             Anthony Cichello, Esq.
Whittier Health Network           Krokidas & Bluestein
25 Railroad Square                600 Atlantic Ave.
Haverhill, Massachusetts 01832    Boston, Massachusetts 02210

David Hadas, Esq.
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOUTH SHORE SAVINGS BANK, )<br>SUCCESSOR-BY-MERGER TO SOUTH )<br>WEYMOUTH SAVINGS BANK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOEL K. LOGAN, INDIVIDUALLY and )<br>AS TRUSTEE OF CRESTVIEW )<br>MANAGEMENT TRUST; MARY ELLEN )<br>LOGAN, INDIVIDUALLY and AS )<br>TRUSTEE OF CRESTVIEW MANAGEMENT )<br>TRUST; MASSACHUSETTS DEPARTMENT )<br>OF REVENUE; J. GLAB, LLC, AS )<br>ASSIGNEE OF KING DAVID TRUST; )<br>CIRELLI FOODS, INC.; INTERNAL )<br>REVENUE SERVICE; JONATHAN )<br>BASHEIN AS ASSIGNEE OF NIXON )<br>PEABODY, LLP; ROBERT J. GRIFFIN, )<br>ESQ.; THOMAS F. REILLY, ATTORNEY )<br>GENERAL OF THE COMMONWEALTH )<br>OF MASSACHUSETTS; THE )<br>COMMONWEALTH OF MASSACHUSETTS, )<br>BY ITS DEPARTMENT OF PUBLIC )<br>HEALTH; HEALTHCARE CAPITAL )<br>RESOURCES, INC.; and HCFP )<br>FUNDING, INC., SUCCESSOR-IN )<br>INTEREST TO HEALTH PARTNERS )<br>FUNDING, L.P., )<br>)<br>Defendants. ) | Civil No. 05-11754-RGS |

DECLARATION OF DEPARTMENT OF JUSTICE ATTORNEY
LYDIA BOTTOME TURANCHIK PURSUANT TO RULE 56(F)

1.  I am an attorney for the United States Department of Justice, Tax Division, Civil Trial Section, Northern Region.

2.  In this capacity, I am the lead attorney for the United States of America in the interpleader action, <u>South Shore Savings Bank v. Joel Logan, et al.</u>, Case No. 05-117564-RGS (D.Mass.).

3.  I am familiar with the claims of the United States (Internal Revenue Service) on the surplus funds presently held by plaintiff South Shore Savings Bank.

4.  According to the complaint, the surplus funds were generated as a result of the foreclosure on real property at 86 Greenleaf Street, Quincy, Massachusetts.

5.  The United States claims an interest in the interplead funds by virtue of a Notice of Federal Tax Lien filed on May 2, 2002, with the Registry of Deeds, Norfolk County, against Joel Logan.

6.  The United States has at least three bases for claiming a right to the surplus funds:

    a.  To the extent that Joel Logan has a beneficial interest in the Crestview Management Trust, the federal tax liens attach to his beneficial interest in the subject property;

    b.  if the Crestview Management Trust was the alter ego or nominee of Joel Logan, the federal tax liens attach to the subject property;

    c.  To the extent that Joel Logan made payments for the benefit of the real property at 86 Greenleaf Street, Quincy, Massachusetts, the federal tax liens attach to the subject property.

7.  On or about August 31, 2005, defendant J Glab filed a motion for summary judgment.

8.  Pursuant to Rule 56(f), the United States requires more discovery before it may properly respond to this motion.

9. Specifically, the United States requires at least the following information in order to determine whether it has a valid claim to the funds:

(a) information on the ownership of the subject property;

(b) tax returns for the Crestview Management Trust and Joel Logan;

(c) correspondence of the Crestview Trust;

(d) record of payments made by the Crestview Management Trust relating to this property;

(e) bank statements of the Crestview Management Trust and Joel Logan;

(f) any accountings of the Crestview Management Trust;

(g) assets of the Crestview Management Trust;

(h) description of the funding of the Crestview Management Trust;

(i) mortgage statements received by the Crestview Management Trust;

(j) credit card statements of the Crestview Management Trust; and

(k) deposition testimony of Joel Logan and Mary Logan.

10. The items listed in paragraph 9 are not exhaustive of the information that the United States may require to establish that its tax liens attached to the subject property.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, D.C. this 14th day of September, 2005.

*/s/ Lydia Bottome Turanchik*
LYDIA BOTTOME TURANCHIK
Trial Attorney
U.S. Department of Justice
Tax Division, Civil Trial Section

