UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

South Shore Savings Bank, Successor By Merger to South Weymouth Savings Bank,

Plaintiff

VS.

Joel K. Logan, Individually and as Trustee of Crestview Management Trust; Mary Ellen Logan, Individually and as Trustee of Crestview Management Trust; Massachusetts Department of Revenue; J. Glabb, LLC as Assignee of King David Trust; Cirelli Foods, Inc.; Internal Revenue Service, Jonathan Bashein as Assignee of Nixon Peabody, LLP; Robert J. Griffin, Esq.; The Commonwealth of Massachusetts; The Commonwealth of Massachusetts by its Department of Public Health; Healthcare Capital Resources, Inc., and HCFP Funding, Inc., Successor in Interest to Health Partners Funding, L.,

Defendants

CIVIL ACTION
NO. 05-11754 RGS

**MEMORANDUM OF ROBERT J. GRIFFIN, TEMPORARY RECEIVER, THOMAS F. REILLY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS AND THE COMMONWEALTH OF MASSACHUSETTS, IN OPPOSITION TO J. GLAB, LLC'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF MOTION FOR CONTINUANCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(F)**

Defendants, Robert J. Griffin, Temporary Receiver of five Massachusetts nursing home facilities (the "Receiver")[1], Thomas F. Reilly, Attorney General of the Commonwealth of

[1] Attorney Griffin was appointed temporary receiver of Logan Healthcare Facility, Inc. d/b/a Logan Nursing and Rehabilitation Center; Elihu White Nursing Home d/b/a Elihu White Nursing and Rehabilitation Center; Pond Meadow Healthcare Facility, Inc., d/b/a Pond Meadow

Massachusetts (the "Attorney General"), and the Commonwealth of Massachusetts, by its Department of Public Health ("DPH") (collectively, the "Receiver/State Defendants") hereby submit this memorandum in opposition to the Motion for Summary Judgment of Defendant J. Glab LLC ("Glab") and in support of their motion for continuance pursuant to Federal Rule of Civil Procedure 56(f).

This is an interpleader action to determine the disposition of surplus proceeds (the "Surplus Proceeds") resulting from a foreclosure sale conducted by Plaintiff of real property owned by Defendant, Joel K. Logan, as Trustee of Crestview Management Trust. The Receiver/State Defendants claim rights to recover the Surplus Proceeds to satisfy, among other things, a lien for costs and expenses incurred in connection with the nursing home receivership. Glab has filed a motion for summary judgment seeking a declaration that it is entitled to a first priority to all of the Surplus Proceeds.

The Receiver/State Defendants oppose Glab's motion at the present time because it is premature. Not all parties have yet filed an answer to the Complaint and the Receiver/State Defendants have not yet had an opportunity to conduct discovery as to Glab's claimed interest in the Surplus Proceeds and regarding defenses to Glab's claimed priority. Because Glab's motion is premature, it should be denied without prejudice or, in the alternative, continued for sufficient time to permit the Receiver/State Defendants to conduct discovery as to Glab's claim and its assertion of a priority in the Surplus Proceeds.

---

Healthcare Facility; Atrium Healthcare Facility, LLC, d/b/a Atrium Nursing Center; and Crestview Healthcare Facility, Inc., as more fully described below. See pp. 2-3 below.

**Facts**

On June 6, 2003, the Attorney General of the Commonwealth, with the Massachusetts Department of Public Health, filed an action (the "Receivership Action")[2] pursuant to the Patient Protector Receivership Act, G.L. c. 111, §§72M-72U, seeking appointment of a temporary receiver to preserve the health, safety and well-being of the residents of four nursing home facilities[3] (the "Facilities") owned and/or controlled by the Defendant Joel K. Logan and/or various members of his family and/or entities that members of the Logan family owned or controlled (collectively, the "Logan Defendants"). The Complaint alleged failures of patient care, "gross financial mismanagement" and serious financial and other improprieties and abuses which subjected the Facilities to risk of abandonment by staff, who were not being paid, and/or regulatory shutdown. These conditions were alleged to have created an "imminent danger of death or serious physical harm to elderly residents and patients." (See Griffin Affidavit at Exhibit A).

On June 6, 2003, after a full day of evidentiary hearing, the Suffolk Superior Court granted the Attorney General's petition and entered an order (the "Appointing Order") appointing Robert J. Griffin as temporary receiver ("Receiver") for the Facilities. The Appointing Order charged the Receiver to (a) protect the immediate health and safety of the residents by ensuring that they receive the care they need; (b) protect the longer-term health and

---

[2] Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts, et al, vs. Logan Healthcare Facility, et al, Suffolk Superior Court Civil Action No. 03-2696A.

