UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11754-RGS

SOUTH SHORE SAVINGS BANK, )
SUCCESSOR-BY-MERGER TO )
SOUTH WEYMOUTH SAVINGS BANK, )
    Plaintiff )
v. )
 )
JOEL K. LOGAN, INDIVIDUALLY AND )
AS TRUSTEE OF CRESTVIEW MANAGEMENT )
TRUST; MARY ELLEN LOGAN, INDIVIDUALLY )
AND AS TRUSTEE OF CRESTVIEW MANAGEMENT )
TRUST; MASSACHUSETTS DEPARTMENT OF )
REVENUE; J. GLABB, LLC AS ASSIGNEE OF )
KING DAVID TRUST; CIRELLI FOODS, INC.; )
INTERNAL REVENUE SERVICE; JONATHAN BASHEIN )
AS ASSIGNEE OF NIXON PEABODY, LLP; )
ROBERT J. GRIFFIN, ESQ.; THOMAS F. REILLY, )
ATTORNEY GENERAL OF THE COMMONWEALTH )
OF MASSACHUSETTS; THE COMMONWEALTH OF )
MASSACHUSETTS BY ITS DEPARTMENT OF PUBLIC )
HEALTH; HEALTHCARE CAPITAL RESOURCES, INC., )
AND HCFP FUNDING, INC., SUCCESSOR-IN-INTEREST )
TO HEALTH PARTNERS FUNDING, L.P., )
    Defendants. )

[handwritten: replace #14]

## PLAINTIFF'S MOTION TO DEPOSIT SURPLUS PROCEEDS INTO COURT

Now comes the Plaintiff in the above-captioned matter, South Shore Savings Bank, successor-by-merger to South Weymouth Savings Bank (the "Bank") pursuant to Rule 67 of the Federal Rules of Civil Procedure and hereby respectfully requests that this Honorable Court allow Plaintiff's Motion to Deposit Surplus Proceeds into Court and discharge it from this action.

As grounds therefor the Bank states as follows:

1.     The Court may, in its discretion, require funds to be deposited into Court "as a means of safeguarding the disputed funds and facilitating execution of judgment." Emmco Ins. Co. v. Franford Trust Co., 352 F.Supp. 130, 133 (E.D. Pa 1972).

2.  The Bank is a disinterested person and therefore may be discharged for this action upon the Court's receipt of the deposit. *See* Rosenberger v. Northwestern Mutual Life Ins. Co., 176 F.Supp. 379, 385 (D.Kan. 1959) Supplemented 182 F.Supp. 633 (D.Kan); Savannah Bank & Trust Co. of Savannah v. Block, 175 F.Supp. 798, 801 (S.D. 6a 1959).

3.  The Court may in its discretion award costs including attorney's fees to the Bank from the fund. *See* Bank of China v. Wells Fargo Bank & Union Trust Co., 209 F.2d 467, 476 (9th Cir. 1953).

4.  The Bank was the holder of a mortgage encumbering the Property located at 86 Greenleaf Street, Quincy, Norfolk County, Massachusetts ("the Property") by virtue of and execution of same by Joel K. Logan, individually and as Trustee of Crestview Management Trust and Mary Ellen Logan, individually and as Trustee of Crestview Management Trust to the Bank.

5.  Said mortgage was dated November 3, 1992 and recorded with the Norfolk Registry of Deeds in Book 9592 at Page 403, as amended by modification agreement and amendment to mortgage recorded at said Registry in Book 12606 at Page 499. (A true and accurate copy of said mortgage is attached hereto as Exhibit 1.)

6.  On March 10, 2005, Plaintiff foreclosed on said mortgage on the Property by exercising the power of sale contained therein. The proceeds from the foreclosure sale totaled $995,000.00.

7.  After crediting itself with all proper charges, expenses of foreclosure and payments of the balance due of the Mortgagors, the Bank now holds in its possession surplus in the amount of $548,254.00 and has no personal interest in said funds.

8.  Defendant, J. Glabb, LLC as Assignee of King David Trust ("Glabb") has moved for Summary Judgment. The Bank has no position regarding Glabb's Motion for Summary Judgment.

9. By reason of conflicting claims and interests of the Defendants named in this action, the Bank is in doubt as to which of said Defendants are entitled to said foreclosure surplus proceeds and in what amounts.

Wherefore based upon the foregoing, Plaintiff, South Shore Savings Bank, successor-by-merger to South Weymouth Savings Bank moves this Court to:

1. allow its Motion to Deposit Surplus Proceeds into Court less its reasonable attorney's fees, expenses, and costs incurred in bringing this Interpleader Complaint;

2. that Defendants each be permanently enjoined and restrained from instituting or proceeding against the Bank regarding said foreclosure surplus;

3. that Defendants be ordered to interplead and litigate among themselves their rights or claims to said foreclosure surplus deposited into the Court;

4. that Judgment be entered discharging the Bank from all liability to anyone of said foreclosure surplus proceeds as deposited into the Court;

5. that the Bank is not required to take any position regarding the Glabb Summary Judgment or incur further legal fees thereby diminishing the proceeds available to creditors; and

6. that the Bank be awarded its costs and reasonable attorney's fees relative to the Interpleader action and deduct same from the foreclosure proceeds.

