IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOUTH SHORE SAVINGS BANK, SUCCESSOR-BY-MERGER TO SOUTH WEYMOUTH SAVINGS BANK, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Civil No. 05-11754-RGS ) |
| JOEL K. LOGAN, INDIVIDUALLY and AS TRUSTEE OF CRESTVIEW MANAGEMENT TRUST; MARY ELLEN LOGAN, INDIVIDUALLY and AS TRUSTEE OF CRESTVIEW MANAGEMENT TRUST; MASSACHUSETTS DEPARTMENT OF REVENUE; J. GLAB, LLC, AS ASSIGNEE OF KING DAVID TRUST; CIRELLI FOODS, INC.; INTERNAL REVENUE SERVICE; JONATHAN BASHEIN AS ASSIGNEE OF NIXON PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.; THOMAS F. REILLY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS; THE COMMONWEALTH OF MASSACHUSETTS, BY ITS DEPARTMENT OF PUBLIC HEALTH; HEALTHCARE CAPITAL RESOURCES, INC.; and HCFP FUNDING, INC., SUCCESSOR-IN INTEREST TO HEALTH PARTNERS FUNDING, L.P., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

UNITED STATES' ANSWER

FIRST DEFENSE

The United States is the proper party defendant to this action and not the Internal Revenue Service, which is not a suable entity.

SECOND DEFENSE

The United States, by its undersigned counsel, responds to the specific allegations of the Complaint as follows:

1. *Plaintiff, South Shore Savings Bank, successor-by-merger to South Weymouth Savings Bank, is a Massachusetts corporation with a usual place of business at 1530 Main Street, South Weymouth, Massachusetts.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 1 of the complaint.

2. *Defendant Joel K. Logan is an individual with a residential address of 1035 Main Street, Norwell, Massachusetts.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 2 of the complaint.

3. *Defendant, Joel K. Logan, is Trustee of the Crestview Management Trust under declaration of trust dated February 28, 1985 and recorded at the Norfolk County Registry of Deeds in Book 6610 at Page 363.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 3 of the complaint.

4. *Defendant, Mary Ellen Logan, is an individual with a residential address of 1935 Main Street, Norwell, Massachusetts.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4 of the complaint.

5. *Defendant, Mary Ellen Logan is a Trustee of the Crestview Management Trust*

*under declaration of trust dated February 28, 1985 and recorded in the Norfolk County Registry of Deeds in Book 6610 at Page 363.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 of the complaint.

6. *Defendant, Massachusetts Department of Revenue is an agency of the Commonwealth of Massachusetts with a usual place of business in Boston, Massachusetts.*

RESPONSE: The United States admits the allegations contained in ¶ 6 of the complaint, and further avers that the Commonwealth of Massachusetts Department of Revenue has filed a Disclaimer of Interest in this matter.

7. *Defendant J Glabb, LLC Assignee of King David Trust with a usual place of business in Holbrook, Massachusetts.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the complaint.

8. *Defendant, Cirelli Foods is a Massachusetts corporation with a usual place of business in Middleboro, Massachusetts.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the complaint.

9. *Defendant, the Internal Revenue Service is a governmental agency with a usual place of business in Andover, Massachusetts.*

RESPONSE: The United States admits the allegations contained in ¶ 9 but avers that the proper party defendant in this action is the United States of America, and not the Internal

Revenue Service.

10. *Defendant, Jonathan Bashein is the assignee of a mortgage held by Nixon Peabody, LLP with a usual place of business in Boston, Massachusetts.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10 of the complaint.

11. *Defendant, Robert J. Griffin, Esq. is a receiver with a principal place of business in Boston, Massachusetts.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of the complaint.

12. *Defendant, Thomas F. Reilly is the Attorney General for the Commonwealth of Massachusetts with a principal place of business in Boston, Massachusetts.*

RESPONSE: The United States admits the allegations contained in ¶ 12 of the complaint.

13. *Defendant, the Commonwealth of Massachusetts by its Department of Public Health is a government agency with a usual place of business in Boston, Massachusetts.*

RESPONSE: The United States admits the allegations contained in ¶ 13 of the complaint.

14. *Defendant HealthCare Capital Resources, Inc. is a Massachusetts Corporation with a usual place of business in Weston, Massachusetts.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the complaint.

15. *Defendant, HCFP Funding, Inc., successor-in-interest to Health Partners Funding, L.P. is a Delaware corporation with a usual place of business in*

> *Michigan.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the complaint.

16. *Plaintiff was the holder of a mortgage encumbering the property located at 86 Greenleaf Street, Quincy, Massachusetts by virtue of and execution of same by Joel K. Logan, Individually and as Trustee of Crestview Management Trust and Mary Ellen Logan, Individually and as Trustee of Crestview Management Trust to South Shore Savings Bank, successor-by-merger to South Weymouth Savings Bank. Said mortgage is dated November 3, 1992 and recorded with the Norfolk County Registry of Deeds in Book 9592 at Page 403, as amended by modification agreement and amendment to mortgage recorded at said Registry in Book 12606 Page 499. (A true and accurate copy of said mortgage is attached hereto and incorporated herein as Exhibit "1".)*

RESPONSE: The United States admits that attached as Exhibit "1" to the complaint is a copy of the purported mortgage. The United States denies that Mary Ellen Logan executed this mortgage as a trustee of the Crestview Management Trust. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 16 of the complaint.

17. *On or about March 10, 2005, Plaintiff foreclosed on said mortgage on the aforementioned real estate by exercising the Power of sale contained therein. The proceeds from the foreclosure sale totaled $995,000.00.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief

                as to the truth of the allegations contained in ¶ 17 of the complaint.

18. *After crediting itself with all proper charges, expenses of foreclosure and payments of the balance due of the Mortgagors, Plaintiff now holds in its possession surplus in the amount of $548,254.00 and has no personal interest in said funds.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of the complaint.

19. *By reason of conflicting claims and interests of the Defendants named herein, Plaintiff is in doubt as to which of said Defendants are entitled to said foreclosure surplus proceeds and in what amounts.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the complaint.

WHEREFORE, the United States requests (1) that the plaintiff be ordered to deposit all of the surplus funds with the Court; (2) that its interests be paid pursuant to the priority determined by this Court with respect to the surplus funds; (3) that the plaintiff's request for

1351298.1

payment of its costs and fees from the surplus fund be denied to the extent those funds are owed to the United States; and (4) such other relief as this Court deems just and proper.

```
I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

   9/26/05 - Lydia Bottome Turanchik
```

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

1351298.1

Service List

Jonathan Braverman, Esq.
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, Suite 108
Braintree, Massachusetts 02184

Jason Manekas, Esq.
Bernkopf, Goodman & Baseman
125 Summer Street
13th Floor
Boston, Massachusetts 02110

Sanjit S. Korde, Esq.
Korde & Assoc., PC
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824

Joel K. Logan
1035 Main Street
Norwell, Massachusetts 02061

Mary Logan
1035 Main Street
Norwell, Massachusetts 02061

David B. Currie, Esq.
Whittier Health Network
25 Railroad Square
Haverhill, Massachusetts 01832

Anthony Cichello, Esq.
Krokidas & Bluestein
600 Atlantic Ave.
Boston, Massachusetts 02210

David Hadas, Esq.
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108