UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOUTH SHORE SAVINGS BANK, SUCCESSOR-BY-MERGER TO SOUTH WEYMOUTH SAVINGS BANK,<br><br>  Plaintiff,<br><br>v.<br><br>JOEL K. LOGAN, INDIVIDUALLY AND AS TRUSTEE OF CRESTVIEW MANAGEMENT TRUST; MARY ELLEN LOGAN, INDIVIDUALLY AND AS TRUSTEE OF CRESTVIEW MANAGEMENT TRUST; MASSACHUSETTS DEPARTMENT OF REVENUE, J. GLAB, LLC AS ASSIGNEE OF KING DAVID TRUST; CIRELLI FOODS, INC.; INTERNAL REVENUE SERVICE; JONATHAN BASHEIN AS ASSIGNEE OF NIXON PEABODY, LLP; ROBERT J. GRIFFIN, ESQ.; THOMAS F. REILLY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS; THE COMMONWEALTH OF MASSACHUSETTS BY ITS DEPARTMENT OF PUBLIC HEALTH; HEALTHCARE CAPITAL RESOURCES, INC., AND HCFP FUNDING, INC., SUCCESSOR-IN-INTEREST TO HEALTH PARTNERS FUNDING, L.P.,<br><br>  Defendants. | CIVIL ACTION NO. 05-11754R( ( |

## DEFENDANT J GLAB LLC'S OPPOSITION TO THE MOTIONS FOR CONTINUANCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(f)

### I. Introduction

The instant case involves a Complaint for Interpleader brought by Plaintiff South Shore

Savings Bank (the "Bank"), a foreclosing mortgagee, which holds surplus proceeds resulting

from its foreclosure sale. The Bank alleges that it filed the interpleader action as a result of conflicting claims to the surplus funds. As Defendant J Glab LLC is the junior lienholder next i priority and is owed an amount greater than the available surplus proceeds, it filed a motion fo summary judgment seeking a declaration that it is entitled to any and all surplus funds. In response, Defendants Robert J. Griffin, Temporary Receiver, Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts, and the Commonwealth of Massachusetts Department of Public Health ("State Defendants") filed a motion for continuance pursuant to Fed. R. Civ. P. 56(f) ("Joint Motion") and Defendant Unites States' similarly requested a continuance in its opposition to the summary judgment materials ("Opposition"). As discussed below, the claims asserted by the State Defendants are nothing more than a fishing expedition suggesting - without a toehold of any factual basis - that the duly recorded execution held by J Glab LLC may somehow be fraudulent. In fact, if given any credence by the Court, the same bald allegation could be made against the foreclosing Bank, which appears to have had a duly recorded mortgage, the absurd result of which would be the payment of the entire sale proceeds into Court so that the State Defendants could satisfy themselves that no "fraud" occurred. Moreover, the claims asserted by the United States - primarily that its lien against Joel Logan, individually, somehow encumbers the underlying property owned by the trust- are simply nove l theories that have no legal merit. Since the request for additional discovery is either a fishing expedition and is designed to uncover facts that will have not bearing on determining the junio · lienholder next in line, there exists no reason to delay ruling on J Glab LLC's Motion for Summary Judgment.

## II. Facts

The underlying facts are set forth in J Glab LLC's Motion for Summary Judgment, Memorandum of Law in Support of J Glab LLC's Motion for Summary Judgment, and Affida¹i of John Glab, all of which are hereby incorporated by reference. In summary, prior to the foreclosure sale conducted by the Bank, title to the property located at 86 Greenleaf Street, Quincy, Massachusetts (the "Property") was held by Joel K. Logan, Trustee of Crestview Management Trust. J Glab LLC is the present holder of an execution (the "Execution") in the amount of $1,089,068.31 duly recorded against the Property on December 23, 2003, in the Norfolk County Registry of Deeds at Book 20356, Page 267. The Execution issued against various defendants, including specifically Joel K. Logan, in his capacity as Trustee of the Crestview Management Trust. The Execution is the next recorded encumbrance against the Property owned by Crestview Management Trust. At the present time, the outstanding amoun of the Execution is in excess of the $1,089,068.31 as the sums recovered thus far to pay off the Execution total less than the interest owed on the Execution. Given that the surplus proceeds ɛ rʾ alleged to be approximately $548,000, J Glab LLC is entitled to all of the surplus proceeds.