- 11 -                                                          1349647.1

```
  10712                                              COURT RECORDING DATA
------------------------------------------+-----------------------------------
        INTERNAL REVENUE SERVICE          | Lien Recorded   : 05/02/2002 - 09:21AM
   FACSIMILE FEDERAL TAX LIEN DOCUMENT    | Recording Number: 077312
                                          | UCC Number      :
                                          | Liber           : 16571
                                          | Page            : 502
------------------------------------------+-----------------------------------
 Area: SMALL BUSINESS/SELF EMPLOYED #1    | IRS Serial Number:  40205675
 Lien Unit Phone: (800) 913-6050          |
------------------------------------------+-----------------------------------
               This Lien Has Been Filed in Accordance with
               Internal Revenue Regulation 301.6323(f)-1.
-------------------------------------------------------------------------------
 Name of Taxpayer :
   JOEL LOGAN


-------------------------------------------------------------------------------
 Residence :


-------------------------------------------------------------------------------
  With respect to each assessment below, unless notice of lien
  is refiled by the date in column(e), this notice shall constitute
  the certificate of release of lien as defined in IRC 6325(a).
---------+------------+-------------+------------+----------------+-----------
  Form   |   Period   |  ID Number  |  Assessed  | Refile Deadline| Unpaid Balance
   (a)   |    (b)     |     (c)     |     (d)    |       (e)      |     (f)
---------+------------+-------------+------------+----------------+-----------
  6672     06/30/2000        3838     10/31/2001    11/30/2011       1729992.47
```

```
------------------------------------------------------+------------------------
 Filed at:  Registry of Deeds                         |
            Norfolk County                   Total    | $     1729992.47
            Dedham, MA 02026                          |
------------------------------------------------------+------------------------
 This notice was prepared and executed at BOSTON, MA
 on this, the 26th day of April, 2002.
-------------------------------------------------------------------------------
 Authorizing Official:              | Title:
   JAY KELLY                        |   REVENUE OFFICER            21-04-3505
                                    |
-------------------------------------------------------------------------------
```



```
 10712                                              COURT RECORDING DATA
------------------------------------------+-------------------------------------
     INTERNAL REVENUE SERVICE             | Lien Recorded   : 07/24/2003 - 10:44AM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT     | Recording Number: 172519
                                          | UCC Number      :
                                          | Liber           : 19420
                                          | Page            : 499
------------------------------------------+-------------------------------------
 Area: SMALL BUSINESS/SELF EMPLOYED #1    | IRS Serial Number:   40325909
 Lien Unit Phone: (800) 913-6050          |
------------------------------------------+-------------------------------------
                  This Lien Has Been Filed in Accordance with
                    Internal Revenue Regulation 301.6323(f)-1.
--------------------------------------------------------------------------------

 Name of Taxpayer :
    JOEL LOGAN


 Residence :


--------------------------------------------------------------------------------
   With respect to each assessment below, unless notice of lien
   is refiled by the date in column(e), this notice shall constitute
   the certificate of release of lien as defined in IRC 6325(a).
--------+------------+-------------+---------------+----------------+-----------
  Form  |   Period   |  ID Number  |   Assessed    | Refile Deadline| Unpaid Balance
  (a)   |    (b)     |    (c)      |     (d)       |      (e)       |     (f)
--------+------------+-------------+---------------+----------------+-----------
  6672    12/31/1999                  03/03/2003      04/02/2013         70737.56
  6672    12/31/2000                  02/24/2003      03/26/2013
  6672    12/31/2000                  03/03/2003      04/02/2013
  6672    12/31/2000                  06/09/2003      07/09/2013
  6672    12/31/2000                  06/16/2003      07/16/2013        411952.24
  6672    03/31/2001                  03/03/2003      04/02/2013
  6672    03/31/2001                  06/09/2003      07/09/2013        479914.91
  6672    06/30/2001                  02/24/2003      03/26/2013
  6672    06/30/2001                  03/03/2003      04/02/2013        427583.82
  6672    09/30/2001                  02/24/2003      03/26/2013
  6672    09/30/2001                  03/03/2003      04/02/2013        447845.18
  6672    12/31/2001                  02/24/2003      03/26/2013
  6672    12/31/2001                  03/03/2003      04/02/2013        533128.29
  6672    03/31/2002                  02/24/2003      03/26/2013
  6672    03/31/2002                  03/03/2003      04/02/2013        389271.29

  ------------------------------------------
  Filed at:   Registry of Deeds
              Norfolk County                       Total      $    2760433.29
              Dedham, MA 02026
--------------------------------------------------------------------------------
 This notice was prepared and executed at BOSTON, MA
 on this, the 18th day of June, 2003.
--------------------------------------------------------------------------------
 Authorizing Official:                    | Title:
    JAY KELLY                             |    REVENUE OFFICER         21-04-3505
                                          |
--------------------------------------------------------------------------------
```

```
 10712                                          COURT RECORDING DATA
----------------------------------------+---------------------------------
         INTERNAL REVENUE SERVICE       | Lien Recorded    : 07/24/2003 - 10:44AM
    FACSIMILE FEDERAL TAX LIEN DOCUMENT | Recording Number : 172520
                                        | UCC Number       :
                                        | Liber            : 19420
                                        | Page             : 500
----------------------------------------+---------------------------------
 Area: SMALL BUSINESS/SELF EMPLOYED #1  | IRS Serial Number:  40325910
 Lien Unit Phone: (800) 913-6050        |
----------------------------------------+---------------------------------
              This Lien Has Been Filed in Accordance with
                  Internal Revenue Regulation 301.6323(f)-1.
---------------------------------------------------------------------------
 Name of Taxpayer :
    JOEL LOGAN


---------------------------------------------------------------------------
 Residence :


---------------------------------------------------------------------------
    With respect to each assessment below, unless notice of lien
    is refiled by the date in column(e), this notice shall constitute
    the certificate of release of lien as defined in IRC 6325(a).
 -------+-----------+---------------+------------+----------------+----------------
  Form  |  Period   |   ID Number   |  Assessed  | Refile Deadline| Unpaid Balance
  (a)   |    (b)    |     (c)       |    (d)     |      (e)       |     (f)
 -------+-----------+---------------+------------+----------------+----------------
  6672  | 06/30/2002|     -3838     | 02/24/2003 |   03/26/2013   |
  6672  | 06/30/2002|     -3838     | 03/24/2003 |   04/23/2013   |    384822.22




              -------------------------------------------
 Filed at:    Registry of Deeds                                 |
              Norfolk County                          Total  $  |   384822.22
              Dedham, MA 02026                                  |
 ---------------------------------------------------------------+---------------
 This notice was prepared and executed at BOSTON, MA
 on this, the 18th day of June, 2003.
 ---------------------------------------------------------------+---------------
 Authorizing Official:                  | Title:
    JAY KELLY                            | REVENUE OFFICER       21-04-3505
                                        |
 ---------------------------------------------------------------+---------------
```