[3] The Facilities initially under Receivership were (1) Logan Healthcare Facility, Inc., d/b/a Logan Nursing and Rehabilitation Center ("Logan"); (2) Elihu White Nursing Home, Inc. d/b/a Elihu White Nursing and Rehabilitation Center ("Elihu White"); (3) Pond Meadow Healthcare Facility, Inc., d/b/a Pond Meadow Healthcare Facility ("Pond Meadow") and (4) Atrium Healthcare Facility, LLC, d/b/a Atrium Nursing Center ("Atrium"). By Order dated July 2, 2004, Crestview Healthcare Facility, Inc. was also put into receivership. (See Griffin Aff., Exs. B and D.)

safety of the residents by taking measures to ensure that Facilities remain able to meet their tax and insurance obligations and are not abandoned by staff or closed by regulatory action; and/or (c) if necessary, ensure the implementation of an orderly and safe transfer and residents and closure of the Facilities within the next two months. (See Griffin Affidavit at Exhibit B).

That same day, the Court also entered an order barring the Logan Defendants from "transferring, pledging, selling, mortgaging, encumbering, or in any way disposing of ownership or custody of any real or personal assets the Defendants may own or control . . . "(See Griffin Affidavit at Exhibit C).

The Attorney General subsequently moved for the appointment of a receiver over Crestview Healthcare Facility, Inc., which the Court allowed on July 2, 2004. (See Griffin Affidavit at Exhibit D). Additionally, on that date, the Court issued two additional writs of attachment against Mary Ellen Logan in the amount of $250,000 (recorded on July 7, 2004) and Crestview Management Trust in the amount of $250,000 (recorded on July 8, 2004). (See Griffin Affidavit at Exhibits E and F, respectively). On July 9, 2004, pursuant to M.G.L. c. 111, §72Q, executed a notice of lien on behalf of the Commonwealth of Massachusetts upon the property at 86 Greenleaf Street, Quincy, Massachusetts (the "Property") in an amount equal to the cost of the Receivership as approved by the Superior Court and other permissible costs, which Notice of Lien was recorded on July 12, 2004. (See Griffin Affidavit at Exhibit G).[4]

[4] The Commonwealth also has a lien to secure any recovery on its claims, including claims under M.G.L. c.93A, against the Logan Defendants in the Receivership Action.

**Procedural Status of Case**

After a foreclosure sale of the Property, Plaintiff filed this interpleader action seeking instructions as to the disposition of the Surplus Proceeds which remained after satisfaction of obligations to Plaintiff. The United States removed this matter from Norfolk Superior Court on August 24, 2005. Various parties, including Glab and the Receiver/State Defendants, have filed answers to the Complaint asserting a claim to the Surplus Proceeds. However, the United States has yet to file its answer and has moved to enlarge the time within which it may respond until September 27, 2005.

Glab, which did not file an answer setting forth its claim to the Surplus Proceeds until July 1, 2005, has now moved for summary judgment, seeking a judgment declaring its right to first priority to all of the Surplus Proceeds. No scheduling conference has been scheduled nor have any initial disclosures yet been made in the case. Accordingly, the Receiver/State Defendants have not yet had an opportunity to determine the validity of Glab's claims. The Receiver/State Defendants have identified several potential defenses to Glab's asserted claims. Despite the early stage of the case and in light of Glab's motion for summary judgment, the Receiver has sought information as to these issues and defenses, promulgating an initial set of interrogatories and document requests focused on these issues. While Glab has agreed to try to cooperate to provide the Receiver/State Defendants with necessary information, it has not yet done so. Further, additional discovery from other parties may be necessary to determine the extent of other assets that might be available to satisfy Glab's claims.

**Argument**

Federal Rule of Civil Procedure 56(f) states that:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the

> court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). This provision has frequently been applied to ensure that parties are given a reasonable opportunity to conduct discovery and to prepare their case. Carmona v. Toledo, 215 F.3d 124, 133-34 (1st Cir. 2000) (party must be given an opportunity to obtain discovery from opposing party prior to grant of summary judgment); Information Handling Servs., Inc. v. Defense Automated Printing Servs., Inc., 338 F.3d 1024, 1034-35 (D.C. Cir. 2003) (party must be given reasonable opportunity to conduct discovery); Costello, Porter, Heisterkamp and Bushnell v. Providers Fidelity Life Insurance Co., 958 F.2d 836, 837-38 (8th Cir. 1992) (summary judgment premature where discovery is not finished).

In this case, the parties have not had any opportunity to conduct discovery. The Receiver/State Defendants have identified a number of potential issues or defenses including the following:

M.G.L. c. 111, §72Q states that:

> The commonwealth shall have a lien for any expenditure under section seventy-two O upon the following property: the building in which the facility is located; the land on which the facility is located; any fixtures, equipment or goods used in the operation of the facility. Such lien shall be prior to any mortgage or lien which the court finds has been executed or obtained for a fraudulent purpose or to hinder or delay creditors. Such lien shall also be prior to a mortgage or lien held by any person with an ownership interest in the facility; or any person which controls or has the ability to directly or indirectly control to any significant degree the management of policies of the licensee or the facility; or any person related to the licensee or to the facility by any significant degree of common ownership or common control. The receiver shall cause notice of any lien created hereunder to be duly filed.