> Respectfully submitted, Defendant
> South Shore Savings Bank, Successor-in-interest to
> Horizon Bank & Trust Company,
> By its attorneys,
>
> /s/ Jonathan Braverman
> JONATHAN BRAVERMAN, ESQ.
> BBO # 054740
> Baker, Braverman & Barbadoro, P.C.
> 50 Braintree Hill Park, Suite 108
> Braintree, MA 02184
> (781) 848-9610
> jonathanb@bbbs-law.com

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Plaintiff's Motion to Deposit Surplus Proceeds Into Court was served upon the parties at the following addresses in the manner specified this 20th day of September 2005.

/s/ Jonathan Braverman
JONATHAN BRAVERMAN, ESQ.
BBO # 054740
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, Suite 108
Braintree, MA 02184
(781) 848-9610
jonathanb@bbbs-law.com

*By Electronic Notice through the U.S. District Court's ECF filing:*

**J Glab, LLC:**
Jason A. Manekas, Esq.
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, MA 02110-1620

**Robert J. Griffin, Esq.:**
Anthony J. Cichello, Esq.
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210

**Internal Revenue Service:**
Barbara Healy Smith, Esq.
United States Attorney's Office
One Courthouse Way
Suite 9200
Boston, MA 02210

*By First Class Mail:*

**Joel & Mary Ellen Logan:**
1035 Main Street
Norwell, MA 02061

**Cirelli Foods, Inc.:**
30 Commerce Boulevard
Middleboro, MA 02346

**Mass. Department of Revenue:**
Eileen Ryan McAuliffe, Esq.
Counsel for the Commissioner
Department of Revenue
Litigation Bureau, 7th Floor
P.O. Box 9565
100 Cambridge Street
Boston, MA 02114-9565

**Jonathan Bashein:**
Sanjit S. Korde, Esq.
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA 01824

**Mass. Attorney General & Dept of Public Health:**
David Hadas, Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108-1598

**Internal Revenue Service:**
Lydia Bottome Turanchik, Esq.
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC  20044

**Greenleaf VI, Inc. as successor-in-interest to Healthcare Capital Resources, Inc. and HCR Pool II Funding Corporation (HCFP Funding, Inc., successor-in-interest to Health Partners Funding, L.P.:**
David B. Currie, Esq.
Greenleaf VI, Inc.
25 Railroad Square
Haverhill, MA  01832

**Mass. Attorney General & Dept of Public Health:**
David Hadas, Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108-1598

**Internal Revenue Service:**
Lydia Bottome Turanchik, Esq.
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC  20044

**Greenleaf VI, Inc. as successor-in-interest to Healthcare Capital Resources, Inc. and HCR Pool II Funding Corporation (HCFP Funding, Inc., successor-in-interest to Health Partners Funding, L.P.:**
David B. Currie, Esq.
Greenleaf VI, Inc.
25 Railroad Square
Haverhill, MA  01832

9592

132636

403

## MORTGAGE AND SECURITY AGREEMENT

KNOW ALL MEN that JOEL K. LOGAN, Trustee of Crestview Management Trust u/d/t dated February 28, 1985 and recorded with Norfolk Deeds Book 6610, Page 363 and JOEL K. LOGAN and MARY ELLEN LOGAN of Norwell, Plymouth County, Massachusetts hereby grants unto South Weymouth Savings Bank (the "Mortgagee"), a Massachusetts banking corporation having its principal place of business at 88 Pleasant Street, S. Weymouth, Norfolk County, Massachusetts, with Mortgage Covenants to secure payment of SIX HUNDRED AND FIVE THOUSAND ($605,000.00) DOLLARS, with interest and any other charges thereon, payable as provided in a certain note of even date, together with all amendments, extensions and renewals now or hereafter made thereto (the "note"), and also to secure the performance of all covenants and agreements herein contained, the land at 86 Greenleaf Street, Quincy, Norfolk County, Massachusetts and 1035 Main Street, Norwell, Plymouth County, Massachusetts together with any improvements now or hereafter situated thereon, all as described in Exhibit "A" annexed hereto prior to the execution hereof and incorporated herein by reference as if fully set out herein.

Also all of the articles, fixtures and equipment owned by the Mortgagor and now or hereafter situate on above-described premises or used therewith, or which now or hereafter are made a part of the realty, together with all rents, issues, profits, insurance contracts and proceeds and taking awards or rights with respect thereto existing or hereafter arising.