Notwithstanding the above, the State Defendants allege that they have an attachment against Crestview Management Trust that was recorded on July 8, 2004; admittedly after J Glɛ b LLC's lien. *See* Aff. of Robert J. Griffin, Ex. "F." In fact, prior pleadings filed by the State Defendants reference J Glab LLC's lien as support for their request to obtain an attachment against the Property. *See* Aff. of Robert J. Griffin, Exhibit "D" at pg. 5 and ex. "C". With respect to the United States, it asserts that it has an individual lien against Joel Logan that somehow attaches to the Property and surplus proceeds.

- 3 -

## III. Argument

### A.    Standard of Law Pursuant to Fed. R. Civ. P. 56(f)

Fed. R. Civ. P. 56(f) permits the non-moving party facing a summary judgment motion t

request a continuance "to permit affidavits to be obtained or depositions to be taken or discove

to be had in the Court's discretion, should additional discovery be needed to respond to the

movant's summary judgment motion." The First Circuit has established a five-part test to

determine whether Rule 56(f) relief is appropriate. *See Resolution Trust Corp. v. Northbridge*

*Assoc., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994). This test embodies "five requirements:

authoritativeness, timeliness, good cause, utility, and materiality." *Id.* Most relevant to the

analysis here are the requirements that the non-moving party show good cause for extra

discovery to be ordered under Rule 56(f), that the utility of discovery is demonstrated by the

non-moving party, and that the information sought by extra discovery is material. "[A] movar t'

claim of good cause must be viewed against the historical background of the litigation." *Id.* at

1205. Utility requires "a plausible basis for a belief that discoverable materials exist that woul 1

likely suffice to raise a genuine issue of material fact and, thus, defeat summary judgment." *I*c.

at 1206 (citing *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 38 (1st Cir.

1992)). Materiality relates to the issues that will be raised in summary judgment, and, therefor e

the discovery sought "must be foreseeably capable of breathing life into [the non-moving

party's] claim or defense." *Id.* at 1207 (citing *Licari v. Ferruzzi*, 22 F.3d 344, 350 (1st Cir.

1994)). In the instant case, none of the non-moving parties requesting a continuance can

demonstrate good cause, utility, or materiality to justify taking additional discovery prior to the

summary judgment hearing.

**B.    The State Defendants' Joint Motion Fails to Show Good Cause, Utility, or Materiality as Further Discovery is Superfluous**

The Joint Motion propounded by the State Defendants proposes a novel way to attack properly recorded liens: simply allege possible fraud without any evidence of fraud. The memorandum of law accompanying the Joint Motion states that the State Defendants "have no yet had an opportunity to determine the validity of Glab's [*sic*] claims." Memorandum of Rob e J. Griffin, Temporary Receiver, et al. at p. 5. State Defendants further assert that they seek to "satisfy themselves" that J Glab LLC's validly recorded Execution was not "executed or obtained for fraudulent purpose," and later in their Memorandum imply that J Glab LLC may have some sort of nefarious connection with the Logans and/or Crestview Management Trust even though John Glab's affidavit makes clear that is not the case. *Id.* at 7-8. The Joint Motio 1 however, alleges no specific facts that may conceivably constitute fraud.

State Defendants instead rely on bald assertions unsupported by the Affidavit of Rober . Griffin. State Defendants' novel approach to Massachusetts' real property recordation system *see generally* M.G.L. c. 183 and c. 184, would throw the validity of all recorded instruments in t question, as anyone could challenge any recorded document merely by alleging fraud without any factual basis. Permitting such spurious claims would undermine the utility of recording re il property instruments, as the priority of lienholders would be always open to question notwithstanding that one lien was recorded properly before another and that no facts show otherwise. In fact, as suggested above, the same bald allegation could be made against the foreclosing Bank, which appears to have had a duly recorded mortgage. Any time a party wanted to try to shake a few dollars from the tree, it could simply allege that a validly recorded instrument, such as a mortgage or execution, may be "fraudulent."  Such a tactic should not be tolerated by this Court.