(emphasis added).

The Receiver/State Defendants have a duty to satisfy themselves that the lien on which Glab, as assignee,[5] seeks to levy was not "executed or obtained for a fraudulent purpose or to hinder or delay creditors" as referenced in this statute. Further, the Receiver/State Defendants must ensure that the lien sought to be enforced was not "a mortgage or lien held by any person with an ownership interest in the facility; or any person which controls or has the ability to directly or indirectly control to any significant degree the management of policies of the licensee or the facility; or any person related to the licensee or to the facility by any significant degree of common ownership or common control," as detailed in the statute.

The Receiver/State Defendants also seek an opportunity to conduct discovery as to the applicability of the marshalling doctrine. Under Massachusetts law,

> The equitable doctrine of marshalling exists for the benefit of junior creditors. It arises in situations where two or more creditors claim against one debtor and the first creditor can reach two properties held by the debtor whereas the second creditor can reach only one property. In such cases, marshalling allows the junior creditor to compel the senior creditor to resort first to the property which cannot be reached by the junior creditor. The doctrine rests upon the principle that a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor who may resort to only one of the funds. Its purpose is to prevent a senior lienor from arbitrarily destroying the rights of a junior creditor or a creditor having less security.
>
> To invoke marshaling, a junior lienor must establish three elements: (1) two secured creditors with a common debtor; (2) two funds or assets belonging to the debtor; and (3) the right of the senior creditor to satisfy its claim from both funds, while the other creditor may resort to only one.

In re Pray, 242 B.R. 205, 209-10 (Bankr. D. Mass. 1999) (internal citations and quotes omitted); see also James Stewart & Co., Inc. v. National Shawmut Bank of Boston, 291 Mass. 534 (1935).

In this case, the Receiver/State Defendants must be afforded an opportunity to explore these various claims and defenses. The Receiver already has promulgated discovery requests as

---

[5] The parties are entitled to raise any defenses against Glab that could have been asserted against its predecessor in interest.

to these issues to Glab but has yet to receive responses or documents responsive to its requests. The requests seek, among other things, information as to the nature and circumstances of the underlying claims and judgment that Glab is seeking to enforce, the relationship, if any, between Glab and/or its predecessors in interest and the Logan Defendants, and as to the availability of other funds from which Glab might be able to satisfy its claims. Although Glab has promised cooperation in providing this information, it has yet to do so. Further, the Receiver/State Defendants may require discovery from other parties in addition to Glab to evaluate or establish its defenses.

Any recovery in this action by the Receiver/State Defendants would inure to the benefit of the public because it would relieve the Commonwealth of costs of the Receivership that it – and the public – have been forced to bear.

**Conclusion**

For the foregoing reasons, Glab's motion should be denied without prejudice or, in the alternative, continued for sufficient time to permit the Receiver/State Defendants the opportunity to conduct discovery.

Respectfully submitted,

ROBERT J. GRIFFIN, ESQ., TEMPORARY RECEIVER,
By his Attorneys

Anthony J. Cichello BBO #562826
KROKIDAS & BLUESTEIN LLP
600 Atlantic Ave
Boston, MA 02210
(617) 482-7211

THOMAS F. REILLY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS

David Hadas (AJC)
David Hadas, BBO # 641294
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108
(617) 727-2200, ext. 2085

Dated: September 15, 2005

**CERTIFICATE OF SERVICE**

I, Anthony J. Cichello, hereby certify that on September 16, 2005, I served a copy of Motion of Robert J. Griffin, Temporary Receiver, Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts, and the Commonwealth of Massachusetts Department of Public Health for Continuance Pursuant to Federal Rule of Civil Procedure 56(F) in Connection with J. Glab, LLC's Motion for Summary Judgment, Memorandum of Robert J. Griffin, Temporary Receiver, Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts and the Commonwealth of Massachusetts, in Opposition to J. Glab, LLC's Motion for Summary Judgment and in Support of Motion for Continuance Pursuant to Federal Rule of Civil Procedure 56(F), and Affidavit of Robert J. Griffin, via first class mail, postage prepaid, upon the following counsel of record:

Jonathan Braverman, Esq.
Lisa Bond, Esq.
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, #108
Braintree, MA 02184

Eileen Ryan McAuliffe, Esq.
Counsel to the Commissioner
DEPARTMENT OF REVENUE
Legal Division – Litigation Bureau
100 Cambridge Street – P.O. Box 9565
Boston, MA 02114-9565

David Hadas, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Government Bureau – Administrative Law Division
One Ashburton Place
Boston, MA 02108-1598

Joel K. Logan
1035 Main Street
Norwell, MA 02061

Mary Ellen Logan
1035 Main Street
Norwell, MA 02061

Jason A. Manekas
Bernkopf, Goodman & Baseman
125 Summer Street, 13th Floor
Boston, MA 02110

Sanjit S. Korde
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA 01824

Barbara Healy Smith
US Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210

Lydia Bottome Turanchik
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044

Anthony J. Cichello, Esq.