The above-described realty, articles, fixtures, equipment, rents, issues, profits, insurance contracts and proceeds and taking awards and rights, together with any and all improvements now on such realty, or from time to time thereon, and any additions thereto or replacements thereof, construction materials owned by the Mortgagor whether or not incorporated into the premises, permits, plans, and construction contract rights are herein collectively referred to as the "Property".

The Mortgagor covenants and agrees that, as of the execution hereof and upon the subsequent acquisition of any Property which is subject to the Uniform Commercial Code ("Personal Property"), the Mortgagor shall:

(a) provide the holder with a precise inventory of the same, as and when acquired;

(b) execute and deliver to the holder, in form appropriate for recording and filing first security agreement and financing statements on all Personal Property;

9592

414

EXECUTED as a sealed instrument this 3rd of November, 1992.

_____
Joel K. Logan, Trustee of
Crestview Management Trust

_____
Joel K. Logan

_Mary Ellen Logan_
Mary Ellen Logan

COMMONWEALTH OF MASSACHUSETTS

Norfolk County, ss:                November 3 1992

Then personally appeared Joel K. Logan, Trustee, as aforesaid and individually and Mary Ellen Logan and acknowledged the foregoing instrument to be his free act and deed before me,

_____
Notary Public

WILLIAM J. McNULTY, JR.
Notary Public
My Commission Expires May 2, 1997

40

9592

415

EXHIBIT "A"

Parcel One

A certain parcel of land with the buildings thereon situated in Quincy, Norfolk County, Massachusetts bounded and described as follows:

| | |
|---|---|
| SOUTHERLY | on Greenleaf Street, 130 feet; |
| EASTERLY | on land now or formerly of Southworth, 145 feet; |
| NORTHERLY | on land now or formerly of Henry T. Gallagher et ux, 60 feet; |
| WESTERLY | on land now or formerly of said Gallagher 5 feet; and again |
| NORTHERLY | on land now or formerly of said Gallagher 70 feet; and again |
| WESTERLY | on Putnam Street, 140 feet. |

Containing 18,500 square feet of land by any or all of said measurements or contents more or less.

For title see Norfolk Deeds in Book 6610, Page 371.

Address of property: 86 Greenleaf Street, Quincy, MA.

Parcel Two

A certain parcel of land in Norwell, Plymouth County, Massachusetts together with the improvements thereon known and numbered as Lot 3 on a Plan entitled "Plan of Land, Main Street, Norwell, Massachusetts, Prepared for Lanata Family Trust" dated February 1, 1985, by Perkins Engineering, Inc., which plan is recorded with Plymouth County Registry of Deeds in Plan Book 25, Page 656, which lot is located on the northern side of Main Street in Norwell and which lot is more particularly bounded and described as follows:

Beginning at a point on the northern side of Main Street which point is the southwest corner of the premises herein described:

Thence running by Lot 2 North 24 31' 05" West 51.14 feet;
Thence turning and running again by Lot 2 North 16 05' 17" East 387.41 feet;
Thence turning and running again by Lot 2 North 54 14' 37" East 106.97 feet;
Thence turning and running again by Lot 2 North 16 30' 00" West 115.79 feet;
Thence turning and running again by Lot 2 North 35 33' 00" East 287.91 feet;

9592

416

Thence turning and running again by Lot 2 North 03 12' 40" East 185.00 feet;
Thence turning and running again by Lot 2 South 86 47' 20" East 40.00 feet;
Thence turning and running again by Lot 2 North 03 12' 40" East 233.37 feet;
Thence turning and running by Lot 1 as shown on said plan South 73 57' 40" East 82.04 feet;
Thence turning and running again by Lot 1 North 03 12' 40" East 104.91 feet;
Thence turning and running again by said portion of Lot 1 designated as "Easement for Lot 3's Benefit" South 85 48' 27" East 203.68 feet;
Thence turning and running again by that portion of Lot 1 shown as "Easement for Lot 3's Benefit" North 02 39' 50" East 749.20 feet;
Thence turning and running again by that portion of Lot 1 shown as "Easement for Lot 3's Benefit" North 02 47' 43" East 97.98 feet;
Thence turning and running again by that portion of Lot 1 shown as "Easement for Lot 3's Benefit" North 77 34' 10" East 369.18 feet;
Thence turning and running again by that portion of Lot 1 shown as "Easement for Lot 2's Benefit" North 09 48' 22" East 313.22 feet;
Thence turning and running again by that portion of Lot 1 shown as "Easement for Lot 3's Benefit" North 02 47' 43" East 97.98 feet;
Thence turning and running again by that portion of Lot 1 shown as Easement for Lot 3's Benefit" North 24 31' 03" West 51.13 feet;
Thence turning and running by Main Street South 77 34' 10" West 158.54 feet to the point of beginning.