Put simply, the Joint Motion only insinuates fraud because State Defendants otherwise have no claim to the excess proceeds from the foreclosure sale of the Property. The State Defendants have made no claim, nor can they, that their lien against the Property is superior to J Glab LLC's judgment lien as the Execution was recorded on December 23, 2003, and the State Defendants' liens were recorded on or about July 8, 2004. It is black letter law that the recorded instrument that is first in time is also first in right. *See Middlesex Savings Bank v. Johnson*, 777 F.Supp. 1024, 1027 (D. Mass. 1991); *PGR Mgmt. Co., Inc. v. Credle*, 427 Mass. 636, 640 (1998).

As is clear from John Glab's Affidavit, neither of the members of J Glab LLC have any relationship with the Logans or Crestview Management Trust. State Defendants' bold assertion that J Glab LLC may have in some way at some point committed some type of fraud without any sort of facts to back it up are pure conjecture and not the sort of good cause that is required for a Rule 56(f) continuance. *See Cooper v. John D. Brush & Co.*, 242 F. Supp. 2d 261, 266 (W.D.N.Y. 2003) (holding that litigants seeking relief under Rule 56(f) must show that the material sought is, *inter alia*, not speculative). "Rule 56(f) discovery … does not permit a plaintiff to engage in a 'fishing expedition'[.]" *Id.* (quoting *Capital Imaging Assocs. v. Mohawk Valley Med. Assocs.*, 725 F. Supp. 669, 680 (N.D.N.Y. 1989)). The State Defendants' Joint Motion here is an archetypal "fishing expedition" that has no facts to buttress their musings about fraud. Thus, State Defendants have not shown good cause as required by the *Resolution Trust* Court's standards for granting a continuance under Rule 56(f). The State Defendants' empty claims in the Joint Motion are immaterial to the issues at hand, for without any factual basis for claims of fraud, J Glab LLC's Execution clearly has precedence over the State Defendants' subsequent lien against the Property. *See Wichita Falls Office Assocs. v. Banc One*

- 6 -

*Corp.*, 978 F.2d 915, 920 (5th Cir. 1993) (holding that "[i]t is clear that the non-moving party may not rely merely on vague assertions that discovery will produce some unrelated, unspecifie facts"). Vague assertions that future discovery may assist the non-moving party's case opposi g a summary judgment motion are not sufficient under Rule 56(f) to obtain a continuance. *See Banque Nationale de Paris S.A.-Dublin Branch v. Ins. Co. of North America*, 896 F. Supp. 16: , 165-66 (S.D.N.Y. 1995). Accordingly, State Defendants' Joint Motion should be denied and J Glab LLC's Motion for Summary Judgment should be heard in due course.

## C.   The Opposition Also Fails to Enunciate Appropriate Grounds for Rule 56( ) Continuance

The Opposition does not directly address the merits of J Glab LLC's Motion for Summary Judgment. Instead, it requests a continuance pursuant to Rule 56(f) to obtain further discovery prior to the hearing on the Motion for Summary Judgment. Obliquely, however, the Opposition does reference the United States' claim that its tax liens against Joel Logan individually somehow apply to the Property, which was owed by Crestview Management Trus : prior to the foreclosure sale.

With respect to the potential dispute over whether an individual tax lien can trump the lien of J Glab LLC, 26 U.S.C. § 6323(a) provides, in pertinent part, that federal income tax liel s "shall not be valid as against any ... judgment lien creditor until notice thereof which meets the requirements of subsection (f)...." Subsection (f) then defines the appropriate notice by providing that federal income tax liens must be recorded properly pursuant to state law in the county where the real property is located, that such liens are not valid unless properly recordec , and that lienholders must have actual notice of the tax liens for them be valid.