Containing 7.32 acres according to said plan.

Lot 3 is conveyed together with the benefit of the following easements:

1. The perpetual right and easement to the exclusive use of that portion of Lot 1 designated "Easement for Lot 3's Benefit" for the purpose of agriculture, landscaping and recreational use. Nothing herein contained will prevent the owner of Lot 1 from utilizing the area subject to the easement for the purpose of maintaining a septic system, but the owner of Lot 1 will make no other change in the existing condition of the easement area, except such as are consistent with the agriculture, landscaping and recreational uses granted to Lot 3.

2. The perpetual right and easement to use the right of way leading from Lot 1 to Main Street for all purposes for which streets and ways may now or hereafter be used in the Town of Norwell including the right to install utility lines and to

9592

417

utilize those utility lines which are or may herafter be installed in said right of way.

3. The exclusive right and easement to use that portion of Lot 1 shown as "Easement for Lot 3's Benefit" for the purpose of agriculture, landscaping and recreational use, but the owner of Lot 1 will make no other change in the existing condition of the easement are, except such as are consistent with agriculture, landscaping and recreational uses granted to Lot 3.

4. Lot 3 is subject to the "Right of Way" for the benefit of Lots 1 and 2.

Lot 3 is convyed subject to and together with the benefit of a restriction that none of the land shown on the plan as Lots 1, 2 and 3 will be used for any purpose other than for a single family home.

Property address: 1035 Main Street, Norwell, MA 02061.

Parcel Two is subject to a mortgage to South Weymouth Savings Bank dated August 6, 1986 recorded with Plymouth Deeds Book 7007, Page 317.

Parcel Two is also subject to South Weymouth Savings Bank dated March 8, 1988 recorded with Plymouth Deeds Book 8323, Page 71.

BK12606PG499

3

88956

**MODIFICATION AGREEMENT
AND
AMENDMENT TO MORTGAGE**



THIS MODIFICATION AGREEMENT AND AMENDMENT TO MORTGAGE is entered into as of June 24, 1998, by and between **JOEL K. LOGAN, TRUSTEE CRESTVIEW MANAGEMENT TRUST**, under Declaration of Trust dated February 28, 1985 and recorded at the Norfolk Registry of Deeds in Book 6610, Page 363 (hereinafter referred to as "Crestview Management Trust"), and **SOUTH SHORE SAVINGS BANK**, successor by merger to South Weymouth Savings Bank (hereinafter called "Lender") a Massachusetts banking corporation having a usual place of business at 1530 Main Street, Weymouth, Massachusetts.

WHEREAS, Crestview Management Trust is the owner of the property known as 86 Greenleaf Street, Quincy, Massachusetts and as more fully described in the Deed recorded with the Norfolk Registry of Deeds at Book 6610, Page 371; and

WHEREAS, Lender is the holder of a mortgage of said premises dated November 3, 1992, as security for the payment of a note in the original principal amount of $605,000.00 and recorded with Norfolk Registry Deeds in Book 9592, Page 403; and

WHEREAS, the parties desire to modify the term of said Note and amend said Mortgage:

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby amend said Note and Mortgage as follows:

1. The term of the Mortgage shall be extended to be due and payable on or before June 24, 2008.

2. In addition to the mortgage and other security held by Lender, the note is secured by an Assignment of Leases dated June 24, 1998 and recorded at the Norfolk Registry of Deeds herewith.

3. Borrower hereby ratifies and confirms the provisions of said Mortgage and Assignment of Leases, and other documents executed and delivered incidental thereto, other than as modified herein and/or by the terms of a separate modification of note of even date herewith.

4. The parties hereto represent and agree that this modification does not change the description of the real estate as set forth in said mortgage.

Mail to:
South Shore Savings Bank
11 Front Street
Weymouth, MA 02188

Property Address: 86 Greenleaf Street, Quincy, MA

BK 12606 PG 500

EXECUTED under seal this 24th day of June, 1998.

_____
Joel K. Logan, Trustee

SOUTH SHORE SAVINGS BANK

By _____
Peter T. Pastore, Jr.
Vice President and
Commercial Loan Officer

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                    June 24, 1998

Then personally appeared the above-named Joel K. Logan, Trustee as aforesaid and acknowledged the foregoing instrument to be his free act and deed, before me,

_____
Notary Public
My commission expires:



COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                    June 24, 1998

Then personally appeared the above-named Peter T. Pastore, Jr., Vice President and Commercial Loan Officer and acknowledged the foregoing instrument to be the free act and deed of the South Shore Savings Bank, before me,

_____
Notary Public
My commission expires:

OFFICIAL SEAL
WILLIAM J. McNULTY, JR.
NOTARY PUBLIC - MASSACHUSETTS
My Comm. Expires April 30, 2004