In *Zuroff v. First Wisconsin Trust Co.*, 41 Mass. App. Ct. 491, 493 (1996), the Massachusetts Appeal Court addressed a nearly identical fact pattern wherein the United State:

- 7 -

had two federal tax liens against individuals and the property was owned by one of them as trustee. In fact, in *Zuroff*, the individual previously owned the property, conveyed it to the trust only after encumbering it, and retained a 51% controlling beneficial interest in the nominee trust *Id.* at 492-493. The Court first noted, "[i]t is axiomatic, under Massachusetts law, that property that one holds as Trustee is not subject to payment of the Trustee's personal debts[.]" *Id.* at 4? The Court then addressed the claim that it was a nominee trust in which the individual retained the controlling beneficial interest (and was also trustee). The Court noted that, even assuming the United States could have reached through the nominee trust, that the liens did not attach to the property because there was nothing in the state of title to show that an individual lien would attach to the property. *Id.* at 493-494. "Thus, a search of the Federal tax lien index and the conveyance documents themselves, however extensive, would not reveal to a purchaser of the Trust property that it was subject of a Federal tax lien." *Id.* at 494. In light of the above, the United States' request to conduct discovery to determine whether it can somehow pierce the Crestview Management Trust has no bearing on J Glab LLC's lien remaining the next junior lien. Here, the tax liens at issue were apparently levied against Joel Logan individually and no against Crestview Management Trust. Accordingly, the United States' request for a continuant in its Opposition should be denied.[1]

---

[1] In addition, J Glab LLC recently provided documentation to the United States evidencing that J Glab LLC als holds a duly recorded outstanding execution issued against Joel Logan in the amount of $416,064.17 dated March 26, 2002. The execution against Joel Logan was recorded on April 11, 2002 as Instrument No. 065065, in Book 16484, Page 391 in the Norfolk County Registry of Deeds. A copy of the execution is attached hereto as Exhibit "A," along with supporting documentation from the sheriff's office evidencing that the outstanding balance due a of April 11, 2002 was in the total amount of $422,495.22. In connection with a prior foreclosure, J Glab LLC, th holder of the execution, bid $10,000 on December 16, 2004, which should be applied as a credit to the outstanding execution. Adding interest at the judgment rate of 12% less the credit in the amount of $10,000 to be applied on December 16, 2004 leaves a balance due and owing in excess of the surplus funds in the alleged amount of $548,254. As such, even if the United States could establish that individual liens attached to the Property, J Glab LLC would still be entitled to the surplus funds. J Glab LLC is currently awaiting the United States' review of th documentation.

- 8 -

## IV. Conclusion

Based upon the foregoing, the Court should deny the State Defendants' Joint Motion a k

the United States' Opposition for a continuance pursuant to Fed. R. Civ. P. 56(f) and should

schedule a hearing on J Glab LLC's Motion for Summary Judgment forthwith.

J GLAB LLC,
By its attorneys,

Jason A. Manekas, Esquire, BBO No. 632073
Joshua E. Friedman, Esq. BBO No. 645256
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300

Dated: September 30, 2005
#323100 v2/36503/66

**CERTIFICATE OF SERVIC**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand), 9/30/05

BK I 6 4 8 4 PG 3 9 I

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

*To the Sheriffs of our several Counties, or their Deputies*

Greetings:

**WHEREAS, Michael Hunter, As Trustee of King David Trust,**
by the consideration of our JUSTICES OF OUR SUPERIOR COURT, holden at
Dedham, within and for the County of Norfolk, aforesaid, on the 5th day of February
A.D. 2002, recovered judgment against **New England Healthcare Developmen
Corporation, as sole General Partner of New England Health Limited
Partnership, Joel K. Logan and Mark S. Logan**

No.2001-141
Dam.    $388,180.60
Attys' fees  $18,000.00
Int._    $9,883.57
TOTAL $416,064.17                    in an action of **Contract**

for the sum of **Three Hundred, Eighty Eight Thousand, One Hundred and Eighty
dollars, and Sixty Cents** damages, as to us appears of record, **Eighteen Thousand
Dollars and Zero Cents** in Attorneys fees, with interest to the date of this execution in
the sum of **Nine Thousand, Eight Hundred and Eighty Three Dollars and Fifty
Seven Cents**, whereof execution remains to be done:

**WE COMMAND** you therefore, that of the goods, chattels or lands of the said
**New England Healthcare Development Corporation, as sole General Partner of
New England Health Limited Partnership, Joel K. Logan and Mark S. Logan**
Judgment Debtor within your precinct, you cause to be paid and satisfied unto the said
Judgment Creditor at the value thereof in money, the aforesaid sums, being **Four
Hundred and Sixteen Thousand, Sixty Four Dollars and Seventeen Cents** with
interest thereon from the day of this execution, and thereof also to satisfy yourself for
your own fees: and for want of goods, chattels or lands of the said Judgment Debtor to κ
by them shown unto you, or found within your precinct to the acceptance of the said
Judgment Creditor to satisfy the sums aforesaid, with interest as aforesaid, we comman 1
you to take the Body of said Judgment Debtors, **Joel K. Logan and Mark S. Logan** ar. 1
commit them unto our Jail in Dedham, in our County of Norfolk, or any Jail in your
precinct, aforesaid, and detain in your custody, within our said Jail, until they Pay the
full sums above mentioned, with your fees, or be discharged by said Judgment Creditor
or otherwise by order of law.

Hereof fail not, and make return of this writ with your doings thereon into the
clerk's office of our said COURT, at Dedham within our county of Norfolk, within
twenty years after the date of the said judgment.

*WITNESS,    Suzanne V. DelVecchio  Esquire,* at Dedham, the 26th
day of March in the year of our Lord Two Thousand and Two

RETURN TO:
Andrew K. Kelley, Esq.
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA. 02110-3319

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY

PAUL D. HAROLD, REGISTER

Assistant Clerk

**A TRUE COPY, ATTEST:**

**DEPUTY SHERIFF**

**DATE_____**

065065

02 APR 11  PM 3: 36



*The Commonwealth of Massachusetts*
*County of Norfolk*

### SHERIFF'S DEPARTMENT
Division of Civil Process



Michael G. Bellotti
*Sheriff*

Jef r   J. Nourse
*irector*

April 11, 2002

Andrew K. Kelley
Rubin and Rudmin LLP
50 Rowes Wharf
Boston, MA 02110-3319

Re:

*Michael Hunter, as Trustee of King David Trust*
*vs.*
**Joel K. Logan**

Book 9713                Page 415 and 419

Court of Issue: Dedham Superior Court    Execution #2001-141

**Date and time of seizure:**
Date: April 11, 2002  Time: 12:19 p.m.

Dear Sir or Madam:

The levy on the enclosed execution has been made and recorded at the Norfolk County Re ζ try of Deeds. I have suspended further action as requested. The original execution is returned he e ith to be held in your files. Should you find it necessary to have this office proceed further with thi  i  atter, please return the original execution to us and mention our control number 206310.

Thank you.

Sincerely,

Maureen A. Roche
Deputy Sheriff

**SERVING THE COMMUNITIES OF:**

A` 'N, BELLINGHAM, BRAINTREE, BROOKLINE, CANTON, COHASSET, DEDHAM, DOVER, FOXBOROUGH, FRANKLIN, HOLBROOK, MEDFIELD,
MEDWAY, MILLIS, MIL1 ',4, NEEDHAM, NORFOLK, NORWOOD, PLAINVILLE, QUINCY, RANDOLPH, SHARON, STOUGHTON, WALPOLE, WELLESLEY, WESTWOOD, WEYMOUTH, W  is  i 5AM



*The Commonwealth of Massachusetts*
*County of Norfolk*

**SHERIFF'S DEPARTMENT**
Division of Civil Process



Michael G. Bellotti
*Sheriff*

Je f y J. Nourse
*Director*

Date: April 11, 2002  Time: 12:19 p.m.

Plaintiff: Michael Hunter, as Trustee of King David Trust

Plaintiff's Attorney:  Andrew K. Kelley
Attorney's telephone number:  617-330-7000

Defendant: **Joel K. Logan**

Book: 9713   Page: 415 and 419

Acting on instructions from the Judgment Creditor (plaintiff), I have levied upon, seized and t ken the right, title and interest of the Judgment Debtor (defendant) in the real estate described in t above specified certificate of title and/or at the above specified book and page.
I hereby make demand on the Judgment Debtor that he deliver to me the money du  to the Judgment Creditor, the amount appearing below.
Please be advised that unless I have received payment of the monies due the Judgment Cr ditor or have been notified that satisfactory arrangements have been made, I may be obligated to  oceed. Payment or arrangements must be made within <u>TWO WEEKS</u> from the date of this notice. I ayment must be made by certified check only.

The costs, fees and interest have already increased the amount due the Judgment Cre i or.  By prompt attention to this matter you will avoid the additional cost of advertising and fees nec s ary for a sale.

|  |  |
|---|---|
| Poundage | $4167.64 |
| Judgment & Costs | 416064.17 |
| Interest to April 11, 2002 | 2188.16 |
| Service | 12.00 |
| Travel | 5.00 |
| Prepare | 10.00 |
| Demand | 5.00 |
| Copies | 8.00 |
| Postage and Handling | 4.75 |
| Registry Fee | 30.50 |
| ***T O T A L | $ 422495.22 |

Respectfully,

*Maureen A. Roche*

Maureen A. Roche
Deputy Sheriff

***Interest has been calculated to April 11, 2002.  Add $136.79 for each additional day.  There v il be an additional fee due to this office in order to discharge the seizure at the Registry of Deeds when paid in f il

2015 Washington Street, • P.O. Box 859215 • Braintree, MA 02185-9215 • Tel (781) 326-1787 • Fax (781) 326-02  3

SERVING THE COMMUNITIES OF:

A  N, BELLINGHAM, BRAINTREE, BROOKLINE, CANTON, COHASSET, DEDHAM, DOVER, FOXBOROUGH, FRANKLIN, HOLBROOK, MEDFIELD,
MEDWAY, MILLIS, MILT  N, NEEDHAM, NORFOLK, NORWOOD, PLAINVILLE, QUINCY, RANDOLPH, SHARON, STOUGHTON, WALPOLE, WELLESLEY, WESTWOOD, WEYMOUTH, V   THAM



*The Commonwealth of Massachusetts*

*County of Norfolk*

SHERIFF'S DEPARTMENT
Division of Civil Process



Michael G. Bellotti
*Sheriff*

Jef r  J. Nourse
*irector*

### SUSPEND

Afterward, on April 11, 2002, I deposited a true and attested copy of this execution, with so much of my return endorsed thereon as relates to said levy, at the Norfolk County Registry of Deeds.

Afterward, on April 11, 2002, I gave notice of the seizure in the manner required by law to the debtor(s).

Afterward, on April 11, 2002, upon request of the Judgment Creditor, I suspended further action on this levy and returned the original execution to the Attorney for the Plaintiff.

Maureen A. Roche
**Maureen A. Roche**
**Deputy Sheriff**

| Fees: | |
|---|---|
| **Service** | **12.00** |
| **Travel** | **5.00** |
| **Prepare** | **10.00** |
| **Demand** | **5.00** |
| **Postage & handling** | **4.75** |
| **Copy** | **8.00** |
| **Registry fee** | **30.50** |
| **TOTAL** | **$75.25** |

SERVING THE COMMUNITIES OF:

A  N, BELLINGHAM, BRAINTREE, BROOKLINE, CANTON, COHASSET, DEDHAM, DOVER, FOXBOROUGH, FRANKLIN, HOLBROOK, MEDFIELD,
MEDWAY, MILLIS, MIL   A, NEEDHAM, NORFOLK, NORWOOD, PLAINVILLE, QUINCY, RANDOLPH, SHARON, STOUGHTON, WALPOLE, WELLESLEY, WESTWOOD, WEYMOUTH, W   HAM